UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: ) | Chapter 11 | |
| ) | | |
| THE KRYSTAL COMPANY, ) | Case No. 20-61065 | |
| ) | | |
| Debtor. ) | (Joint Administration Requested) | |
| ) | | |
| Tax I.D. No. 62-0264140 ) | | |
| ) | | |
| In re: ) | Chapter 11 | |
| ) | | |
| KRYSTAL HOLDINGS, INC., ) | Case No. 20-61067 | |
| ) | | |
| Debtor. ) | (Joint Administration Requested) | |
| ) | | |
| Tax I.D. No. 58-2325381 ) | | |
| ) | | |
| In re: ) | Chapter 11 | |
| ) | | |
| K-SQUARE ACQUISITION CO., LLC, ) | Case No. 20-61068 | |
| ) | | |
| Debtor. ) | (Joint Administration Requested) | |
| ) | | |
| Tax I.D. No. 45-4698916 ) | | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) DIRECTING
JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES
AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this *Emergency Motion for an Entry of an Order (I) Directing Joint Administration of Related Chapter 11 Cases and (II) Granting Related Relief* (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The basis for the relief requested herein are sections 105(a), 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1015(b) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Procedure C of *Amended and Restated General Order 26-2019, Procedures for Complex Chapter 11 Cases*, dated November 4, 2019 (the "Complex Case Procedures").

## BACKGROUND

3. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Court"). The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been appointed in any of these cases.

4. The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Jonathan M. Tibus in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed on the Petition Date and incorporated herein by reference.

2

## RELIEF REQUESTED

5. The Debtors request that the Court order procedural consolidation and joint administration of their related chapter 11 cases. The Debtors also request that the Court maintain one file and one docket for all of the jointly-administered cases under the case of The Krystal Company and that the Court administer these chapter 11 cases under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

6. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket of each Debtor's case to reflect the joint administration of these cases:

> An Order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the chapter 11 cases of: The Krystal Company, Case No. 20-61065; Krystal Holdings, Inc., Case No. 20-61067, and K-Square Acquisition Co., LLC, Case No. 20-61068. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 20-61065.**

3

7. Finally, the Debtors seek authority to file the monthly operating reports required by the U.S. Trustee Operating Guidelines on a consolidated basis. This will further administrative economy and efficiency without prejudice to any party in interest.

## BASIS FOR RELIEF REQUESTED

8. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, the Court is authorized to grant the requested relief.

9. Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. The Debtors intend to file with the Court numerous motions and applications, including the various motions and applications which have been filed on the first day of these cases. Joint administration for procedural purposes of these cases will avoid unnecessary delay and expense by obviating the need for the Debtors to file duplicative motions and applications and for the Court to enter duplicative orders in each of these chapter 11 cases. Joint administration will also avoid the burdensome necessity of duplicating notices to numerous creditors. Finally, supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee for the Northern District of Georgia will be simplified by joint administration of the cases.

10. The rights of the respective creditors will not be adversely affected by joint administration of these cases because the relief sought in this Motion is purely procedural and is in no way intended to affect substantive rights.

11. Joint administration of interrelated chapter 11 cases is routinely approved by bankruptcy courts in this jurisdiction under similar circumstances and generally is non-controversial. *See, e.g., In re Jack Cooper Ventures, Inc.*, Case No. 19-62393 (PWB) (Bankr. N.D. Ga. Aug. 8, 2019) [Docket No. 57]; *In re Atlantis Plastics, Inc.*, Case No. 08-75473 (PWB) (Bankr. N.D. Ga. Aug. 12, 2018) [Docket No. 37]; *In re Beaulieu Grp., LLC*, Case No. 17-41677 (PWB) (Bankr. N.D. Ga. July 19, 2017) [Docket No. 33]; *In re Southern Regional Health System, Inc.*, Case No. 15-64266 (WLH) (Bankr. N.D. Ga. Aug. 6, 2015) [Docket No. 36].[1]

## EMERGENCY CONSIDERATION

12. The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." Here, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture. Accordingly, the Debtors

---

[1] Because of the voluminous nature of the orders cited herein, these orders are not attached to the motion. Copies of these orders are available upon request from the Debtors' proposed counsel.

5

submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## NOTICE

13.  Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Northern District of Georgia; (b) the Debtors' thirty (30) largest unsecured creditors; (c) counsel to the administrative agent for the Debtors' prepetition credit facilities; (d) the Internal Revenue Service; (e) the Georgia Department of Revenue; (f) the Attorney General for the State of Georgia; (g) the United States Attorney for the Northern District of Georgia; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## NO PRIOR REQUEST

14.  No prior request for the relief sought in the motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors request this Court enter an order, substantially in the form of **Exhibit A**, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

[*Remainder of Page Intentionally Blank*]

Date: January 19, 2020
Atlanta, Georgia

Respectfully submitted,

KING & SPALDING LLP

*/s/ Sarah R. Borders*
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Proposed Counsel for the Debtors in Possession*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, | ) | Case No. 20-61065 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 62-0264140 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| KRYSTAL HOLDINGS, INC., | ) | Case No. 20-61067 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 58-2325381 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| K-SQUARE ACQUISITION CO., LLC, | ) | Case No. 20-61068 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-4698916 | ) | |

# ORDER (I) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

This matter is before the Court on the *Emergency Motion for Entry of an Order (I) Directing Joint Administration of Related Chapter 11 Cases and (II) Granting Related Relief* (the "Motion") [Docket No. ___] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

The Court has considered the Motion, the First Day Declaration, and the matters reflected in the record of the hearing held on the Motion on January __, 2020. It appears that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §1408; and it appearing that the relief requested is in the best interests of the Debtors, the Debtors' estates, their creditors, and other parties in interest, and that good cause has been shown therefor; IT IS HEREBY ORDERED:

1. The Motion is granted to the extent set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 20-61065.

3. The caption of the jointly administered cases should read as follows:

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry substantially similar to the following notation be entered on the docket of each Debtor's case to reflect the joint administration of these cases:

> An Order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the chapter 11 cases of: The Krystal Company, Case No. 20-61065; Krystal Holdings, Inc., Case No. 20-61067; and K-Square Acquisition Co., LLC, Case No. 20-61068. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 20-61065.**

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Northern District of Georgia shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7. The Debtors are authorized to file the monthly operating reports required by the U.S. Trustee Operating Guidelines on a consolidated basis.

2

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

11. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

12. Counsel for the Debtors is directed to serve a copy of this Order on the parties that received service of the Motion within three (3) days of the entry of this Order and to file a certificate of service with the Clerk of Court.

[END OF ORDER]

Prepared and presented by:

*/s/ Sarah R. Borders*
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Proposed Counsel for the Debtors in Possession*