**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 |
| | ) | |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING
THE DEBTORS TO PREPARE A CONSOLIDATED LIST OF CREDITORS IN LIEU
OF SUBMITTING A FORMATTED MAILING MATRIX, FILE A CONSOLIDATED
LIST OF THE 30 LARGEST UNSECURED CREDITORS, AND REDACT CERTAIN
PERSONAL IDENTIFICATION INFORMATION FOR INDIVIDUAL CREDITORS; (II)
APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE
COMMENCEMENT OF THESE CHAPTER 11 CASES AND OTHER INFORMATION;
AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this *Emergency Motion for Entry of an Order (I) Authorizing the Debtors to Prepare a*

*Consolidated List of Creditors In Lieu of Submitting a Formatted Mailing Matrix, File a*

*Consolidated List of the 30 Largest Unsecured Creditors, and Redact Certain Personal*

*Identification Information for Individual Creditors; (II) Approving the Form and Manner of*

*Notifying the Creditors of the Commencement of These Chapter 11 Cases and Other*

*Information; and (III) Granting Related Relief* (the "Motion").  In support of this Motion, the

Debtors respectfully represent as follows:

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc.
(5381); and K-Square Acquisition Co., LLC (8916).  The location of the Debtors' corporate
headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia
30346.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2.      The bases for the relief requested herein are sections 105(a), 521, 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1007 and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Procedure C of *Amended and Restated General Order 26-2019, Procedures for Complex Chapter 11 Cases*, dated November 4, 2019 (the "Complex Case Procedures").

## BACKGROUND

3.      On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Court").  The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and no official committee has yet been established in these cases.

4.      The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Jonathan M. Tibus in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed on the Petition Date and incorporated herein by reference.

## RELIEF REQUESTED

5.      By this Motion, the Debtors seek entry of an order substantially in the form attached hereto as **Exhibit A** (i) authorizing the Debtors to prepare a consolidated list of creditors (the "Creditor Matrix") in lieu of submitting a separate mailing matrix for each Debtor, to file a consolidated list of the Debtors' thirty (30) largest unsecured creditors, excluding insiders, and to redact certain personal identification information for individual creditors from the creditor matrix, (ii) approving the form and manner of notice of commencement of these chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code, and (iii) granting related relief.

## BASIS FOR RELIEF REQUESTED

**A.      The Court Should Authorize the Debtors to Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix and to Redact Certain Personal Identification Information for Individual Creditors from the Creditor Matrix.**

6.      Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H . . . ." Fed. R. Bank. P. 1007(a)(1).

7.      The Debtors have sought joint administration and designation of the cases as complex chapter 11 cases.  Permitting the Debtors to maintain a consolidated list of their creditors in electronic format only, in lieu of filing a separate creditor matrix for each Debtor, is warranted under the circumstances of these cases.  Because the Debtors have over 5,000 potential creditors and other parties in interest, converting the Debtors' computerized information to a format compatible with the matrix requirements would be a burdensome task and would increase the risk of error.

3

8.      The Debtors, working together with the Kurtzman Carson Consultants LLC, the Debtors' proposed claims and noticing agent (the "Noticing Agent"), already have prepared a single, consolidated list of the Debtors' creditors in electronic format.  The Debtors are prepared to make that list available in electronic form to any party in interest who so requests (or in non-electronic form at such requesting party's sole cost and expense) in lieu of submitting a separate mailing matrix for each Debtor to the Court's clerk's office.  Accordingly, the Debtors respectfully request authority to prepare and maintain a consolidated list of their creditors in electronic format only.

8.      Courts in this and other jurisdictions have granted similar relief.  *See, e.g., In re Jack Cooper Ventures Inc., et al.,* Case No. 19-62393 (PWB) (Bankr. N.D. Ga. Aug. 9, 2019) [Docket No. 75] (authorizing the debtors to prepare a list of creditors in lieu of submitting a formatted mailing matrix); *In re Payless Holdings, LLC*, Case No. 19-40883 (KAS) (Bankr. E.D. Mo. Feb. 22, 2019) [Docket No. 193] (same); *In re Mission Coal*, Case No. 18-04177 (TOM) (Bankr. N.D. Ala. Oct. 16, 2018) [Docket No. 72] (same); *In re Cenveo, Inc*., Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 6, 2018) [Docket No. 47] (same); *In re Oconee Regional Health Systems*, Case No. 17-51005 (AEC) (Bankr. M.D. Ga. May 17, 2017) [Docket No. 54] (same); *In re BCBG Max Azria Glob. Holdings, LLC*, Case No. 17-10466 (SCC) (Bankr. S.D.N.Y. Mar. 3, 2017) (same); *In re Avaya Inc*., No. 17-10089 (SMB) (Bankr. S.D.N.Y. Feb. 10, 2017) (same).

9.      Additionally, section 107 of the Bankruptcy Code provides that this Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . .[a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the

Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).  Cause exists to authorize the Debtors to redact address information of individual creditors—many of whom are employees—of the Debtors to the extent they appear on the Creditor Matrix because such information could be used to perpetrate identity theft.  If requested, the Debtors will provide an unredacted version of the creditor matrix to the United States Trustee for the Northern District of Georgia, counsel to any official committee of unsecured creditors appointed in these chapter 11 cases, and the Court.

**B.      The Court Should Authorize the Debtors to File a Single Consolidated Top 30 List.**

10.      Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders . . . ."  Fed. R. Bank. P. 1007(d).  The list of 20 largest unsecured claims is used to facilitate the appointment of a creditors' committee by the U.S. Trustee.  *See In Re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986) ("The purpose of the separate list of 20 largest creditors required by [Bankruptcy Rule 1007(d)] is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(1).").  If joint administration is sought in a chapter 11 case designated as a complex case, Procedure C(2) of the Complex Case Procedures permits multiple debtors to file one consolidated list of creditors, rather than file a separate list for each individual debtor.

11.      The Debtors request authority to file a single consolidated list of their 30 largest general unsecured creditors (the "Consolidated Top 30 List").  A large number of creditors may be shared amongst the Debtors.  Furthermore, the Consolidated Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service.  If a creditors' committee

is ultimately deemed appropriate, the Consolidated Top 30 List will be sufficient to aid the U.S. Trustee's appointment of a creditors' committee. Although they reserve the right to do so in the future, for purposes of this Motion, the Debtors are not requesting authority to file consolidated schedules of assets and liabilities and statements of financial affairs or to substantively consolidate the Debtors.

12.     Courts in this and other jurisdictions have approved relief similar to the relief requested in this Motion with respect to authorizing debtors to file a single consolidated lists of the debtors' largest unsecured creditors *See, e.g.*, *In re Jack Cooper Ventures Inc., et al.,* Case No. 19-62393 (PWB) (Bankr. N.D. Ga. Aug. 9, 2019) [Docket No. 75]; *In re Payless Holdings, LLC*, Case No. 19-40883 (KAS) (Bankr. E.D. Mo. Feb. 22, 2019) [Docket No. 193] (authorizing the debtors to file a single consolidated list of the 50 largest unsecured creditors of the debtors); *In re Mission Coal*, Case No. 18-04177 (TOM) (Bankr. N.D. Ala. Oct. 16, 2018) [Docket No. 72] (same); *In re 21st Century Oncology Holdings, Inc.*, Case No. 17-22770 (RDD) (Bankr. S.D.N.Y. May 26, 2017) [Docket No. 33] (same); *In re Ignite Restaurant Group, Inc., et al.,* Case No. 17-33550 (DRJ) (Bankr. S.D. Tex. June 7, 2017) [Docket No. 67] (same).

**C.    The Court Should Approve the Proposed Procedures for the Service of Notice of Commencement and the Meeting of Creditors.**

13.     Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the [Bankruptcy] Code." Fed. R. Bank. P. 2002(a)(1).  Bankruptcy Rule 2002 further provides that notice of the order for relief shall be sent by mail to all creditors and shareholders.  Fed. R. Bank. P. 2002(d) and (f).

14.     The Debtors propose that the Noticing Agent undertake all mailings directed by the Court, the U.S. Trustee, or as required by section 342(a) of the Bankruptcy Code and Bankruptcy Rule 2002(a) and (f), including the notice of commencement of these chapter 11 cases, substantially in the form attached hereto as **Exhibit 1** to **Exhibit A** (the "Notice of Commencement"), on all parties entitled to notice of commencement of the cases to advise them of the commencement of these chapter 11 cases and to provide important case information, including notice of the Debtors' meeting of creditors under section 341 of the Bankruptcy Code (the "Meeting of Creditors").

15.     The Noticing Agent's assistance with the mailing and preparation of creditor lists and notices will ease administrative burdens that otherwise would fall upon the Court and the U.S. Trustee.

16.     Accordingly, the Debtors submit that the proposed maintenance of an electronic list of creditors by the Noticing Agent, the filing of the Consolidated Top 30 List, and the authority to mail the Notice of Commencement is appropriate under the facts and circumstances present here, and consistent with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the Northern District of Georgia, and the Complex Case Procedures.

<u>**NOTICE**</u>

17.     Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Northern District of Georgia; (b) the Debtors' thirty (30) largest unsecured creditors; (c) counsel to the administrative agent for the Debtors' prepetition credit facilities; (d) the Internal Revenue Service; (e) the Georgia Department of Revenue; (f) the Attorney General

for the State of Georgia; (g) the United States Attorney for the Northern District of Georgia; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## **NO PRIOR REQUEST**

18.    No prior request for the relief sought in the motion has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, the Debtors request this Court enter an order, substantially in the form of **Exhibit A**, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Blank]*

Date:  January 19, 2020
       Atlanta, Georgia

Respectfully submitted,

KING & SPALDING LLP


*/s/ Sarah R. Borders*
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Proposed Counsel for the Debtors in
Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) AUTHORIZING THE DEBTORS TO PREPARE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A FORMATTED MAILING MATRIX, FILE A CONSOLIDATED LIST OF THE 30 LARGEST UNSECURED CREDITORS, AND REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION FOR INDIVIDUAL CREDITORS; (II) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THESE CHAPTER 11 CASES AND OTHER INFORMATION; AND (III) GRANTING RELATED RELIEF**

This matter is before the Court on the *Emergency Motion for Entry of an Order (I)*

*Authorizing the Debtors to Prepare a Consolidated List of Creditors In Lieu of Submitting a*

*Formatted Mailing Matrix, File a Consolidated List of the 30 Largest Unsecured Creditors, and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

*Redact Certain Personal Identification Information for Individual Creditors; (II) Approving the Form and Manner of Notifying the Creditors of the Commencement of These Chapter 11 Cases and Other Information; and (III) Granting Related Relief* (the "Motion") [Docket No. __] of the above-captioned debtors and debtors in possession (collectively, the "Debtors").  All capitalized terms used but not defined herein shall have the meanings given them in the Motion.

The Court has considered the Motion, the First Day Declaration, and the matters reflected in the record of the hearing held on the Motion on January __, 2020.  It appears that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and that good cause has been shown therefor; IT IS HEREBY ORDERED:

1.      The Motion is granted to the extent set forth herein.

2.      The requirement that each Debtor submit a separate mailing matrix and a separate list of its 20 largest general unsecured creditors is waived.

3.      In lieu of submitting a formatted mailing matrix, the Debtors shall make available a single, consolidated list of all of the Debtors' creditors in electronic form to any entity who so requests and in non-electronic form at such requesting entity's sole cost and expense.

4.      The Debtors are authorized to redact address information of individual creditors listed on the Creditor Matrix; provided, however, the Debtors shall provide, upon request, an unredacted version of the Creditor Matrix to the U.S. Trustee for the Northern District of

Georgia, any official committee of unsecured creditors appointed in these chapter 11 cases, and this Court.

5.      The Debtors are authorized to file a Consolidated Top 30 List.

6.      The Debtors are authorized to serve the Notice of Commencement, substantially in the form attached hereto as **Exhibit 1**, to all parties in interest in accordance with Bankruptcy Rule 2002.  Service of the Notice of Commencement shall be deemed adequate and sufficient notice of the commencement of these chapter 11 cases.

7.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

8.      Counsel for the Debtors is directed to serve a copy of this Order on all the parties that received service of the Motion within three (3) days of the entry of this Order and the file a certificate of service with the Clerk of Court.


[END OF ORDER]

Prepared and presented by:

*/s/ Sarah R. Borders*
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Proposed Counsel for the Debtors in Possession*

**<u>Exhibit 1</u>**

**Proposed Notice of Commencement**

**Information to identify the case:**

| | | | | |
|---|---|---|---|---|
| Debtor | The Krystal Company | | EIN | 62-0264140 |
| | Name | | | |

United States Bankruptcy Court for the Northern District of Georgia

Date case filed for chapter 11: **January 19, 2020**

Case number:   20-61065

Official Form 309F (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case

12/17

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

In addition such documents can be viewed and/or obtained from Kurtzman Carson Consultants LLC at http://www.kccllc.net/krystal or by calling (888) 249-2792 (toll free for U.S. or Canadian-based parties) or (310) 751-2607 (for International parties).

<u>**The staff of the bankruptcy clerk's office cannot give legal advice.**</u>

**Do not file this notice with any proof of claim or other filing in the case.**

| 1. | **Debtors' Full Names** | **Case Numbers** | **Tax I.D. Numbers** |
|---|---|---|---|
| | The Krystal Company | 20-61065 | 62-0264140 |
| | Krystal Holdings, Inc. | 20-61067 | 58-2325381 |
| | K-Square Acquisition Co., LLC | 20-61068 | 45-4698916 |
| 2. | **All other names used in the last 8 years** | N/A | |
| 3. | **Address** | 1455 Lincoln Parkway Suite 600 Dunwoody, Georgia 30346 | |

Debtor  The Krystal Company _____         Case Number (*if known*) 20-61065

| 4. | **Debtors' attorney** | KING & SPALDING LLP<br>Leia Clement Shermohammed<br>1180 Peachtree Street NE<br>Atlanta, Georgia  30309<br>Contact Phone: (404) 572-4600<br>Contact Email: LShermohammed@kslaw.com |
|---|---|---|
| 5. | **Bankruptcy clerk's office** | Hours Open: Monday − Friday 8:00 AM − 4:00 PM<br>Contact Phone: (404) 215-1000<br><br>Documents in this case may be filed at this address.<br><br>Clerk of the United States Bankruptcy Court<br>75 Ted Turner Drive, SW<br>Atlanta, Georgia  30303<br><br>You may inspect all records filed in<br>this case at this office or online at www.pacer.gov. |
| 6. | **Meeting of creditors**<br>*The Debtors' representative must attend the meeting to be questioned under oath*. Creditors may attend, but are not required to do so. The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Date: _____<br>Location:      Richard B. Russell Federal Building<br>United States Courthouse<br>75 Ted Turner Drive, SW<br>Atlanta, Georgia  30303<br>Room _____<br><br>Time: _____ |
| 7. | **Proof of claim deadline** | **Deadline for filing proof of claim:**      Not yet set.  If deadline is set, the court will send you another notice<br><br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be filed either electronically or as a paper document. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br><br>Your claim will be allowed in the amount scheduled unless:<br><br>▪ your claim is designated as *disputed*, *contingent*, or *unliquidated;*<br>▪ you file a proof of claim in a different amount;  or<br>▪ you receive another notice.<br><br>If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.<br><br>You may review the schedules at the Bankruptcy Clerk's office or online at www.pacer.gov.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| 8. | **Exception to discharge Deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for filing the complaint**: _____ |
| 9. | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |

Debtor  The Krystal Company                                    Case Number (*if known*) 20-61065

| 10. | **Filing a Chapter 11 bankruptcy case** | Bankruptcy cases under Chapter 11 of the Bankruptcy Code have been filed in this court by the Debtors listed on the first page, and orders for relief have been entered.  Chapter 11 allows the Debtors to reorganize or liquidate according to a plan. A plan is not effective unless confirmed by the court. You may receive a copy of a plan and a disclosure statement telling you about a plan, and you might have the opportunity to vote on a plan. You will receive notice of the date of a confirmation hearing, and you may object to confirmation of a plan and attend a confirmation hearing. Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate any business. |
|-----|-----|-----|
| 11. | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the Bankruptcy Clerk's Office by the  deadline. |