UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) EXTENDING TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this *Emergency Motion for Entry of an Order (I) Extending Time to File Schedules and Statements of Financial Affairs and (II) Granting Related Relief* (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

35881543.v2

2. The bases for the relief requested herein are sections 105(a), 521, 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1007(c), 6003, and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Court"). The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request has been made for the appointment of a trustee or examiner, and no official committee has yet been established in these cases.

4. A description of the Debtors' business and the reasons for filing these chapter 11 cases are set forth in the *Declaration of Jonathan M. Tibus in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed on the Petition Date and incorporated by reference as if fully set forth herein.

## RELIEF REQUESTED

5. By this Motion, the Debtors seek entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (I) extending the deadline by which the Debtors must file their schedule of assets and liabilities, schedule of current income and expenditures, schedule of executory contracts and unexpired leases, and statement of financial affairs (collectively, the "Schedules and Statements") by 30 days, for a total of 44 days from the

Petition Date, without prejudice to the Debtors' ability to request additional extensions for cause shown and (II) granting related relief.

**BASIS FOR RELIEF**

6. Bankruptcy Rule 1007(c) permits extensions, for cause, of the time for filing Schedules and Statements. The Debtors submit that in view of the amount and type of information that must be assembled and compiled, ample cause exists for the requested extension.

7. To prepare the Schedules and Statements, the Debtors must gather information from books, records, and documents relating to a multitude of transactions. Consequently, collection of the necessary information requires the expenditure of substantial time and effort on the part of the Debtors' already over-burdened employees. The Debtors submit that the efforts of their employees during the initial stages of these cases are critical and need to be focused on attending to the Debtors' business and maximizing the value of the Debtors' estates.

8. Given the size and complexity of the Debtors' business and financial affairs and the critical matters that the Debtors' management and professionals were required to address prior to the Petition Date, the Debtors were not in a position to complete the Schedules and Statements as of the Petition Date.

9. For these reasons, the Debtors believe that they will be unable to compile all the information necessary for the preparation and filing of the Schedules and Statements within fourteen days after the entry of the order for relief, as required by Bankruptcy Rule 1007(c). The Debtors' employees will begin working diligently to assemble and collate the necessary information. The Debtors anticipate that they will need a minimum of thirty (30) additional days

beyond those otherwise prescribed by the Bankruptcy Rules in order to prepare and file their Schedules and Statements in the appropriate format.

10. Further, courts in this District have granted similar relief to that requested herein in a number of cases. *See, e.g., In re Jack Cooper Ventures, Inc.,* Case No. 19-62393 (PWB) (Bankr. N.D. Ga. Aug. 8, 2019) [Docket No. 59]; *In re Integrity Brands, LLC*, Case No. 19-55832 (PWB) (Bankr. N.D. Ga. Apr. 30, 2019) [Docket No. 27]; *In re Beaulieu Grp., LLC*, Case No. 17-41677 (PWB) (Bankr. N.D. Ga. July 20, 2017) [Docket No. 43]; *In re AstroTurf, LLC*, Case No. 16-41504 (PWB) (Bankr. N.D. Ga. June 29, 2016) [Docket No. 27]; *In re Atlantis Plastics*, Case No. 08-75473 (PWB) (Bankr. N.D.. Ga. Aug. 12, 2008) [Docket No. 38].[2]

11. Moreover, the relief requested in this Motion will not prejudice any party in interest. The Debtors intend to work cooperatively with the U.S. Trustee and any other necessary parties in these chapter 11 cases to provide access to relevant information regarding the business and the financial affairs of the Debtors.

## NOTICE

12. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Northern District of Georgia; (b) the Debtors' thirty (30) largest unsecured creditors; (c) counsel to the administrative agent for the Debtors' prepetition credit facilities; (d) the Internal Revenue Service; (e) the Georgia Department of Revenue; (f) the Attorney General for the State of Georgia; (g) the United States Attorney for the Northern District of Georgia; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## **NO PRIOR REQUEST**

13. No prior request for the relief sought in the motion has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, the Debtors request this Court enter an order, substantially in the form of **Exhibit A**, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Blank]*

Date: January 19, 2020
   Atlanta, Georgia

Respectfully submitted,

KING & SPALDING LLP

*/s/ Sarah R. Borders*
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Proposed Counsel for the Debtors in Possession*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) EXTENDING TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS AND (II) GRANTING RELATED RELIEF**

This matter is before the Court on the *Emergency Motion for Entry of an Order (I) Extending Time to File Schedules and Statements of Financial Affairs and (II) Granting Related Relief* (the "Motion") [Docket No. __] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). All capitalized terms used but not defined herein shall have the meanings given them in the Motion.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

The Court has considered the Motion, the First Day Declaration, and the matters reflected in the record of the hearing held on the Motion on January 22, 2020. It appears that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §1408; and it appearing that the relief requested is in the best interests of the Debtors, the Debtors' estates, their creditors, and other parties in interest, and that good cause has been shown therefor; IT IS HEREBY ORDERED:

1. The Motion is granted to the extent set forth herein.

2. The time within which the Debtors must file the Schedules and Statements is extended for an additional thirty (30) days (for a total of forty-four (44) days after the Petition Date), without prejudice to the Debtors' rights to seek an additional extension upon cause shown therefor.

3. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

6. Counsel for the Debtors is directed to serve a copy of this Order on all the parties that received service of the Motion within three (3) days of the entry of this Order and the file a certificate of service with the Clerk of Court.

[END OF ORDER]

Prepared and presented by:

/s/ *Sarah R. Borders*
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Proposed Counsel for the Debtors in Possession*