**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 |
| | ) | |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL**
**ORDERS (I) AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION TAXES**
**AND RELATED OBLIGATIONS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this *Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Pay Certain Prepetition Taxes and Related Obligations and (II) Granting Related Relief* (this "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

2.      The bases for the relief requested herein are sections 105(a), 363(b)(1), 507(a)(8), 541(d), 1107, and 1008 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.      On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Court").  The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and no official committee has yet been established in these cases.

4.      The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Jonathan M. Tibus in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed on the Petition Date and incorporated herein by reference.

### The Debtors' Taxes

5.      In connection with the normal operations of their business, the Debtors incur an assortment of Taxes (as defined below) and various business license, permit, and other fees (collectively, the "Fees") payable to various federal, state, and local taxing and regulatory authorities (collectively, the "Taxing Authorities"), including, but not limited to, those Taxing

Authorities listed on **Exhibit A** attached hereto.[2]   These Taxes and Fees include, without limitation, the following:

### A.      Sales and Use Taxes

6.      The Debtors incur state and local sales taxes in connection with the sale of various products and services to their customers (the "Sales Taxes").  The Debtors collect and remit or otherwise pay the Sales Taxes as needed to the applicable Taxing Authorities.  The Debtors also incur use taxes on account of the purchase of various inventory, raw materials, supplies or other goods used in the Debtors' business (the "Use Taxes," together with the Sales Taxes, the "Sales and Use Taxes").  The Use Taxes typically arise pursuant to purchases the Debtors make from out-of-state vendors that do not collect state sales tax that would have been charged on the purchase of such goods if the purchase had occurred within the state where the vendor is located. The Debtors estimate that they owe approximately $2,786,000 in accrued and unpaid Sales and Use Taxes as of the Petition Date.

### B.      Franchise Taxes

7.      The Debtors pay income, franchise, net worth and similar taxes (the "Franchise Taxes," together with the Sales and Use Taxes, the "Taxes") to various Taxing Authorities to maintain the right to operate their business in the applicable taxing jurisdiction.  Franchise Taxes vary by jurisdiction and may be based on a flat fee, net operating income, gross receipts or capital employed.  Certain states impose personal liability on officers of entities that fail to pay Franchise Taxes.  In addition, certain jurisdictions will refuse to qualify a company to do

---

[2]   Inclusion of a Taxing Authority on **Exhibit A** does not constitute an acknowledgement by the Debtors that the Debtors owe any obligation to such authority or that such authority will be paid pursuant to any order entered on this Motion.

business in such state or issue certificates of good standing or other documents necessary to do business in such jurisdiction if Franchise Taxes have not been paid.  The Debtors estimate that they owe approximately $10,000 in accrued and unpaid Franchise Taxes as of the Petition Date.

**C.    Business Licenses, Permits, and Other Fees**

8.    Many Taxing Authorities require the payment of Fees for the right to conduct business within their jurisdictions.  Those charges may include fees for business licenses, annual reports, permits and health and fire inspections.  These Fees are computed in a variety of ways but are generally flat rate fees of $15,000 or less, which are paid on a monthly, quarterly or annual basis, depending on the requirements of the particular jurisdiction.  The Debtors pay hundreds of these Fees per year to different state and local Taxing Authorities and are frequently required to obtain licenses and permits in any given jurisdiction in which the Debtors conduct business.  The Debtors estimate that they owe approximately $20,000 in accrued and unpaid Fees as of the Petition Date.

**RELIEF REQUESTED**

9.    By this Motion, the Debtors seek entry of (i) an interim order substantially in the form attached hereto as **Exhibit B** (the "Interim Order"), authorizing the Debtors to pay prepetition Taxes and Fees owed to the Taxing Authorities in an amount not to exceed $1,606,000 and scheduling a final hearing (the "Final Hearing"); and (ii) a final order substantially in the form attached hereto as **Exhibit C** (the "Final Order").

10.    In addition, to the extent any check issued or electronic transfer initiated prior to the Petition Date to satisfy any prepetition obligation on account of Taxes or Fees has not cleared the banks as of the Petition Date, the Debtors request the Court to authorize the banks, when

requested by the Debtors, in their sole discretion, to receive, process, honor and pay such checks or electronic transfers, provided that there are sufficient funds available in the applicable accounts to make such payments. The Debtors also seek authorization to issue replacement checks or to provide for other means of payment to the Taxing Authorities, to the extent necessary to pay such outstanding Taxes or Fees owing for period prior to the Petition Date, as well as those Taxes and Fees subsequently determined upon audit to be owed for periods prior to the Petition Date.

## BASIS FOR RELIEF REQUESTED

**A.    The Court Should Authorize the Debtors' Payment of Taxes and Fees**

11.    There are a number of bases for granting the relief requested in this Motion, including: (a) certain Taxes are not property of the estates; (b) governmental entities might sue the Debtors' directors and officers for certain unpaid Taxes, distracting them unnecessarily from the Debtors' efforts in these chapter 11 cases; (c) portions of the Taxes and Fees may be entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code; and (d) section 105 of the Bankruptcy Code and the Court's general equitable powers permit the Court to grant the relief sought.

12.    Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (a)(2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d).

13.    Certain of the Taxes may constitute so-called "trust fund" taxes to be collected from third parties and held in trust for payment to the Taxing Authorities. *See, e.g.*, *EBS Pension LLC v. Edison Bros. Stores, Inc. (In re Edison Bros., Inc.)*, 243 B.R. 231, 235 (Bankr. D. Del. 2000) (noting that property held in trust, whether constructively or expressly, does not become part of the estate when the debtor files its bankruptcy petition); *see also Shank v. Washington State Dep't of Revenue (In re Shank)*, 792 F.2d 829, 830 (9th Cir. 1986) (sales tax required by state law to be collected by sellers for their customers is a trust fund tax); *DeChiaro v. New York State Tax Comm'n*, 760 F.2d 432, 433-34 (2d Cir. 1985) (sales taxes are trust fund taxes); *Rosenow v. Illinois*, 715 F.2d 277, 282 (7th Cir. 1983) (use tax is a trust fund tax); *In re Hilaire*, 135 B.R. 186, 191-92 (D. Mass. 1991) (sales tax is a trust fund tax).  To the extent these "trust fund" taxes are collected, they are not property of the Debtors' estates under section 541(d) of the Bankruptcy Code. *See Begier v. IRS*, 496 U.S. 53, 59 (1990); *see also In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (excise and withholding taxes are trust fund taxes), aff'd, 1987 U.S. Dist. LEXIS 16856 (E.D. Pa. May 12, 1987); *In re Tap, Inc.*, 52 B.R. 271, 278 (Bankr. D. Mass. 1985) (withholding taxes).  The Debtors do not have any equitable interest in these Taxes.   Thus, in an abundance of caution, the Debtors seek authorization to transfer such non-estate funds.

14.    In states that have enacted laws providing that certain of the Taxes constitute trust fund taxes, officers and directors of the collecting debtor entity may be held personally liable for nonpayment of such Taxes. *See, e.g.*, *Conway v. United States*, 647 F.3d 228 (5th Cir. 2011) (holding CEO personally liable for failure to ensure that company paid over to IRS prepetition excise taxes that were withheld from airline passengers).  To the extent any accrued Taxes of the

Debtors were unpaid as of the Petition Date, the Debtors' officers and directors may be subject to lawsuits in such jurisdictions during these chapter 11 cases. Such potential lawsuits would prove extremely distracting for the Debtors, the named officers and directors, and this Court, which might be asked to entertain various motions seeking injunctions with respect to the potential state court actions. Thus, it is in the best interests of the Debtors' estates to eliminate the possibility of the foregoing distraction.

15.    It is also likely that a portion of all of the Taxes and Fees are entitled to priority payment status pursuant to section 507(a)(8) of the Bankruptcy Code. *See* 11 U.S.C. § 507(a)(8)(A) (taxes measured on gross income); *id.* § 507(a)(8)(C) (debtor's liability in connection with "trust fund" taxes); *id.* § 507(a)(8)(E) (excise taxes). Under any chapter 11 plan, these priority Taxes and Fees must be paid in full and in regular cash installments over a five (5) year period from the date of the order for relief. *See id.* § 1129(a)(9)(C)(i)-(ii). Additionally, such Taxes and Fees must be paid in the order of priority no less favorable than the treatment given to the most favored general unsecured claims. *See id.* § 1129(a)(9)(C)(iii). Finally, any chapter 11 plan must provide the same treatment for those Taxes and Fees that constitute secured claims that, were it unsecured, would have been priority tax claims under section 507(a)(8) of the Bankruptcy Code. *See id.* § 1129(a)(9)(D). Thus, in most cases, the payment of the Taxes and Fees that are entitled to such priority in the ordinary course of the Debtors' business only affects the timing of the payment and does not prejudice the rights of other creditors of the Debtors.

16.    Finally, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See* 11 U.S.C. § 105(a). Courts in this District routinely approve relief similar to

that requested herein.  *See, e.g., In re Jack Cooper Ventures, Inc.*, No. 19-62393 (PWB) (Bankr. N.D. Ga. Sept. 3, 2019) [Docket No. 216]; *In re Beaulieu Grp.*, LLC, No. 17-41677 (PWB) (Bankr. N.D. Ga. July 20, 2017) [Docket No. 45]; *In re AstroTurf, LLC*, No. 16-41504 (PWB) (Bankr. N.D. Ga. June 29, 2016); [Docket No. 26]; *Miller Auto Parts & Supply Co., Inc.*, No. 14-68113 (MGD) (Bankr. N.D. Ga. Sept. 18, 2014) [Docket No. 23]; *In re Ace Hardware & Building Center, Inc.*, No. 12-24428 (REB) (Bankr. N.D. Ga. Jan. 15, 2013) [Docket No. 41]; *In re Cagle's, Inc.*, No. 11-80202 (JB) (Bankr. N.D. Ga. Oct. 20, 2011) [Docket No. 29]; *In re Currahee Partners, LLC*, No. 09-73838 (WHL) (Bankr. N.D. Ga. Oct. 22, 2009) [Docket No. 152].[3]

**B.    Cause Exists to Authorize and Direct the Debtors' Financial Institutions to Honor Checks and Electronic Fund Transfers**

17.    The Debtors further request that the Debtors' banks be authorized, when requested by the Debtors, in their sole discretion, to process, honor and pay any and all checks or electronic fund transfers drawn on the Debtors' bank accounts to pay all prepetition Taxes and Fees, whether those checks or electronic fund transfers were presented prior to or after the Petition Date, and to make other transfers, provided that sufficient funds are available in the applicable account to make such payments.  The Debtors represent that each of these checks and transfers can be readily identified as relating directly to the authorized payment of prepetition Taxes and Fees.  Accordingly, checks and transfers, other than those relating to authorized payments, will not be honored inadvertently.

---

[3]    Because of the voluminous nature of the order cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

18.     Nothing in this Motion should be construed as impairing the Debtors' rights to contest the amount of any Tax or Fee that may be claimed by any Taxing Authority, and the Debtors expressly reserve all of their rights with respect thereto.

19.     Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors and should be granted in all respects.

## EMERGENCY CONSIDERATION

20.     The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  Here, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## WAIVER OF ANY APPLICABLE STAY

21.     The Debtors seek a waiver of any stay of the effectiveness of the order granting this Motion.  Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the

order, unless the court orders otherwise." The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable.

## **NOTICE**

22.     Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Northern District of Georgia; (b) the Debtors' thirty (30) largest unsecured creditors; (c) counsel to the administrative agent for the Debtors' prepetition credit facilities; (d) the Internal Revenue Service; (e) the Georgia Department of Revenue; (f) the Attorney General for the State of Georgia; (g) the United States Attorney for the Northern District of Georgia; (h) the state attorneys general for states in which the Debtors conduct business; (i) the Taxing Authorities; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## **NO PRIOR REQUEST**

23.     No prior request for the relief sought in this Motion has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court:

(a)     enter an Interim Order substantially in the form attached hereto as **Exhibit B** granting the relief requested herein on an interim basis;

(b)     enter a Final Order substantially in the form attached hereto as **Exhibit C** granting the relief requested herein on a final basis; and

(c)     grant the Debtors such other and further relief as is just and proper.

[*Remainder of Page Intentionally Blank*]

Date:    January 19, 2020                          Respectfully submitted,
         Atlanta, Georgia

                                                   KING & SPALDING LLP


                                                   _/s/ Sarah R. Borders_____
                                                   Sarah R. Borders
                                                   Georgia Bar No. 610649
                                                   Jeffrey R. Dutson
                                                   Georgia Bar No. 637106
                                                   Leia Clement Shermohammed
                                                   Georgia Bar No. 972711
                                                   **KING & SPALDING LLP**
                                                   1180 Peachtree Street NE
                                                   Atlanta, Georgia 30309
                                                   Telephone: (404) 572-4600
                                                   Email: sborders@kslaw.com
                                                   Email: jdutson@kslaw.com
                                                   Email: lshermohammed@kslaw.com

                                                   *Proposed Counsel for the Debtors in
                                                   Possession*

## **EXHIBIT A**

**Taxing Authorities**

| Type of Tax / Fee | Taxing Authority |
|---|---|
| Sales and Use Tax | ALABAMA DEPT OF REVENUE |
| Business License | ALBANY - DOUGHERTY |
| Sales and Use/Franchise Tax | ARKANSAS DEPT OF FINANCE & ADMINISTRATION |
| Business License | ATLANTA, CITY OF-TAX |
| Business License | ATLANTA, CITY OF-WATERSHED-TAXES |
| Business License | AUGUSTA RICHMOND COUNTY |
| Business License | BALDWIN COUNTY |
| Business License | BALDWIN COUNTY HEALTH DEPT |
| Business License | BARREN RIVER DST HEALTH DEPT |
| Business License | BOWLING GREEN KY, CITY OF - PAYROLL TAXES |
| Business License | BRANDON CITY OF (PRIVILEGE LIC) |
| Business License | BREVARD COUNTY TAX-EPROPERTY |
| Business License | BULLOCH COUNTY HEALTH DEPARTMENT |
| Business License | BUTLER COUNTY PROBATE OFFICE |
| Sales and Use Tax | CA FRANCHISE TAX BOARD |
| Business License | CALHOUN UTILITY, CITY OF |
| Sales and Use Tax | CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION |
| Sales and Use Tax | CALIFORNIA STATE BOARD OF EQUALIZATION |
| Business License | CARTERSVILLE, CITY OF |
| Business License | CHAMBERS COUNTY HEALTH DEPT |
| Business License | CHATHAM COUNTY HEALTH DEPT |
| Business License | CITY OF AUBURN - BUS. LICENSE |
| Business License | CITY OF EAST POINT-SIGN PERMIT |
| Business License | CITY OF FAIRBURN |
| Business License | CITY OF MOULTRIE |
| Business License | CITY OF STONECREST |
| Business License | CLAYTON COUNTY BOARD OF HEALTH |
| Business License | CLAYTON COUNTY FIRE & EMERGENCY SERVICES |
| Business License | COBB COUNTY BUSINESS LICENSE |
| Business License | COLUMBUS DEPARTMENT OF PUBLIC HEALTH |
| Business License | COLUMBUS GEORGIA |
| Sales and Use Tax | COMMONWEALTH OF KY DEPARTMENT OF REVENUE |
| Sales and Use Tax | COMMONWEALTH OF VIRGINIA DEPT OF THE TREASURY |
| Sales and Use Tax | COMPTROLLER OF MARYLAND |

| Business License | CORDELE, CITY OF TAX-EPROPERTY |
|---|---|
| Business License | COVINGTON CITY-GA |
| Business License | CRISP COUNTY HEALTH DEPT |
| Business License | DADE COUNTY HEALTH DEPARTMENT |
| Business License | DALTON, CITY OF |
| Business License | DAYTONA BEACH, CITY OF |
| Business License | DECATUR, CITY OF - BUSINESS LICENSE |
| Business License | DEKALB COUNTY DEPT OF WATERSHED MANAGEMENT |
| Business License | DEKALB COUNTY FINANCE |
| Business License | DEKALB COUNTY REVENUE |
| Business License | DIVISION OF HOTELS & REST |
| Business License | DIVISIONS OF HOTELS & RESTAURANTS |
| Business License | DOUGHERTY COUNTY HEALTH DEPT |
| Business License | DUNWOODY, CITY OF |
| Business License | EAST POINT, CITY OF TAX-EPROPERTY |
| Sales and Use/Franchise Tax | FLORIDA DEPT OF REVENUE |
| Business License | FLOWOOD, CITY OF |
| Business License | FOLEY, CITY OF |
| Business License | FULTON CO TAX-EPROPERTY |
| Business License | FULTON COUNTY HEALTH DEPT |
| Business License | FULTON COUNTY PUBLIC WORKS |
| Business License | GARDENDALE, CITY OF |
| Sales and Use Tax | GEORGIA DEPT OF REVENUE |
| Business License | GLYNN COUNTY HEALTH DEPARTMENT |
| Business License | GREENVILLE CITY OF |
| Business License | GRIFFIN, CITY OF |
| Business License | GWINNETT COUNTY ENVIRONMENTAL HEALTH |
| Business License | HATTIESBURG, CITY OF |
| Business License | HILLSBOROUGH COUNTY, TAX |
| Business License | HOOVER, CITY OF |
| Business License | HOUSTON COUNTY HEALTH DEPT |
| Business License | HOUSTON COUNTY PROBATE OFFICE |
| Business License | HUNTSVILLE, CITY OF |
| Business License | JACKSON, CITY OF-BUSINESS LICENSE |
| Business License | JACKSONVILLE, CITY OF |
| Business License | JACKSONVILLE, CITY OF-FIRE INSP |
| Business License | JEFFERSON COUNTY - BUS LICENSE |
| Business License | JEFFERSON COUNTY GREASE CONTROL |
| Business License | JOE G TEDDER, TAX COLLECTOR |
| Sales and Use Tax | KENTUCKY DEPT OF REVENUE |

2

| Business License | KENTUCKY STATE TREASURER |
| Business License | LAUDERDALE COUNTY |
| Business License | LAUDERDALE COUNTY HEALTH DEPT |
| Business License | LEE COUNTY PROBATE JUDGE OFFICE |
| Business License | LEESBURG, CITY OF |
| Sales and Use/Franchise Tax | LOUISIANA DEPT OF REVENUE |
| Business License | LOWNDES COUNTY HEALTH DEPT |
| Business License | MADISON COUNTY HEALTH DEPARTMENT |
| Business License | MADISON, CITY OF |
| Business License | MARIETTA, CITY OF |
| Business License | MAXWELL,SHARON |
| Business License | METROPOLITAN GOV'T OF NASH |
| Sales and Use/Franchise Tax | MISSISSIPPI DEPARTMENT OF REVENUE |
| Business License | MOBILE COUNTY HEALTH DEPT |
| Business License | MOBILE COUNTY-LICENSE COMMISSIONER |
| Business License | MOBILE, CITY OF REVENUE DEPT |
| Business License | MONTGOMERY, CITY OF-BUS LICENSE |
| Business License | MUSCLE SHOALS, CITY OF |
| Business License | NEWTON COUNTY |
| Business License | NEWTON COUNTY HEALTH DEPARTMENT |
| Business License | NORTH AUGUSTA SC, CITY OF-LICENSE |
| Sales and Use/Franchise Tax | NORTH CAROLINA DEPT OF REVENUE |
| Business License | OCALA, CITY OF-LICENSE |
| Business License | ORANGE COUNTY TAX-EPROPERTY |
| Business License | OSCEOLA COUNTY TAX-EPROPERTY |
| Business License | PANAMA CITY, CITY OF - SLS TAX |
| Business License | PASCAGOULA, CITY OF - PRIV LIC |
| Business License | PEACHTREE CORNERS, CITY OF-BUS LIC |
| Business License | PEARL, CITY OF |
| Business License | PENSACOLA, CITY OF |
| Business License | PERRY CITY TAX-EPROPERTY |
| Business License | POLK COUNTY HEALTH DEPARTMENT |
| Business License | POOLER CITY OF |
| Business License | PROTEC FIRE SYSTEMS INC |
| Business License | REED L STEVEN |
| Business License | RICHMOND COUNTY HEALTH DEPARTMENT |
| Business License | RIDGELAND, CITY OF |
| Business License | RINGGOLD, CITY OF |
| Business License | RIVERDALE, CITY OF - OCC TAX |

| | |
|---|---|
| Business License | ROBERTSDALE LICENSE INSPECTOR |
| Business License | ROCKDALE COUNTY |
| Business License | ROME, CITY OF |
| Business License | RURAL/METRO FIRE DEPT |
| Business License | SAVANNAH CITY REVENUE-EPROPERTY |
| Business License | SEMINOLE COUNTY TAX-EPROPERTY |
| Business License | SOUTH CAROLINA DEPT OF HEALTH |
| Sales and Use Tax | SOUTH CAROLINA DEPT OF REVENUE |
| Business License | SPALDING COUNTY ENVIRONMENTAL |
| Business License | ST JOHNS COUNTY |
| Sales and Use/Franchise Tax | STATE OF FLORIDA - DEPARTMENT OF REVENUE |
| Sales and Use/Franchise Tax | STATE OF LOUISIANA |
| Business License | STATE OF TENNESSEE |
| Business License | STATESBORO, CITY OF-EPROPERTY |
| Business License | TAMPA, CITY OF-BUSINESS TAX DIVISION |
| Sales and Use/Franchise Tax | TENNESSEE DEPT OF REVENUE |
| Business License | TENNESSEE, STATE |
| Business License | TENNESSEE, STATE OF |
| Sales and Use Tax | TEXAS COMPTROLLER OF PUBLIC ACCOUNTS |
| Business License | TIFT COUNTY HEALTH DEPT |
| Business License | TIFTON, CITY OF-BUSINESS TAX OFFICE |
| Business License | TITUSVILLE, CITY OF |
| Business License | TRENTON CITY-EPROPERTY |
| Business License | TUSCALOOSA CO HEALTH DEPT |
| Business License | TUSCALOOSA COUNTY |
| Business License | TUSCALOOSA, CITY OF-BUS LICENSE |
| Business License | TUSCALOOSA, CITY OF-SALES TAX |
| Business License | VALDOSTA, CITY OF |
| Sales and Use Tax | VIRGINIA DEPARTMENT OF TAXATION |
| Business License | WARNER ROBINS CITY-EPROPERTY |
| Business License | WEST MEMPHIS, CITY OF-SALES TAX |
| Business License | WHITFIELD COUNTY HEALTH DEPT |

# EXHIBIT B

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**INTERIM ORDER AUTHORIZING THE DEBTORS TO PAY CERTAIN
PREPETITION TAXES AND RELATED OBLIGATIONS
<u>AND GRANTING RELATED RELIEF</u>**

This matter is before the Court on the *Emergency Motion for Entry of Interim and Final*

*Orders (I) Authorizing Debtors to Pay Certain Prepetition Taxes and Related Obligations and*

*(II) Granting Related Relief* (the "<u>Motion</u>") [Docket No. __] of the above-captioned debtors and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916).  The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

debtors in possession (collectively, the "Debtors").  All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

The Court has considered the Motion, the First Day Declaration, and the matters reflected in the record of the hearing held on the Motion on January 22, 2020.  It appears that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and that good cause has been shown therefor; IT IS HEREBY ORDERED:

1.      The Motion is granted to the extent set forth herein.

2.      The Debtors are authorized, but not directed, in their sole discretion, to pay and remit to the Taxing Authorities the Taxes and Fees (including sales, use, and other taxes necessary to operate their business) incurred or collected by the Debtors and due and owing in the ordinary course of business in an amount not to exceed $1,606,000, pending entry of the Final Order.

3.      The banks and other financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein (a) are authorized and directed to receive, process, honor, and pay all checks presented for payment and related to such Taxes, provided that sufficient funds are available in the Debtors' bank accounts to cover such payments; and (b) shall rely on the representations of the Debtors as to which checks or electronic transfers are issued and authorized to be paid pursuant to this Order.

The banks and financial institutions subject to this Order shall have no duty of further inquiry or liability to any party for relying on the directions or instructions of the Debtors as provided for herein.

4.      Nothing herein shall impair the Debtors' ability to contest the amount or validity of the Taxes owing to the Taxing Authorities.

5.      The Debtors are authorized to reissue any check, electronic payment, or otherwise that was drawn in payment of any prepetition amount that is not cleared by a depository.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.      Notwithstanding anything to the contrary in this Order, any payment made (or to be made) and any authorization contained in this Order shall be subject to the terms, conditions, limitations, and requirements of the *Interim and Final Orders (1) Authorizing the Debtors to Use Cash Collateral, (2) Granting Adequate Protection to Lenders, (3) Modifying the Automatic Stay, (4) Setting a Final Hearing, and (5) Granting Related Relief* (collectively, the "Cash Collateral Order"), and to the extent there is any inconsistency between the terms of the Cash Collateral Order and any action taken or proposed to be taken under this Order, the terms of the Cash Collateral Order (together with any approved budget (including any permitted variances) in connection therewith) shall control.

8.      The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

9.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. A final hearing (the "<u>Final Hearing</u>") upon the Motion shall be held on _____, 2020 at _____.m.  Any party that objects to the relief sought in the Motion must file a written objection to the Motion and serve a copy of the objection on proposed counsel of the Debtors so that the objection is received at least seven (7) days before the Final Hearing.

11. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

12. Counsel for the Debtors is directed to serve a copy of this Order on the parties who received service of the Motion within three (3) days of the entry of this Order and to file a certificate of service with the Clerk of the Court.

[END OF ORDER]

Prepared and presented by:

*/s/ Sarah R. Borders*

Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Proposed Counsel for the Debtors in Possession*

**<u>Exhibit C</u>**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FINAL ORDER AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION**
**TAXES AND RELATED OBLIGATIONS AND GRANTING RELATED RELIEF**

This matter is before the Court on the *Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Pay Certain Prepetition Taxes and Related Obligations and (II) Granting Related Relief* (the "Motion") [Docket No. __] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

The Court entered an order granting the Motion on an interim basis on _____, 2020. The Court has considered the Motion, the First Day Declaration, and the matters reflected in the record of the hearings held on the Motion on January 22, 2020 and _____, 2020.  It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that proper and adequate notice of the Motion has been given; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1.      The Motion is granted on a final basis to the extent set forth herein.

2.      The Debtors are authorized, but not directed, to pay and remit to the Taxing Authorities the Taxes and Fees (including sales, use, and other taxes necessary to operate their business) incurred or collected by the Debtors and due and owing in the ordinary course of business.

3.      The banks and other financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein (a) are authorized and directed to receive, process, honor, and pay all checks presented for payment and related to such Taxes, provided that sufficient funds are available in the Debtors' bank accounts to cover such payments; and (b) shall rely on the representations of the Debtors as to which checks or electronic transfers are issued and authorized to be paid pursuant to this Order. The banks and financial institutions subject to this Order shall have no duty of further inquiry or liability to any party for relying on the directions or instructions of the Debtors as provided for herein.

4.      Nothing herein shall impair the Debtors' ability to contest the amount or validity of the Taxes owing to the Taxing Authorities.

5.      The Debtors are authorized to reissue any check, electronic payment, or otherwise that was drawn in payment of any prepetition amount that is not cleared by a depository.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.      Notwithstanding anything to the contrary in this Order, any payment made (or to be made) and any authorization contained in this Order shall be subject to the terms, conditions, limitations, and requirements of the *Interim and Final Orders (1) Authorizing the Debtors to Use Cash Collateral, (2) Granting Adequate Protection to Lenders, (3) Modifying the Automatic Stay, (4) Setting a Final Hearing, and (5) Granting Related Relief* (collectively, the "Cash Collateral Order"), and to the extent there is any inconsistency between the terms of the Cash Collateral Order and any action taken or proposed to be taken under this Order, the terms of the Cash Collateral Order (together with any approved budget (including any permitted variances) in connection therewith) shall control.

8.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

10.    Counsel for the Debtors is directed to serve a copy of this Order on the parties who received service of the Motion within three (3) days of the entry of this Order and to file a certificate of service with the Clerk of the Court.

[END OF ORDER]

Prepared and presented by:

*/s/ Sarah R. Borders*
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Proposed Counsel for the Debtors in Possession*