**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 |
| | ) | |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL**
**ORDERS (I) AUTHORIZING AND CONFIRMING VENDOR CREDIT SUPPORT**
**ARRANGEMENT; (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE**
**CLAIMS; AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collective, the "Debtors"), file

this *Emergency Motion for Entry of Interim and Final Orders (I) Authorizing and Confirming*

*Vendor Credit Support Arrangement; (II) Granting Superpriority Administrative Expense*

*Claims; and (III) Granting Related Relief* (the "Motion").  In support of this Motion, the Debtors

respectfully represent as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc.
(5381); and K-Square Acquisition Co., LLC (8916).  The location of the Debtors' corporate
headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia
30346.

2.      The bases for the relief requested herein are sections 105(a), 363, 364(c)(1), 503(b), 1107, and 1108 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 4001(c), 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## PRELIMINARY STATEMENT

3.      The Krystal Company and US Foods, Inc. ("US Foods") are party to a Master Distribution Agreement, dated as of May 13, 2018 (as amended and otherwise modified on or before the date hereof and together with all ancillary documents related thereto, the "Master Distribution Agreement"), pursuant to which US Foods supplies the Debtors with food products necessary for the Debtors' business.  US Foods is the Debtors' largest vendor; pursuant to the Master Distribution Agreement, US Foods delivers and invoices the Debtors for approximately $1,400,000 in goods each week.

4.      As described below, the Debtors and US Foods have reached an agreement (*i.e.*, the Credit Support Arrangement defined and described below) whereby US Foods will extend favorable credit terms to the Debtors in exchange for limited protection and fees.  Importantly, the Credit Support Arrangement will allow the Debtors the ability to maintain sufficient liquidity to fund their operations and expenses during these chapter 11 cases without granting any new liens on its assets and without paying expensive fees and interest that would otherwise be required under a post-petition secured credit facility.

## BACKGROUND

5.      On January 19, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

2

Northern District of Georgia, Atlanta Division (the "Court").  The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and no official committee has yet been established in these cases.

6.     The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Jonathan M. Tibus in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed on the Petition Date and incorporated herein by reference.

## RELIEF REQUESTED

7.     By this Motion, the Debtors seek the entry of interim and final orders: (a) authorizing and approving the Credit Support Arrangement; (b) granting superpriority administrative expense claims; (c) scheduling a final hearing (the "Final Hearing"); and (d) granting related relief.

## TERMS OF THE PROPOSED CREDIT SUPPORT ARRANGEMENT

8.     US Foods is the Debtors' primary food supplier, delivering approximately $1,400,000 in goods to the Debtors each week.  As of the Petition Date, the Debtors owe US Foods between $2,871,147 and $2,981,483, all of which likely constitutes a priority claim under Section 503(b)(9) of the Bankruptcy Code (the "503(b)(9) Claim").

9.      The Master Distribution Agreement permits US Foods to shorten the payment terms afforded to the Debtors.  However, in exchange for the protections and payments below, US Foods has agreed to afford the Debtors' 21-day payment terms on account of post-petition

3

goods delivered under the Master Distribution Agreement and defer payment of its 503(b)(9) Claim (the "Credit Support"). Based on their cash flow projections, the Credit Support provided by US Foods will permit the Debtors to maintain sufficient liquidity to fund their operations and expenses during these chapter 11 cases.

10. In exchange for the Credit Support, the Debtors have agreed to provide US Foods with limited fees and protections pursuant to the following terms and conditions (the "Credit Support Arrangement"):

a. Amount: US Foods shall provide post-petition trade credit to the Debtors such that all payments for goods delivered after the Petition Date shall be due twenty-one days after delivery of such goods; provided, however, that the total amount owed to US Foods on account of post-petition goods shall not exceed $4,500,000.

b. 503(b)(9) Claim. The Debtors request that the final order provide that the 503(b)(9) Claim shall be paid by the Debtors on the earlier of (such date, the "Final Payment Date"): (i) the date of the closing of a sale of substantially all of the Debtors' assets; (ii) the assumption of the Master Distribution Agreement pursuant to Section 365 of the Bankruptcy Code; or (iii) the effective date of a confirmed plan of reorganization.

c. Priority: US Foods shall be granted, pursuant to Section 364(c)(1) of the Bankruptcy Code, allowed superpriority administrative expense claims in these chapter 11 cases, with priority over any and all administrative expense claims and unsecured claims against the Debtors or their estates, on account of goods delivered after the Petition Date.

d. Fees. The Debtors shall pay US Foods a one-time commitment fee in the amount of $100,000, which shall be paid by the Debtors within two business days of the entry of the interim order granting this Motion. Additionally, the Debtors shall pay a monthly credit fee in the amount of $50,000 (the "Monthly Credit Fee"). The initial Monthly Credit Fee shall be paid on the date that is one month after the Petition Date and shall be paid on the same day of each month thereafter until the Final Payment Date. A pro rata portion of the Monthly fee (based on the days elapsed since the prior Monthly Fee) shall be paid on the Final Payment Date.

e. Attorneys' Fees. The Debtors' shall reimburse US Foods for reasonable and documented attorneys' fees incurred in an amount not to exceed $100,000, except

such cap shall not apply to US Foods' attorneys' fees incurred to defend this Motion or enforce any relief granted in connection with this Motion.

11.    These terms are highly favorable to the Debtors, and the fees and protections granted thereunder are extremely limited when compared to traditional post-petition secured credit facilities.  No liens shall be granted in connection with the Credit Support Arrangement. Moreover, the Credit Support Arrangement does not require the Debtors to comply with any milestones, modifications of the automatic stay, or other obligations regarding these chapter 11 cases.

## BASIS FOR RELIEF REQUESTED

12.    This Court has authority to grant the relief requested herein pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.  Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Under section 363(b), courts generally require only that the debtor "show that a sound business purpose" justifies the proposed use of property. *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *See also In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (granting authority to pay prepetition wages); *Armstrong World Indus., Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 398 (S.D.N.Y. 1983) (granting authority to pay prepetition claims of suppliers).  Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).  Further, section 105(a) of the Bankruptcy Code provides, in relevant

part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

13.    The proposed Credit Support Arrangement and the use of the Debtors' property to pay the fees provided therein is justified by a sound business purpose.  Authorization of the Credit Support Arrangement will help ensure that the Debtors have sufficient liquidity to fund the operations and expenses of these chapter 11 cases.

14.    Furthermore, the granting of superpriority administrative expenses claims is appropriate under Section 364(c)(1) of the Bankruptcy Code.  Section 364(c) of the Bankruptcy Code provides, among other things, that if a debtor is unable to obtain unsecured credit allowable as an administrative expense under section 503(b)(1) of the Bankruptcy Code, then the court may authorize the debtor to obtain credit or incur debt (i) with priority over any and all administrative expenses as specified in sections 503(b) or 507(b) of the Bankruptcy Code, (ii) secured by a lien on property of the estate that is not otherwise subject to a lien, or (iii) secured by a junior lien on property of the estate that is subject to a lien.  *See* 11 U.S.C. § 364(c); *see also In re Ames Dep't Stores, Inc.,* 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990) ("[T]he court's discretion under section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or their purpose is not so much to benefit the estates as it is to benefit a party-in-interest.").

15.    Here, the Debtors are seeking to obtain credit support from their primary vendor by affording post-petition claims of the vendor with priority over any and all administrative expenses as specified in sections 503(b) and 507(b) of the Bankruptcy Code.

16.     Courts have articulated a three-part test to determine whether a debtor may obtain credit under section 364(c) of the Bankruptcy Code:

   a.  the debtor is unable to obtain unsecured credit under section 364(b) (*i.e.*, by granting a lender administrative expense priority);

   b.  the credit transaction is necessary to preserve the assets of the estate; and

   c.  the terms of the transaction are fair, reasonable and adequate, given the circumstances of the debtor-borrower and the proposed lender.

*In re Aqua Assocs.*, 123 B.R. 192, 195-96 (Bankr. E.D. Pa. 1991) (applying the above test).; *see also In re Ames Dep't Stores,* 11 B.R. 34, 37-38 (Bankr. S.D.N.Y. 1990).

17.     The Debtors meet each part of this test.  The Debtors' management, with the assistance of their advisors, sought restructuring alternatives and explored various sources of capital and financing as a part of the preparation for these bankruptcy cases but determined that financing was unavailable absent granting superpriority administrative expense claims. Moreover, absent the Credit Support Arrangement, which will help ensure that the Debtors will have sufficient liquidity to administer these chapter 11 cases, the value of the Debtors' estates would be significantly impaired to the detriment of all stakeholders.  Finally, given the Debtors' circumstances, the Debtors believe that the terms of the Credit Support Arrangement are fair, reasonable and adequate in that the terms neither (a) tilt the conduct of these cases and prejudice the powers and rights that the Bankruptcy Code confers for the benefit of all creditors nor (b) prevent motions by parties in interest from being decided on their merits.  The purpose of the Credit Support Arrangement is to enable the Debtors to meet their ongoing operational expenses and allowed administrative bankruptcy expenses, thereby enabling the Debtors to maximize the return available to the Debtors' creditors.

18.     Moreover, after appropriate investigation and analysis and given the exigencies of the circumstances, the Debtors have concluded that the Credit Support Arrangement is the best alternative available in the circumstances of these cases.  Bankruptcy courts routinely defer to the Debtors' business judgment on most business decisions, including the decision to obtain credit.  *See, e.g.*, *Group of Institutional Investors v. Chicago, Mil., St. P., & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943); *In re Simasko Prod. Co.*, 47 B.R. 444, 449 (D. Colo. 1985) ("Business judgments should be left to the board room and not to this Court."); *In re Lifeguard Indus., Inc.*, 37 B.R. 3, 17 (Bankr. S.D. Ohio 1983) (same).  "More exacting scrutiny would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially."  *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985).

19.     In general, a bankruptcy court should defer to a debtor's business judgment regarding the need for and the proposed use of funds, unless such decision is arbitrary and capricious.  *In re Curlew Valley Assocs.*, 14 B.R. 506, 511–13 (Bankr. D. Utah 1981).  Courts generally will not second-guess a debtor's business decisions when those decisions involve "a business judgment made in good faith, upon a reasonable basis, and within the scope of [its] authority under the Code."  *Id*. at 513–14 (footnotes omitted).

20.     The Debtors have exercised sound business judgment in determining that the Credit Support Arrangement is appropriate and have satisfied the legal prerequisites to incur credit under the Bankruptcy Code.  The terms of the arrangement are fair and reasonable, are the result of arms-length negotiations, and are in the best interests of the Debtors' estates.

Accordingly, the Debtors should be granted authority to enter into the Credit Support Arrangement on the administrative superpriority basis described above pursuant to section 364(c)(1) of the Bankruptcy Code.

21.     For the foregoing reasons, the Debtors believe that granting the relief requested herein is appropriate and in the best interests of their estates.

## EMERGENCY CONSIDERATION

22.     The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  Here, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## WAIVER OF ANY APPLICABLE STAY

23.     The Debtors seek a waiver of any stay of the effectiveness of the order granting this Motion.  Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  The Debtors submit that the relief requested in this

Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein.  Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable.

## NOTICE

24.     Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Northern District of Georgia; (b) the Debtors' thirty (30) largest unsecured creditors; (c) counsel to the administrative agent for the Debtors' prepetition credit facilities; (d) the Internal Revenue Service; (e) the Georgia Department of Revenue; (f) the Attorney General for the State of Georgia; (g) the United States Attorney for the Northern District of Georgia; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## NO PRIOR REQUEST

25.     No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court:

(a)     enter an Interim Order substantially in the form attached hereto as **Exhibit A** granting the relief requested herein on an interim basis;

(b)     enter a Final Order substantially in the form attached hereto as **Exhibit B** granting the relief requested herein on a final basis; and

(c)     grant the Debtors such other and further relief as is just and proper.

*[Remainder of Page Intentionally Blank]*

10

Date:   January 20, 2020      Respectfully submitted,
   Atlanta, Georgia

             KING & SPALDING LLP


             */s/ Sarah R. Borders*
             Sarah R. Borders
             Georgia Bar No. 610649
             Jeffrey R. Dutson
             Georgia Bar No. 637106
             Leia Clement Shermohammed
             Georgia Bar No. 972711
             **KING & SPALDING LLP**
             1180 Peachtree Street NE
             Atlanta, Georgia 30309
             Telephone: (404) 572-4600
             Email: sborders@kslaw.com
             Email: jdutson@kslaw.com
             Email: lshermohammed@kslaw.com

             *Proposed Counsel for the Debtors in*
             *Possession*

**<u>Exhibit A</u>**
**Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| ————————————————— | ) | |

**INTERIM ORDER (I) AUTHORIZING AND CONFIRMING VENDOR CREDIT**
**SUPPORT ARRANGEMENT; (II) GRANTING SUPERPRIORITY ADMINISTRATIVE**
**EXPENSE CLAIMS; AND (III) GRANTING RELATED RELIEF**

This matter is before the Court on the *Emergency Motion for Entry of Interim and Final*

*Orders (I) Authorizing and Confirming Vendor Credit Support Arrangement; (II) Granting*

*Superpriority Administrative Expense Claims; and (III) Granting Related Relief* (the "Motion")

[Docket No. __] of the above-captioned debtors and debtors in possession (collectively, the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916).  The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

"Debtors"). All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

The Court has considered the Motion, the First Day Declaration, and the matters reflected in the record of the hearing held on the Motion on January 22, 2020. It appears that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §1408; and it appearing that the relief requested is in the best interests of the Debtors, the Debtors' estates, their creditors, and other parties in interest, and that good cause has been shown therefor; IT IS HEREBY ORDERED:

1.      The Motion is granted to the extent set forth herein on an interim basis and the Credit Support Arrangement is authorized and approved pursuant to the terms of this Interim Order.  All objections and reservation of rights to this Interim Order to the extent not withdrawn, waived, settled or resolved are hereby denied and overruled, and the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

2.      US Foods shall continue to perform its obligations under the Master Distribution Agreement.  Notwithstanding any provision in the Master Distribution Agreement to the contrary, US Foods shall provide post-petition trade credit to the Debtors under the Master Distribution Agreement such that all payments for goods delivered after the Petition Date shall be due twenty-one days after delivery of such goods; provided, however, that the total amount owed to US Foods on account of post-petition goods shall at no point exceed $4,500,000.

2

3.    The Debtors are hereby authorized and directed to pay the one-time commitment fee in the amount of $100,000, which shall be due and payable within two business days after the entry of this Interim Order.

4.    The Debtors are hereby authorized and directed to pay a monthly credit fee in the amount of $50,000 (the "Monthly Credit Fee").  The initial Monthly Credit Fee shall be paid on the date that is one month after the Petition Date and shall be paid on the same day of each month thereafter until the Final Payment Date.  The Debtors are hereby authorized and directed to pay a *pro rata* portion of the Monthly fee (based on the days elapsed since the prior Monthly Fee) on the Final Payment Date.

5.    Upon entry of this Interim Order, US Foods is hereby granted, pursuant to section 364(c)(1) of the Bankruptcy Code, allowed superpriority administrative expense claims in these chapter 11 cases, with priority over any and all administrative expense claims and unsecured claims against the Debtors or their estates, on account of all goods delivered to the Debtors by US Foods under the Master Distribution Agreement after the Petition Date.

6.    The Debtors are hereby authorized and directed to reimburse US Foods for reasonable and documented attorneys' fees incurred in connection with the Credit Support Agreement and approval of the Motion in an amount not to exceed $100,000, except such cap shall not apply to US Foods' attorneys' fees incurred to defend this Motion or enforce any relief granted in connection with this Motion.

7.     The Motion is set for a final hearing (the "Final Hearing") to be held at __:___ [a.m./p.m.] (Eastern time) on _____, 2020, with an objection deadline of 4:00 p.m (Eastern time) on _____, 2020 (the "Objection Deadline").  Any objection to entry of the Final Order shall be filed with this Court, and served upon the respective counsel to the Debtors and US Foods, Inc. on or before the Objection Deadline.

8.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.     The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

10.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

12.     Counsel for the Debtors is directed to serve a copy of this Order on all the parties that received service of the Motion within three (3) days of the entry of this Order and the file a certificate of service with the Clerk of Court.

[END OF ORDER]

Prepared and presented by:

/s/ *Sarah R. Borders* _____
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Proposed Counsel for the Debtors in Possession*

**<u>Exhibit C</u>**

**Final Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FINAL ORDER (I) AUTHORIZING AND CONFIRMING VENDOR CREDIT SUPPORT**
**ARRANGEMENT; (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE**
**CLAIMS; AND (III) GRANTING RELATED RELIEF**

This matter is before the Court on the *Emergency Motion for Entry of Interim and Final*

*Orders (I) Authorizing and Confirming Vendor Credit Support Arrangement; (II) Granting*

*Superpriority Administrative Expense Claims; and (III) Granting Related Relief* (the "Motion")

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

[Docket No. ___] of the above-captioned debtors and debtors in possession (collectively, the

"Debtors").  All capitalized terms used but not defined herein shall have the meanings given to

them in the Motion.  On January ___, 2020 the Court granted the Motion on an interim basis and

scheduled a Final Hearing for _____, 2020.

The Court has considered the Motion, the First Day Declaration, and the matters reflected

in the record of the hearings held on the Motion on January 22, 2020 and _____, 2020.  It

appears that proper and adequate notice of the Motion has been given and that no other or further

notice is necessary; and the Court having found that this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in

this district is proper pursuant to 28 U.S.C. §1408; and it appearing that the relief requested is in

the best interests of the Debtors, the Debtors' estates, their creditors, and other parties in interest,

and that good cause has been shown therefor; IT IS HEREBY ORDERED:

1.      The Motion is granted to the extent set forth herein on a final basis and the Credit

Support Arrangement is authorized and approved.  All objections and reservation of rights to this

Final Order to the extent not withdrawn, waived, settled or resolved are hereby denied and

overruled, and the terms and conditions of this Final Order shall be immediately effective and

enforceable upon its entry.

2.      US Foods shall continue to perform its obligations under the Master Distribution

Agreement.  Notwithstanding any provision in the Master Distribution Agreement to the

contrary, US Foods shall provide post-petition trade credit to the Debtors under the Master

Distribution Agreement such that all payments for goods delivered after the Petition Date shall

2

be due twenty-one days after delivery of such goods; provided, however, that the total amount owed to US Foods on account of post-petition goods shall at no point exceed $4,500,000.

3.      The 503(b)(9) Claim shall be paid by the Debtors on the earlier of (such date, the "Final Payment Date"): (i) the date of the closing of a sale of substantially all of the Debtors' assets; (ii) the assumption of the Master Distribution Agreement pursuant to Section 365 of the Bankruptcy Code; or (iii) the effective date of a confirmed plan of reorganization.

4.      The Debtors are hereby authorized and directed to pay a monthly credit fee in the amount of $50,000 (the "Monthly Credit Fee").  The initial Monthly Credit Fee shall be paid on the date that is one month after the Petition Date and shall be paid on the same day of each month thereafter until the Final Payment Date.  The Debtors are hereby authorized and directed to pay a pro rata portion of the Monthly fee (based on the days elapsed since the prior Monthly Fee) on the Final Payment Date.

5.      US Foods is hereby granted, pursuant to section 364(c)(1) of the Bankruptcy Code, allowed superpriority administrative expense claims in these chapter 11 cases, with priority over any and all administrative expense claims and unsecured claims against the Debtors or their estates, on account of all goods delivered to the Debtors by US Foods under the Master Distribution Agreement after the Petition Date.

6.      The Debtors are hereby authorized and directed to reimburse US Foods for reasonable and documented attorneys' fees incurred in connection with the Credit Support Agreement and approval of the Motion in an amount not to exceed $100,000, except such cap shall not apply to US Foods' attorneys' fees incurred to defend this Motion or enforce any relief granted in connection with this Motion.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

10.      Counsel for the Debtors is directed to serve a copy of this Order on all the parties that received service of the Motion within three (3) days of the entry of this Order and the file a certificate of service with the Clerk of Court.

[END OF ORDER]

Prepared and presented by:

/s/ *Sarah R. Borders* _____
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Proposed Counsel for the Debtors in Possession*