**IT IS ORDERED as set forth below:**



**Date: January 22, 2020**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) AUTHORIZING PAYMENT OF PREPETITION WAGES,
PAYROLL TAXES, CERTAIN EMPLOYEE BENEFITS, AND RELATED EXPENSES;
(II) DIRECTING BANKS TO HONOR RELATED PREPETITION TRANSFERS; AND
(III) GRANTING RELATED RELIEF**

This matter is before the Court on the *Emergency Motion for Entry of an Order (I) Authorizing Payment of Prepetition Wages, Payroll Taxes, Certain Employee Benefits, and Related Expenses; (II) Directing Banks to Honor Related Prepetition Transfers; and (III) Granting Related Relief* (the "Motion") [Docket No. 12] of the above-captioned debtors and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916).  The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

debtors in possession (the "Debtors"). All capitalized terms used but not defined herein shall have the meanings given them in the Motion.

The Court has considered the Motion, the First Day Declaration, and the matters reflected in the record of the hearing held on the Motion on January 22, 2020. It appears that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §1408; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and that good cause has been shown therefore; IT IS HEREBY ORDERED:

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized, but not directed, to pay all Employee Obligations that have accrued by virtue of the services rendered by their Employees prior to the Petition Date. The Employee Obligations that the Debtors are authorized to pay are described in the Motion and include, without limitation, (i) wages, salaries, other compensations and reimbursements; (ii) payroll taxes; (iii) vacation and holiday programs; (iv) qualified 401(k) plan obligations; (v) health and welfare benefits; (vi) life, disability and accident insurance; and (vii) other benefits.

3. The Debtors are authorized, but not directed, to pay the Independent Director Fees and Expenses in the ordinary course of business.

4. The Debtors are authorized, but not directed, to pay any cost or penalty incurred by their Employees in the event that a check issued by the Debtors for payment of the Employee Obligations is inadvertently not honored because of the filing of the Debtors' bankruptcy cases.

5. The Debtors are authorized, but not directed, to make payments to applicable third parties in connection with the Employee Obligations in accordance with the Debtors' ordinary course of business and stated policies, as set forth in the Motion.

6. Subject to the availability of funds, all applicable banks and other financial institutions are directed to receive, process, honor, and pay any and all checks, drafts and transfer requests evidencing Employee Obligations under this Order, regardless of whether they are drawn prior to the Petition Date or subsequent to the Petition Date.

7. Banks and other financial institutions that process, honor, and pay any and all checks on account of Employee Obligations may rely on the representation of the Debtors as to which checks are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

8. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to the Employee Obligations.

9. Neither this Order, nor the Debtors' payment of any amounts authorized by this Order, shall (i) result in any assumption of any executory contract by the Debtors; (ii) result in a commitment to continue any plan, program, or policy of the Debtors; or (iii) impose any administrative, prepetition, or postpetition liabilities upon the Debtors.

10. Nothing in this Order shall be deemed to authorize the payment of any amounts in satisfaction of bonus or severance obligations, including without limitation any obligations subject to section 503(c) of the Bankruptcy Code.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

12. Notwithstanding anything to the contrary in this Order, any payment made (or to be made) and any authorization contained in this Order shall be subject to the terms, conditions, limitations, and requirements of the *Interim and Final Orders (1) Authorizing the Debtors to Use Cash Collateral, (2) Granting Adequate Protection to Lenders, (3) Modifying the Automatic Stay, (4) Setting a Final Hearing, and (5) Granting Related Relief* (collectively, the "Cash Collateral Order"), and to the extent there is any inconsistency between the terms of the Cash Collateral Order and any action taken or proposed to be taken under this Order, the terms of the Cash Collateral Order (together with any approved budget (including any permitted variances) in connection therewith) shall control.

13. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

14. To the extent the fourteen day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

15. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall be immediately effective and enforceable upon entry.

16. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

17. Counsel for the Debtors is directed to serve a copy of this Order on the parties that received service of the Motion within three (3) days of the entry of this Order and to file a certificate of service with the Clerk of Court.

[END OF ORDER]

Prepared and presented by:

/s/ *Sarah R. Borders*
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Proposed Counsel for the Debtors in Possession*