**IT IS ORDERED as set forth below:**



**Date: January 23, 2020**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### INTERIM ORDER (I) AUTHORIZING CONTINUED USE OF PREPETITION BANK ACCOUNTS, CASH MANAGEMENT SYSTEM, FORMS, AND BOOKS AND RECORDS AND (II) GRANTING RELATED RELIEF

This matter is before the Court on the *Emergency Motion for Entry of an Order (I) Authorizing Continued Use of Prepetition Bank Accounts, Cash Management System, Forms, and Books and Records and (II) Granting Related Relief* (the "Motion") [Docket No. 8] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). All capitalized terms used but not defined herein shall have the meanings given them in the Motion.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

The Court has considered the Motion, the First Day Declaration, and the matters reflected in the record of the hearing held on the Motion on January 22, 2020. It appears that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and that good cause has been shown therefor; IT IS HEREBY ORDERED:

1. The Motion is granted to the extent set forth herein on an interim basis.

2. The requirement that the Debtors' prepetition bank accounts be closed and new postpetition bank accounts be opened is waived.

3. The Debtors may maintain and continue to use without change in account style their existing bank accounts.

4. The Debtors may maintain and continue to use their existing Cash Management System; *provided, that,* the Debtors shall continue to maintain detailed records with respect to all transfers of cash so that all transactions may be readily ascertained, traced and recorded properly, which records shall distinguish between prepetition and postpetition transactions.

5. The Debtors are authorized to pay all prepetition Processing Fees and Bank Fees and to continue to pay such Processing Fees and Bank Fees in the ordinary course of business postpetition.

6. The Debtors' Business Forms shall include a stamp to reference the Debtors' status as debtors in possession.

7. The Debtors may use the Debtors' existing books and records with appropriate notations to reflect the filing of the chapter 11 petitions.

8. Banks at which the Debtors have Bank Accounts are authorized to maintain and administer the Debtors' Bank Accounts in accordance with the contracts entered into between the Debtors and such banks before the Petition Date and otherwise in accordance with past practice, and such banks are enjoined from freezing or otherwise impeding the Debtors' Bank Accounts, *provided*, *however*, that such banks shall not honor any checks issued prior to the Petition Date and presented for payment to the banks postpetition or honor any postpetition automatic or pre-authorized debits related to prepetition transactions, unless otherwise authorized to do so by order of this Court.

9. Banks at which the Debtors have Bank Accounts are authorized to debit the Debtors' Bank Accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtors' Bank Accounts which are cashed at such banks' counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in Debtors' Bank Accounts with such banks prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors was responsible for such items prior to the Petition Date; and (iii) all prepetition Bank Fees and Processing Fees outstanding as of the date hereof, if any, owed to such banks and the Credit Card Processor as service charges for the maintenance of the cash management system.

10. Banks at which the Debtors have Bank Accounts may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the

3

Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such banks shall not have any duty of further inquiry or liability to any party for relying on such representations by the Debtors as provided for herein.

11. Existing deposit agreements between the Debtors and banks at which the Debtors have Bank Accounts shall continue to govern the postpetition cash management relationship between the Debtors and such banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect. The Debtors and the banks may, without further order of this Court, agree to and implement changes to the cash management systems and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts.

12. On an interim basis, the Debtors are authorized to deposit funds into the Bank Accounts listed on **Exhibit A** to the Motion in accordance with their established deposit practices in effect as of the commencement of these chapter 11 cases.

13. Nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any existing bank accounts as they may deem necessary and appropriate; provided, however, that any new account shall be with a bank that is insured by the Federal Deposit Insurance Corporation, organized under the laws of the United States or any of the states therein and approved by the U.S. Trustee.

14. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

15. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. A final hearing (the "Final Hearing") upon the Motion shall be held on February 4, 2020 at 10:00 a.m. Any party that objects to the relief sought in the Motion must file a written objection to the Motion and serve a copy of the objection on proposed counsel of the Debtors so that the objection is received at least seven (7) days before the Final Hearing.

17. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

18. Counsel for the Debtors is directed to serve a copy of this Order on the parties that received service of the Motion within three (3) days of the entry of this Order and to file a certificate of service with the Clerk of Court.

[END OF ORDER]

Prepared and presented by:

*/s/ Sarah R. Borders*
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Proposed Counsel for the Debtors in Possession*