IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: | CHAPTER 11 |
| THE KRYSTAL COMPANY, | CASE NO. 20-61065-pwb |
| Debtor. | |

## LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER APPROVING REJECTION OF CERTAIN UNEXPIRED REAL PROPERTY LEASES PURSUANT TO 11 U.S.C. § 365

Creditor Kushner White Associates Limited Partnership, a California limited partnership ("Kushner White") files this limited objection to Debtor's motion for entry of order approving its rejection of certain unexpired real property leases pursuant to 11 U.S.C. § 365 (the "Limited Objection"), as follows:

1.

Debtor filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code on January 19, 2020 (the "Petition Date"). Debtor is operating its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2.

Kushner White and Debtor are parties to a non-residential Lease Agreement dated January 29, 2016 by and between Kushner White, as landlord, and Debtor, as tenant (the "Lease"). The Lease governs the parties' rights and obligations regarding

Debtor's tenancy at 90 Scranton Connector, Brunswick, Glynn County, Georgia 31525 (the "Premises").

3.

The Lease was not terminated prior to the Petition Date.

4.

The Debtor subleased the Premises to Shiva Meladi, LLC, a Georgia limited liability company ("Subtenant") pursuant to the provisions of that certain Sublease dated June 4, 2019, by and between the Debtor, as sublandlord, and Subtenant, as subtenant (the "Sublease").

5.

The Sublease also was not terminated prior to the Petition Date.

6.

Prior to the Petition Date, Kushner White initiated state court litigation against Debtor and Subtenant in that case styled: Kushner White Associates Limited Partnership vs. The Krystal Company and Shiva Meladi, LLC, State Court of Glynn County, Georgia; Civil Action File No. CV20200004 (the "Dispossessory Action"). In the Dispossessory Action, Kushner White sought a monetary judgment against Debtor and a writ of possession for the Premises.

7.

Kushner White does not object to Debtor's rejection of the Lease. But, Kushner White does object to the instant motion to the extent that is Debtor seeks entry of an order that the Lease be deemed rejected *as of the Petition Date* – because Debtor and Subtenant have together remained in possession of the Premises since the Petition Date. Even if Debtor asserts that it vacated, it is indisputable that Subtenant – the party claiming possession under Debtor -- remains in possession of the Premises and that Kushner While must evict Subtenant to re-take possession. Kushner White's possession of the Premises was not restored of the Petition Date, and Kushner White is still having to obtain relief from stay and entry of a writ of possession to re-take the Premises.

8.

The goal of the Debtor is to try to obviate administrative claims by having its leases be deemed rejected as of the Petition Date. But Debtor's request for such treatment is neither equitable not congruent with the facts relating to actual possession of the Premises.

9.

Kushner White requests that any order rejecting the Lease (i) specify that the rejection of the Lease is effective as of the date of entry of the order rejecting the Lease; (ii) provide expressly that Kushner White is not precluded from filing a

motion or application seeking an administrative expense claim relating to Debtor's actual and constructive possession of the Premises between the Petition Date and the date of entry of the rejection order; and (iii) authorize Kushner White relief from stay and grant to Kushner White immediate possession of the Premises without further order of any court.

10.

Kushner White acknowledges that its claims for monetary relief will remain subject to the automatic stay and will need to be handled through the claims processing procedures in this Court.

Submitted respectfully, this 7th day of February 2020.

**KITCHENS KELLEY GAYNES, P.C.**

/s/ David F. Cooper
David F. Cooper
Georgia Bar No. 185326
S. Nathaniel De Veaux
Georgia Bar No. 219796

Glenridge Highlands One – Suite 800
5555 Glenridge Connector
Atlanta, Georgia 30342
(404) 237-4100 telephone
(404) 364-0126 facsimile
dcooper@kkgpc.com email

*Counsel for Creditor Kushner White Associates Limited Partnership*

-4-

## **CERTIFICATE OF SERVICE**

I certify that on the 7th day of February 2020, I electronically filed and served the foregoing **LIMITED OBJECTION TO DEBTORS' MOTION FOR ORDER APPROVING REJECTION OF CERTAIN UNEXPIRED REAL PROPERTY LEASES PURSUANT TO 11 U.S.C. § 365** using the Court's CM/ECF system, which will deliver a copy to the all counsel of record.

I hereby certify that I have mailed by U.S. Postal Service the document to the following participants:

The Krystal Company
1455 Lincoln Parkway
Suite 600
Dunwoody, Georgia 30346

Britney K. Baker
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309

Leia Ashlin Clement Shermohammed
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309

Matthew Levin
Scroggins & Williamson, P.C.
One Riverside, Suite 450
4401 Northside Parkway
Atlanta, Georgia 30327

Office of the U.S. Trustee
362 Richard B Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

Shiva Meladi, LLC
c/o Susan Nunn, **its registered agent**
**500 Gloucester Street**
**Suite 100**
**Brunswick, Glynn County, Georgia, 31520**

This 7th day of February 2020.

/s/ *David F. Cooper*
David F. Cooper, Esq.
Georgia Bar No. 185326
S. Nathaniel De Veaux
Georgia Bar No. 219796
E-mail: dcooper@kkgpc.com
Glenridge Highlands One
Suite 800
5555 Glenridge Connector
Atlanta, Georgia 30342
Telephone: (404) 237-4100
Facsimile: (404) 364-0126
*Attorneys for Landlord –*
*Kushner White Associates Limited*
*Partnership*