

**IT IS ORDERED as set forth below:**

Date: February 10, 2020

_____
Paul W. Bonapfel
U.S. Bankruptcy Court Judge

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 (PWB) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
### OF PIPER SANDLER & CO. AS INVESTMENT BANKER FOR THE DEBTORS
### AND DEBTORS IN POSSESSION EFFECTIVE FROM THE PETITION DATE,
### <u>SUBJECT TO OBJECTION</u>

This matter is before the Court on the *Application for Entry of an Order Authorizing the Employment and Retention of Piper Sandler & Co. as Investment Banker for the Debtors and Debtors in Possession Effective from the Petition Date* (the "<u>Application</u>") [Docket No. 126] of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

the above-captioned debtors and debtors in possession (collectively, the "Debtors"). All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

No hearing is necessary on the Application absent the filing of an objection to it. Pursuant to a certificate of service filed with the Application, the Application has been served on (a) the Office of the United States Trustee for the Northern District of Georgia, as required by Federal Rule of Bankruptcy Procedure 2014; (b) the Debtors' thirty (30) largest unsecured creditors; (c) counsel to the administrative agent for the Debtors' prepetition credit facilities; (d) the Internal Revenue Service; (e) the Georgia Department of Revenue; (f) the Attorney General for the State of Georgia; (g) the United States Attorney for the Northern District of Georgia; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. No further service of the Application is necessary.

The Application and the *Declaration of Teri Stratton in Support of the Application for Entry of an Order Authorizing the Employment and Retention of Piper Sandler & Co. as Investment Banker for the Debtors and Debtors in Possession Effective from the Petition Date* (the "Stratton Declaration") demonstrate preliminarily the Piper Sandler & Co. is disinterested.

Accordingly, it is HEREBY ORDERED THAT:

1. The Application [Docket No. 126] is GRANTED to the extent set forth herein.

2. The Debtors are authorized to employ and retain Piper Sandler as investment banker in these chapter 11 cases, pursuant to the terms and subject to the conditions set forth in the Engagement Letter, effective from the Petition Date.

2

3. Except to the extent set forth herein, the Engagement Letter, including, without limitation, the Fee and Expense Structure, is approved pursuant to section 328(a) of the Bankruptcy Code, and the Debtors are authorized to pay, reimburse, and indemnify Piper Sandler in accordance with the terms and conditions of, and at the times specified in, the Engagement Letter.

4. Piper Sandler shall file applications for allowance of compensation and reimbursement of expenses pursuant to and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules as may then be applicable, and any other applicable orders and procedures of this Court; *provided*, *however*, that notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, any order of this Court, or any other guideline regarding the submission and approval of fee applications, Piper Sandler's professionals shall be required only to keep reasonably detailed summary time records in one-half hour increments, which time records shall indicate the total hours incurred by each professional for each day and provide a brief description of the nature of the work performed.

5. The fees and expenses payable to Piper Sandler pursuant to the Engagement Letter shall be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee, who, for the avoidance of doubt, shall retain all rights to respond or object to Piper Sandler's interim and final applications on all grounds, including, but not limited to, reasonableness pursuant to section 330 of the Bankruptcy Code.

6.      The indemnification, contribution and reimbursement provisions included in the Indemnification Provisions annexed to the Engagement Letter are approved, subject during the pendency of these chapter 11 cases to the following modifications:

    a.    subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify the indemnified persons in accordance with the Engagement Letter for any claim arising from, related to, or in connection with their performance of the services described in the Engagement Letter; *provided, however*, that the indemnified persons shall not be indemnified for any claim arising from services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

    b.    notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person or provide contribution or reimbursement to any person for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from that person's gross negligence or willful misconduct, or (ii) for a contractual dispute in which the Debtors allege breach of Piper Sandler's obligations under the Engagement Letter unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003) or (iii) settled prior to a judicial determination as to sub-clauses (i) or (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order; and

    c.    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Piper Sandler believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Piper Sandler must file an application before this Court and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment; *provided, however*, that for the avoidance of doubt, this subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and

4

expenses for indemnification, contribution, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify Piper Sandler.

7. To the extent that there may be any inconsistency between the terms of the Application, the Stratton Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

8. Any party in interest shall have twenty-one (21) days from the service of this Order to file an objection to the Application and/or the relief provided in this Order.

9. If an objection is timely filed, counsel for the Debtors will set the Application and all such objections for hearing pursuant to the Court's Open Calendar Procedures.

10. If no objection to this Order is timely filed, this Order shall be a final Order approving the Application.

11. The Debtors and Piper Sandler are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

12. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application.

13. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

15. Counsel for the Debtors is directed to serve a copy of this Order on all the parties that received service of the Application within three (3) days of the entry of this Order and to file a certificate of service with the Clerk of Court.

[END OF ORDER]

Prepared and presented by:

/s/ *Sarah R. Borders*
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Proposed Counsel for the Debtors in Possession*