**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| | ) |
| **IN RE:** | )    **Chapter 11** |
| | )    **Case No.: 20-61065-(PWB)** |
| **THE KRYSTAL COMPANY,** *et al.,* | ) |
| | ) |
| **Debtors.** | ) |

### HACHMANN LLC'S LIMITED OBJECTION TO DEBTOR'S FIRST OMNIBUS MOTION FOR ORDER APPROVING REJECTION OF CERTAIN NONRESIDENTIAL LEASES [ECF 13]

Creditor, Hachmann, LLC, a Florida limited liability Company ("Hachmann") files this limited objection to Debtor's First Omnibus Motion for Entry of Order Approving its Rejection of Certain Unexpired Real Property Leases pursuant to 11 U.S.C. § 365 (the "Limited Objection"), as follows:

1. Debtor filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code on January 19, 2020 (the "Petition Date"). Debtor is operating its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. Hachmann and Debtor are parties to a non-residential Lease Agreement dated December 4, 2015 by and between Hachmann, as landlord, and Debtor, as tenant (the "Lease").

The Lease governs the parties' rights and obligations regarding Debtor's tenancy at 11376 So. Orange Blossom Trail, Orlando, FL  32837 (the "Premises").

3.    The Lease was not terminated prior to the Petition Date.

4.    The Debtor subleased the Premises to Pope Shenouda and Ava Hedra, LLC, a Virginia limited liability company ("Subtenant") pursuant to the provisions of that certain Sublease dated July 19, 2018, by and between the Debtor, (sublandlord), and Subtenant, as such (the "Sublease").

5.    The Sublease also was not terminated prior to the Petition Date.

6.    Prior to the Petition Date, the Debtor failed to pay Hachmann the December, 2019 rent and January, 2020 though upon belief the Debtor did receive rent for those months from the Subtenant.  The Debtor has also not paid the February, 2020 rent.

7.    Hachmann does not object to Debtor's rejection of the Lease, but,  Hachmann does object to the instant motion to the extent that the Debtor seeks entry of an order that the Lease be deemed rejected *as of Petition date* because: A) Debtor and Subtenant have together remained in possession of the Premises since the Petition date, and; B) it is confirmed  that the Subtenant, the party claiming possession under Debtor, remains in possession of the Premises, and that Hachmann must now enforce its rights under the Lease and Sublease as noted in the sublease provisions.  Hachmann is still having to obtain relief from stay to enforce the Lease and Sublease and/or resolve Lease issues with the Subtenant.

8.    Further the Debtor's collection of December, 2019 and January, 2020 rent from the Subtenant and failing to remit the rent under the Lease is inequitable and an intentional act harming Hachmann.

9.      The apparent goal of the Debtor is to try to avoid administrative claims by having its leases be deemed rejected as of the Petition Date.    However, Debtor's request for such treatment is neither equitable nor congruent with the above facts and the actual possession of the Premises.

10.      Counsel for Hachmann reached out to Debtor's counsel two times prior to filing this Objection (phone and correspondence) to attempt to discuss the matter and concerns, but was unsuccessful.

11.      Hachmann requests that any order rejecting the Lease

(i)      specify that the rejection of the Lease is effective as of the date of entry of the order rejecting the Leases;

(ii)      specify that Hachmann is not precluded from filing a motion or application seeking an administrative expense claim relating to Debtor's actual and constructive possession of the Premises between the Petition Date and the date of entry of the rejection order;

(iii)      apply any security deposit to unpaid rent and other charges due Hachmann;

(iv)      grant Hachmann relief from stay to immediately enforce it's rights under state law and contract rights pursuant to the Lease and Sublease including but not limited to collection of rent from the Subtenant as provided for by the Sublease and the right to immediate recovery of control of the Premises without further order of any court.

12.      Hachmann acknowledges that its claim for breach of lease damages and monetary relief related thereto are not as yet determined and remain subject to the automatic stay to be handled through the claims process other than any unpaid post-petition rent.

Respectfully submitted this 11th day of February, 2020.

Quintairos, Prieto, Wood & Boyer, P.A.
Attorneys for **HACHMANN, LLC**

By: _____/s/  C. Brent Wardrop_____
C. BRENT WARDROP
Georgia Bar No. 553733

10902 Crabapple Road
Roswell, GA, 30075
(770) 850-8737 telephone
(770) 850-8797 facsimile
brent.wardrop@qpwblaw.com
*Counsel for Hachmann, LLC, a Florida limited liability company*

## CERTIFICATE OF SERVICE

I certify that on the 11th day of February 2020, I electronically filed and served the foregoing **LIMITED OBJECTION TO DEBTORS' MOTION  FOR ORDER APPROVING REJECTION OF CERTAIN UNEXPIRED REAL PROPERTY LEASES PURSUANT TO 11 U.S.C. § 365** using the Court's CM/ECF system, which will deliver a copy to the all counsel of record.

I hereby certify that I have mailed by U.S. Postal Service the document to the following participants:

The Krystal Company
1455 Lincoln Parkway
Suite 600
Dunwoody, Georgia 30346

Britney K. Baker
King & Spalding LLP
1180 Peachtree Street, NE Atlanta, Georgia 30309

Leia Ashlin Clement Shermohammed
King & Spalding LLP
1180 Peachtree Street, NE Atlanta, Georgia 30309

Matthew Levin Scroggins & Williamson, P.C. One Riverside, Suite 450

4401 Northside Parkway

Atlanta, Georgia 30327

Office of the U.S. Trustee

362 Richard B. Russell Bldg.

75 Ted Turner Drive, SW

Atlanta, Georgia 30303

Pope Shenouda and Ava Hedra, LLC

2952 Carrickton Circle

Orlando, FL  32824

**This 11th day of February, 2020.**

Quintairos, Prieto, Wood & Boyer, P.A.
Attorneys for **HACHMANN, LLC**

By:  _____/s/  C. Brent Wardrop_____
C. BRENT WARDROP
Georgia Bar No. 553733
10933 Crabapple Road
Roswell, GA, 30075
(770) 850-8737 telephone
(770) 850-8797 facsimile
brent.wardrop@qpwblaw.com
*Counsel for Hachmann, LLC,*
*a Florida limited liability company*