# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-61065-pwb |
| THE KRYSTAL COMPANY, et al., ) | |
| ) | Chapter 11 |
| Debtors. ) | |
| ) | Judge Paul W. Bonapfel |
| ) | |

### TINDELL PROPERTIES, LLC'S LIMITED OBJECTION TO DEBTOR'S FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE REJECTION OF CERTAIN UNEXPIRED LEASES AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF

COMES NOW, Tindell Properties, LLC, a Florida limited liability company ("Tindell") and files this limited objection to *Debtor's First Omnibus Motion for Entry of an Order (I) Authorizing and Approving the Rejection of Certain Unexpired Leases as of the Petition Date and (II) Granting Related Relief* (the "Rejection Motion") pursuant to 11 U.S.C. § 365 (the "Limited Objection"), as follows:

1. Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on January 19, 2020 (the "Petition Date"). Debtor is operating its business as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. Tindell and Debtor are parties to a non-residential lease agreement dated August 1, 2013 by and between Tindell, as landlord, and Debtor, as tenant (the "Lease"), regarding that certain real property located at 3108 1st Street, Bradenton, Florida 34208 (the "Premises").

3. The lease was not terminated prior to the Petition Date.

4. Debtor subleased the Premises to Bradenton 1st Street, Inc, a Florida corporation (the "Subtenant") pursuant to the provisions of a sublease between Debtor (as sublandlord) and Subtenant dated January 2, 2019 (the "Sublease")

5. The Sublease was also not terminated prior to the Petition Date.

6. Prior to the Petition Date, Debtor failed to pay Tindell rent payments due for December 2019 and January 2020. Debtor has also not paid the February 2020 rent payment to Tindell.

7. Tindell does not object to Debtor's rejection of the Lease. However, Tindell objects to the Rejection Motion to the extent Debtor seeks entry of an order that the Lease be deemed rejected as of the Petition Date. Debtor has remained entitled to possession of the Premises since the Petition Date; Debtor's Subtenant remains in possession of the Premises; and Tindell is prevented from enforcing its rights under the Lease by the automatic stay. Until Tindell is authorized to retake possession, and until the Lease is rejected, Debtor should be obligated to pay rent to Tindell.

## ARGUMENT

8. Through the Rejection Motion, Debtor seeks to reject the Lease pursuant to 11 U.S.C. § 365, and requests that such rejection be effective as of the Petition Date. Tindell files this Limited Objection to contest the retroactive rejection of the Lease nunc pro tunc to the Petition Date.

9. Bankruptcy section 365(a) provides that a debtor in possession, "subject to the court's approval, may … reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

10. "The majority of courts faced with this issue have held that the effective date of rejection is the date of the bankruptcy court's order approving rejection, and that court approval is a condition precedent to effective rejection." *In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995). *See, e.g. In re Arizona Appetito's Stores, Inc.*, 893 F.2d 216, 219 (9th Cir. 1990) ("[U]nder section 365(a), rejection of an unexpired lease can be accomplished only by an order of a bankruptcy court."); *In re Fleming Companies, Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) ("Normally, the effective date of a rejection is a date the Order is entered."); *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003); *In re Federated Department Stores,* 131 B.R. 808, 814-15 (S.D. Ohio 1991) ("[T]he effective date of rejection for purposes of 11 U.S.C. § 365(d) was the date of the bankruptcy court's order approving the rejection[.]"); *In re 1 Potato 2, Inc.*, 182 B.R. 540, 542 (Bankr. D. Minn. 1995) ("[R]ejection of a lease is only effective upon court approval."); *In re Tobago Bay Trading Company*, 142 B.R. 528, 532 (Bankr. N.D. Ga. 1991) ("Section 365 is designed in part to ensure greater factual certainty as to the date of rejection of a lease."); *In re Worths Stores Corp.*, 130 B.R. 531, 534 (Bankr. E.D. Mo. 1991) ("The necessary clarity and finality to which all parties are entitled are best embodied within an order from the Court.") "The minority view is that rejection is effective when the landlord receives unequivocal notice of the debtor's intent to reject, and that rejection may occur prior to issuance of the order approving rejection." *In re Jamesway Corp.*, 179 B.R. at 37.

11. There are cases, however, that authorize retroactive rejection to a time before bankruptcy court approval is obtained; so-called *nunc pro tunc* relief. *See, e.g., In re Thinking Machines Corp.*, 67 F.3d 1021, 1025 (1st Cir. 1995); *In re CCI Wireless, LLC (Stonebriar Mall Ltd. Partnership v. CCI Wireless, LLC)*, 297 B.R. 133, 140 (D. Colo. 2003) ("[B]ecause section 365(d)(3) does not, as a matter of law, prohibit selection of a retroactive date for rejection, the

bankruptcy court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject.").

12. Cases authorizing *nunc pro tunc* relief have characterized such relief in terms of a "case-by-case" determination available only in "exceptional circumstances." *See, e.g.*, *In re Fleming Companies, Inc., supra,* 304 B.R. at 96 ("Rejection has been allowed nunc pro tunc to the date the Motion is filed or the premises is surrendered, whichever is later, **only in certain circumstances**." [Emphasis added]); *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) ("The court emphasizes that in most cases a lease will be considered rejected as of the date of entry of the order approving the rejection, and **only in exceptional circumstances** … will the court adopt a retroactive date." [Emphasis added.])

13. Contrary to the suggestion of Debtor's Rejection Motion, an Order granting retroactive rejection is therefore not a remedy that should be given as a matter of course. Indeed, Debtor has the burden of establishing its entitlement to such extraordinary relief. *TW, Inc. v. Angelastro (In re TW, Inc.)*, 2004 U.S. Dist. LEXIS 671, *5, 2004 WL 115521 (D. Del. 2004).

14. Debtor argues that, because courts in this District have previously granted the relief requested in their motion, relief should similarly be given in this case. In support of that proposition, Debtor cites *Duke Realty Ltd. Partnership v. N. Metro Mill Work Distributors (In re Manis Lumber Co.)*, 430 B.R. 269 (Bankr. N.D. Ga. 2009), and provides two bankruptcy case numbers and dates without citing specific court orders.[1] The Court in *Manis Lumber* noted that

---

[1] Tindell assumes that the dates provided by Debtor refer to a date that an Order was entered by the Court granting the relief described in Debtor's motion. The order entered on October 8, 2019 in *In re Capital Restaurant Group, LLC*, No. 19-65910-WLH (Bankr. N.D. Ga. Oct. 8, 2019) [Docket No. 21] is only an Order granting that Debtor's Motion for Expedited hearing on Emergency Motion to reject certain commercial real property leases and franchise agreements Nunc Pro Tunc. Two (2) orders were entered on September 13, 2019 in *In re Jack Cooper Vantures, Inc.*, No. 19-62393-PWB (Bankr. N.D. Ga. Sept. 13, 2019). Assuming that Debtor refers to the second Order [Docket No. 278], the Court did allow that Debtor to reject the lease at issue, but did not authorize the Debtor to do so *nunc pro tunc*. The motion filed by Debtor in that case [Docket No. 271], who Tindell notes is the same attorney who filed the instant motion, also did not seek retroactive relief for the rejection.

"[t]wo considerations properly inform the Court's exercise of its discretion with regard to the effective date of rejection." *In re Manis Lumber Co.*, 430 B.R. at 279. "Of **primary importance is the protection that § 365(d)(3) provides for the interest of the landlord in receiving postpetition rent at the contract rate until it effectively has possession and control of the premises so that it can begin the reletting premises**." [Emphasis added]. *Id.*, citing *Pacific Shores Development, LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1070–71 (9th Cir.2004) ("[C]ourts generally focus on whether the parties have facilitated or hindered the prompt return of the leased premises to the landlord when deciding whether to approve the rejection of a lease retroactive to an earlier date."). The Court further stated that "**[o]nce the landlord's possessory interest is protected**, the Court properly gives consideration to the principle that limits allowance of administrative expenses to those necessarily incurred in the bankruptcy process." *Id.* [Emphasis added.]

15. Debtor's reliance on *Manis Lumber* is misplaced based on the facts at hand. Because of the existence of the Sublease, even after rejection, Tindell will be unable to re-let the Premises immediately to a new tenant.[2] The Court's threshold concern in *Manis Lumber* therefore goes unfulfilled, as Tindell's possessory interest as a landlord is not protected. While the Bankruptcy Code and cases such as *Manis Lumber* grant the Court the use of its equitable powers under 11 U.S.C. §§ 105 and 365(d) in instances such as these to allow the rejection of non-residential leases *nunc pro tunc*, it would be inequitable to allow Debtor to reject the Lease in a retroactive manner in this instance. Debtor has failed to demonstrate its entitlement to such relief, as its request fails to address the primary concern of the Court under 11 U.S.C. § 365(d)(3): *i.e.,*

---

[2] This is not a situation in which a debtor is in possession of leased space and will move out upon rejection, but rather Tindell may have to go through an eviction process to remove the Subtenant if that Subtenant does not promptly execute a separate, appropriate lease, or move out.

allowing the Debtor to re-let the premises. *In re Manis Lumber Co.*, 430 B.R. at 280. The Court's concern regarding prejudice to a landlord found in *Manis Lumber* is present here and warrants denial of nunc pro tunc rejection.

WHEREFORE, Tindell requests that any order rejecting the Lease:

(i) specify that the rejection of the Lease is effective as of the date of the entry of the Order rejecting the Lease, rather than nunc pro tunc to an earlier date;

(ii) specify that Tindell is not precluded from filing a motion or application seeking allowance of an administrative expense claim relating to Debtor's actual and constructive possession of the Premises between the Petition Date and the date of entry of the rejection Order and compelling payment of such claim;

(iii) grant Tindell relief from stay to immediately enforce its rights under state law and contract rights pursuant to the Lease and Sublease including, but not limited to, collection of rent from the Subtenant and the right to immediate recover of control of the Premises without any further Order of any court; and

(iv) grant Tindell such further relief as the Court deems proper.

Tindell acknowledges that its claim for breach of lease damages and monetary relief thereto are not as yet determined and remain subject to the claims process.

This 12th day of February, 2020.

Respectfully submitted,

**ROBL LAW GROUP LLC**

/s/ Michael D. Robl
Michael D. Robl
State Bar No. 610905

3754 Lavista Road, Suite 250
Tucker, GA 30084
Telephone: (404) 373-5153
Facsimile: (404) 537-1761
E-mail: michael@roblgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed and served the foregoing **TINDELL PROPERTIES, LLC'S LIMITED OBJECTION TO DEBTOR'S FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE REJECTION OF CERTAIN UNEXPIRED LEASES AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF** using the Court's CM/ECF system, which will deliver a copy to all the counsel of record, or via U.S. Mail to the following participants:

| | |
|---|---|
| The Krystal Company<br>1455 Lincoln Parkway<br>Suite 600<br>Dunwoody, Georgia 30346 | Via ECF:  Britney K. Baker<br>King & Spalding LLP<br>1180 Peachtree Street, NE<br>Atlanta, Georgia 30309 |
| Via ECF:  Matthew Levin<br>Scroggins & Williamson, P.C.<br>4401 Northside Parkway<br>One Riverside, Suite 450<br>Atlanta, Georgia 30327 | Via ECF:  Office of the U.S. Trustee<br>362 Richard B. Russell Bldg.<br>75 Ted Turner Drive, SW<br>Atlanta, Georgia 30303 |

This 12th day of February, 2020.

**ROBL LAW GROUP LLC**

/s/ Michael D. Robl
Michael D. Robl
State Bar No. 610905

3754 Lavista Road, Suite 250
Tucker, GA 30084
Telephone:  (404) 373-5153
Facsimile:  (404) 537-1761
E-mail:  michael@roblgroup.com