

**IT IS ORDERED as set forth below:**

Date: February 13, 2020

_____
Paul W. Bonapfel
U.S. Bankruptcy Court Judge

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 (PWB) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FINAL ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES; (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT; AND (IV) GRANTING RELATED RELIEF**

This matter is before the Court on the *Emergency Motion for Entry of Interim and Final Orders (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service on Account of Prepetition Invoices; (II) Deeming Utilities Adequately Assured of Future Performance; (III)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

DMSLIBRARY01\36262597.v3

*Establishing Procedures for Determining Adequate Assurance of Payment; and (IV) Granting Related Relief* (the "Motion") [Docket No. 14] of the above-captioned debtors and debtors in possession (collectively, the "Debtors").  All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.  On February 5, 2020 the Court granted the Motion on an interim basis and scheduled a Final Hearing for February 13, 2020.

The Court has considered the Motion, the First Day Declaration, and the matters reflected in the record of the hearings held on the Motion on February 4, 2020 and February 13, 2020.  It appears that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §1408; and it appearing that the relief requested is in the best interests of the Debtors, the Debtors' estates, their creditors, and other parties in interest, and that good cause has been shown therefor; IT IS HEREBY ORDERED:

1. The Motion is granted to the extent set forth herein.

2. The terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

3. The Debtors are authorized, but not directed, to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices in respect of postpetition utility services rendered by the Utility Providers to the Debtors.

4. All Utility Providers are prohibited from altering, refusing, or discontinuing services to, and/or discriminating against the Debtors on the basis of commencement of these cases or on account of unpaid invoices for service provided by any of the Utility Providers to the Debtors prior to the Commencement Date.

5. The procedures approved in the Interim Order are approved on a final basis.

6. The Debtors are authorized, as necessary, to adjust periodically the amount in the Adequate Assurance Account to reflect the following two factors: (a) the termination of Utility Services by the Debtors; and (b) the entry into any agreements between the Debtors and the applicable Utility Providers.

7. If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to (i) counsel to the Debtors, King & Spalding LLP, 1180 Peachtree Street, Atlanta, Georgia 30309-3521 (Attention: Leia Clement Shermohammed, Esq.), (ii) proposed counsel to the Official Committee of Unsecured Creditors, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178 (Attn: Maeghan J. McLoughlin, Esq.), and (iii) counsel to the administrative agent for the Debtors' prepetition credit facilities, Morgan, Lewis & Bockius LLP, 101 Park Ave. New York, NY 10178-0060 (Attn: Jennifer Feldsher). Within five (5) business days after the date the request is received by the Debtors, the Debtors, on notice to the Official Committee of Unsecured Creditors and counsel to the administrative agent for the Debtors' prepetition credit facilities, shall either (i) bring the account current or (ii) honor the request, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such

request without further order of the Court. In no event shall a Utility Provider be permitted to receive aggregate disbursements in excess of the total amount set forth for such Utility Provider under the column labeled "Adequate Assurance" on **Exhibit A**. If the Debtors do not bring the account current, the Utility Provider may terminate Utility Services as to the account for which such disbursement from the Adequate Assurance is required.

8. In addition, the Debtors are authorized, as necessary, to provide notice and a copy of this Final Order to any Additional Utility Providers as such Additional Utility Providers are identified. Such Additional Utility Providers shall be subject to the terms of the Final Order, including the Determination Procedures. If an Additional Utility Provider fails to submit a Request within thirty (30) days after being served with this Final Order, the Additional Utility Provider shall be deemed to have received adequate assurance of payment that is satisfactory to such Additional Utility Provider pursuant to section 366(c)(2) of the Bankruptcy Code without prejudice to the right of such Additional Utility Provider to seek relief in the future pursuant to section 366(c)(3)(A).

9. The Debtors' banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such bank shall not have any duty of further inquiry or liability to any party for relying on such representations by the Debtors.

10. Any Utility Provider may request relief from this Order and may request an expedited hearing on such request.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

12. Notwithstanding anything to the contrary in this Order, any payment made (or to be made) and any authorization contained in this Order shall be subject to the terms, conditions, limitations, and requirements of the *Interim and Final Orders (1) Authorizing the Debtors to Use Cash Collateral, (2) Granting Adequate Protection to Lenders, (3) Modifying the Automatic Stay, (4) Setting a Final Hearing, and (5) Granting Related Relief* (collectively, the "Cash Collateral Order"), and to the extent there is any inconsistency between the terms of the Cash Collateral Order and any action taken or proposed to be taken under this Order, the terms of the Cash Collateral Order (together with any approved budget (including any permitted variances) in connection therewith) shall control.

13. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

14. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

15. Counsel for the Debtors is directed to serve a copy of this Final Order on all the parties that received service of the Motion within three (3) days of the entry of this Final Order and to file a certificate of service with the Clerk of Court.

[END OF ORDER]

Prepared and presented by:

/s/ *Sarah R. Borders*
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Proposed Counsel for the Debtors in Possession*