**IT IS ORDERED as set forth below:**



Date: February 14, 2020

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| THE KRYSTAL COMPANY, | : | CASE NO. 20-61065-pwb |
| | : | |
| Debtor. | : | (Jointly Administered) |
| | : | |

### ORDER REJECTING DEBTOR'S LEASE
### WITH KUSHNER WHITE ASSOCIATES LIMITED PARTNERSHIP AND SUBLEASE
### WITH SHIVA MELADI, LLC

This matter came on for hearing on February 13, 2020 on the Debtor's motion to reject leases and subleases (the "Motion"). [Docket No. 13]

It appearing to the Court that (i) Debtor, as tenant, and Kushner White Associates Limited Partnership, a California limited partnership, as landlord, ("Landlord") are parties to a commercial

lease dated January 29, 2016, which lease is listed as Item 48 in the exhibits to the Motion (the "Lease"), for certain premises at 90 Scranton Connector, Brunswick, Georgia 31525 (the "Premises"); (ii) Debtor, as sublandlord, subleased the Premises to Shiva Meladi, LLC, as subtenant ("Subtenant"), pursuant to a sublease dated June 4, 2019, which sublease is listed as Item 78 in the exhibits to the Motion; (iii) Landlord filed a limited objection to the Motion and appeared for hearing; (iv) Subtenant did not file any objection to the Motion or appear for hearing; (v) Landlord and Debtor consent to entry of this order; and (vi) for good cause shown;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Rejection.  The Court hereby approves Debtor's rejection of the Lease and Sublease.

2. Possession.  Landlord is hereby granted and shall have full and exclusive possession of the Premises, and Landlord may re-take and re-enter the Premises without further notice or order of any court, and Landlord may change the locks to the Premises and re-let the Premises to another tenant.

3. Contents. Any and all equipment and personal property and other contents owned or leased by the Debtor and remaining in the Premises on the date of this order shall be deemed abandoned by Debtor, and Landlord may remove or dispose of the same in any manner Landlord deems appropriate, without any liability to Debtor.

4. Relief from Stay - Possession.  Landlord is hereby granted relief from the automatic stay to enable it to exercise its rights to possession as set forth in this order. Landlord shall not be required to seek a writ of possession or other permission, judgment or order from any other court to exercise the rights set forth above as to the Debtor.  As to Subtenant, relief from the stay is granted to enable Landlord to pursue or continue to pursue all its remedies against the Subtenant.  The automatic stay shall remain in place as to claims for monetary relief.

5. <u>Preservations of Claims – Effective Date of Rejection; Administrative Rents</u>.  Any and all claims arising out of, or related to, Debtor's rejection of the Lease are preserved to Landlord and shall be filed by the later of (i) the deadline established in this case for the filing of proofs of claim, or (ii) 30 days after the date of entry of this order.  Any claim now or hereafter asserted by Landlord to treat of post-petition rents as an administrative claim, and the effective date of rejection of the Lease and Sublease, are reserved for decision and hearing at a later date and time; provided, such date of rejection shall not be later than February 13, 2020.

6. <u>Security Deposits</u>. If and to the extent Landlord is holding a security deposit, Landlord may set-off and immediately apply any pre-petition security deposit it is holding pursuant to the Lease to its lease termination damage claim pursuant to 11 U.S.C. § 553.

7. <u>Bankruptcy Rule 4001</u>.  The fourteen-day stay provided in Bankruptcy Rule 4001(a)(3) does not apply to this Consent Order.

8. <u>Jurisdiction</u>.  The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this order, including resolving any disputes between Landlord and Subtenant.

**END OF DOCUMENT**

Consented to:

KITCHENS KELLEY GAYNES, P.C.

/s/   David F. Cooper
State Bar No. 185326

David F. Cooper, Esq.
Georgia Bar No. 185326
E-mail: dcooper@kkgpc.com
S. Nathaniel De Veaux, Esq.
Georgia Bar No. 219796

E-mail: ndeveaux@kkgpc.com
Glenridge Highlands One
Suite 800
5555 Glenridge Connector
Atlanta, Georgia 30342
Telephone: (404) 237-4100
Facsimile: (404) 364-0126
*Attorneys for Landlord –*
*Kushner White Associates Limited Partnership*


Consented to:


/s/ Sarah R. Borders
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Proposed Counsel for the Debtors in Possession*

4

## **DISTRIBUTION LIST**

The Krystal Company
1455 Lincoln Parkway
Suite 600
Dunwoody, Georgia 30346

Britney K. Baker
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309

Leia Ashlin Clement Shermohammed
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309

Matthew Levin
Scroggins & Williamson, P.C.
One Riverside, Suite 450
4401 Northside Parkway
Atlanta, Georgia 30327

Office of the U.S. Trustee
362 Richard B Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, Georgia 30303