IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 20-61065-PWB |
| THE KRYSTAL COMPANY, *et al.*[1] | CHAPTER 11 |
| Debtors. | (Jointly Administered) |

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE KRYSTAL COMPANY, ET AL. TO EMPLOY ARNALL GOLDEN GREGORY LLP AS CO-COUNSEL TO THE COMMITTEE

**COMES NOW** the Official Committee of Unsecured Creditors of The Krystal Company, *et al.* (the "Committee"), and pursuant to 11 U.S.C. § 1103 submits its *Application of the Official Committee of Unsecured Creditors of The Krystal Company, et al. to Employ Arnall Golden Gregory LLP as Co-Counsel to the Committee* (the "Application").[2]   In support of the Application, the Committee shows this Court as follows:

#### Jurisdiction and Venue

1.     This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.   Consideration of this Application is a core proceedings pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916).  The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

[2]     Contemporaneous with this Application, the Committee is also filing an application to employ the law firm of Kelley Drye & Warren LLP ("Kelley Drye") to serve as co-counsel with AGG to the Committee.  AGG and Kelley Drye are both well-suited to represent the Committee and will work together to limit any duplication of efforts.

2.     The statutory predicate for the relief requested in this Application is 11 U.S.C. § 1103.

## Background

**A. General Background**

3.     On January 19, 2020 (the "Petition Date"), The Krystal Company and its debtor affiliates (collectively, the "Debtors") each filed voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Georgia (Atlanta Division) (the "Court").

4.     Since the Petition Date, the Debtors have remained in possession of their properties and have continued to operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5.     On or about February 11, 2020, pursuant to Section 1102 of the Bankruptcy Code, the United States Trustee for the Northern District of Georgia appointed seven (7) creditors to serve on the Committee in connection with these administratively consolidated Chapter 11 cases. The members of the Committee are: NRC Corporation, Charles Tombras Advertising, Inc., The Coca-Cola Company, Realty Income Corporation, Flowers Foods, Inc., the Pension Benefit Guaranty Corporation, and SLM Waste Recycling Services, Inc. *See* Docket No. 143.

6.     At a meeting of the Committee on February 12, 2020, at which all of the Committee members and/or their counsel were present, the Committee determined, in connection with the exercise of its powers and the performance of the duties conferred upon it pursuant to Section 1103 of the Bankruptcy Code, that it requires legal services and advice. In connection with that meeting, the Committee voted to retain Kelly Drye as lead counsel to the Committee and Arnall Golden Gregory LLP ("AGG") as local counsel.

### B.  AGG's Qualifications

7.      The Committee desires to retain and employ AGG as its attorneys because of the firm's extensive experience and knowledge with regard to debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code.

8.      As set forth in the Affidavit (defined below), the members of AGG's Bankruptcy, Creditors' Rights and Workout Practice Group have extensive experience in all aspects of Chapter 11 cases, having represented debtors, secured creditors, unsecured creditors, creditors' committees, Chapter 11 trustees, examiners, liquidating trustees, and various other constituencies.   Accordingly, AGG has the necessary background and experience to deal effectively with the potential legal issues and problems that may arise in the context of these Chapter 11 cases.  The Committee believes that AGG is both well qualified and able to represent the Committee in these Chapter 11 cases in an efficient and timely manner.

### C.  Scope of Services

9.      Subject to further order of this Court, AGG will render, *inter alia*, the following professional services to the Committee:

      (a)      advise the Committee with respect to its rights, powers, and duties in these bankruptcy cases;

      (b)      assist and advise the Committee in its consultations with the Debtors relative to the administration of these bankruptcy cases;

      (c)      assist the Committee in analyzing the claims of the Debtors' creditors and in negotiating with such creditors;

(d)     assist the Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and of the operations of the Debtors' respective businesses;

(e)     advise and represent the Committee in connection with administrative matters arising in these bankruptcy cases, including the obtaining of credit by the Debtors, the reorganization of the Debtors, including the potential sale of the Debtors' assets, and the rejection or assumption of executory contracts and unexpired leases;

(f)     assist the Committee in its analysis of, and negotiations with, the Debtors or any third party concerning matters related to, among other things, the terms of a Chapter 11 plan or plans for the Debtors;

(g)     assist and advise the Committee with respect to its communications with the general creditor body regarding significant matters in these bankruptcy cases;

(h)     review and analyze all applications, orders, statements of operations, and schedules and statements of financial affairs filed with the Court, and advise the Committee as to their propriety;

(i)     assist the Committee in evaluating, and pursuing, if necessary, claims and causes of action against the Debtors' secured lenders or other third parties;

(j)     assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

(k)     represent the Committee at all hearings and other proceedings;  and

(l)     perform such other legal services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

**D. Professional Compensation**

10.     Subject to approval by this Court, the Committee proposes that AGG be compensated for the services it will be rendering to the Committee on the basis of AGG's normal hourly rates for attorneys, paralegals, and other personnel that provide such services to the Committee, and for out-of-pocket expenses and disbursements that are actually incurred, at rates normally charged to its regular clients. The hourly rates of primary professionals of AGG that will be providing services to the Committee are set forth in the Affidavit.

11.     AGG has stated its desire and willingness to act in these bankruptcy cases and render the necessary professional services as counsel to the Committee. AGG will bill for services rendered and out-of-pocket expenses incurred pursuant to Sections 330 and 331 of the Bankruptcy Code, the Federal Rule of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Northern District of Georgia (the "Local Rules"), the *Amended and Restated General Order 26-2019, Procedures for Chapter 11 Cases,* dated November 4, 2019 (the "Complex Case Procedures"), and any applicable procedures and orders of this Court.

**E. AGG's Connections to these Cases and No Adverse Interest**

12.     Upon information and belief, and based on the affidavit of Darryl S. Laddin attached to this Application as **Exhibit A** (the "Affidavit"), while employed by the Committee in connection with these Chapter 11 cases, AGG will not represent any other entity having an

adverse interest in connection with these bankruptcy cases, consistent with Section 1103(b) of the Bankruptcy Code.

13.    AGG's connections to certain creditors and parties in interest in these Chapter 11 cases are set forth in the Affidavit.

### Requested Relief

14.    By submission of this Application, the Committee requests that this Court enter an order authorizing the Committee to retain and employ AGG as its co-counsel, *nunc pro tunc*, to February 12, 2020, the date of the Committee's selection of AGG to serve as its co-counsel in these Chapter 11 cases, to render legal advice and services to the Committee as described in this Application and in the Affidavit.

### Basis for Relief

15.    Section 1103(a) of the Bankruptcy Code provides:

At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of *one or more attorneys,* accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a) (emphasis added).

16.    Section 1103(b) of the Bankruptcy Code further provides:

An attorney or accountant employed to represent a committee appointed under section 1102 of this title *may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case.* Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest.

11 U.S.C. § 1103(b) (emphasis added).

17.    The Committee has selected AGG to serve as co-counsel with Kelly Drye. The Committee believes that AGG is well qualified to represent it in these Chapter 11 cases, and

that the retention of AGG as co-counsel with Kelly Drye is in the best interest of the Committee, the Debtors' bankruptcy estates, and the Debtors' creditors.

18.    As set forth in the Affidavit and consistent with Section 1103(b) of the Bankruptcy Code, AGG does *not* represent an entity that has an adverse interest in these Chapter 11 cases.    Accordingly, the Committee respectfully requests that the Court approve AGG's retention as co-counsel with Kelly Drye, *nunc pro tunc*, to February 12, 2020.

<u>Notice</u>

19.    Notice of this Application is being provided to: (a) the Office of the United States Trustee for the Northern District of Georgia, as required by Rule 2014 of the Federal Rule of Bankruptcy Procedure, (b) Debtors' counsel, (c) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis, (d) counsel for the administrative agent of the Debtors' prepetition secured credit facility, (e) the Internal Revenue Service, (f) the Georgia Department of Revenue, (g) the Attorney General for the State of Georgia, (h) the United States Attorney for the Northen District of Georgia, (i) the state attorneys general for the states where the Debtors conduct business, and (j) any party in interest that has requested notice pursuant to Rule 2002 of the Federal Rule of Bankruptcy Procedure.    In light of the nature of the relief requested in the Application, the Committee submits that this notice is appropriate, and that no other or further notice need be given.

WHEREFORE, the Committee respectfully requests that the Court: (i) enter an order substantially in the same form as the proposed order attached to this Application as **Exhibit B**, authorizing it to retain and employ AGG as co-counsel to the Committee, *nunc pro tunc*, to February 12, 2020, and (ii) grant the Committee such other and further relief as is just and proper.

Dated:  February 26, 2020.

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE KRYSTAL COMPANY,
ET AL.

By: _____

Name: _Kirk Carson_____

      Co-Chair of the Committee

# **EXHIBIT A**

## **AFFIDAVIT OF DARRYL S. LADDIN**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 20-61065-PWB |
| THE KRYSTAL COMPANY, *et al.*[1] | CHAPTER 11 |
| Debtors. | (Jointly Administered) |

**AFFIDAVIT OF DARRYL S. LADDIN IN SUPPORT OF
APPLICATION TO RETAIN ARNALL GOLDEN GREGORY LLP
AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF THE KRYSTAL COMPANY, ET AL.**

STATE OF GEORGIA　　　)
　　　　　　　　　　　　)
COUNTY OF FULTON　　　)

Darryl S. Laddin, being duly sworn according to law upon his oath, deposes and states as follows:

1.　　I am over twenty-one (21) years of age, of sound mind, and in all respects qualified to make this affidavit. I have personal knowledge of the facts stated herein.

2.　　I am a partner in the law firm of Arnall Golden Gregory LLP (the "Firm" or "AGG"), which has offices at 171 17th Street, NW, Suite 2100, Atlanta, Georgia 30363. The Firm employs approximately 200 attorneys located in its offices in Atlanta and Washington, D.C.

3.　　The Firm has agreed to be retained and employed to provide legal services and assistance to the Official Committee of Unsecured Creditors of The Krystal Company, *et al.*

---

[1]　　The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

(the "Committee"), and I provide this affidavit in support of an order authorizing such retention and employment.

4.      The Krystal Company, Krystal Holdings, Inc., and K-Square Acquisition Co., LLC (collectively, the "Debtors") are sizable corporations and have many creditors, employees, and other relationships. A firm the size of AGG necessarily will have, in connection with cases of this magnitude, some contacts and relationships with parties in interest, their affiliates, agents, or employees. The Firm does not represent the separate interests of any such parties in these bankruptcy cases. Additionally, the Firm's partners, counsel, associates, paralegals, and staff members may, in the ordinary course of their personal affairs, have relationships with certain creditors and other parties in interest. Additionally, the Firm and its representatives have contacts and relationships with other professionals associated with these bankruptcy cases.

5.      Based upon the conflicts search performed to date by the Firm's conflicts department and described herein, to the best of my knowledge, the Firm, which seeks to be employed to serve as co-counsel for the Committee, does not represent any other entity having an adverse interest in connection with the Debtors' bankruptcy cases within the meaning of Section 1103(b) of Title 11, United States Code (the "Bankruptcy Code").

6.      The Firm has searched its conflicts database for any connections to the Debtors, the Debtors' non-debtor affiliates, their secured creditors, the thirty (30) largest unsecured creditors of the Debtors on a consolidated basis, and all of the other parties in interest who are listed on **Exhibit 1** attached to this Affidavit.

7.      With respect to the Firm's prior or current representation of or connections with certain of the parties in interest in these Chapter 11 cases, the Firm discloses the following relationships:

a.    **Wells Fargo Bank, N.A.**  AGG has, in the past, represented Wells Fargo Bank, N.A., which is the agent on the Debtors' senior credit facility, in matters that are wholly unrelated to these bankruptcy cases.  AGG does not represent Wells Fargo Bank, N.A. in these bankruptcy cases or, as of the date of this Affidavit, in any other matter.

b.    **Cadence Bank, N.A.**  AGG has, in the past, represented Cadence Bank, N.A., which is a participant in the Debtors' senior credit facility, in matters that are wholly unrelated to these bankruptcy cases.  AGG does not represent Cadence Bank, N.A. in these bankruptcy cases or, as of the date of this Affidavit, in any other matter.

c.    **Regions Bank.**  AGG has, in the past, represented Regions Bank, which is a participant in the Debtors' senior credit facility, in matters that are wholly unrelated to these bankruptcy cases.  AGG does not represent Regions Bank in these bankruptcy cases or, as of the date this Affidavit, in any other matter.

d.    **Citizens Bank, N.A.**  AGG has, in the past, represented Citizens Bank, N.A., which is secured creditor of the Debtors, in matters that are wholly unrelated to these bankruptcy cases.  AGG does not represent Citizens Bank, N.A. in these bankruptcy cases or, as of the date of this Affidavit, in any other matter.

e.    **First Tennessee Bank, N.A. n/k/a First Horizon Bank**.  AGG has, in the past, represented First Tennessee Bank, N.A. n/k/a First Horizon Bank, which is secured creditor of the Debtors, in matters that are wholly unrelated to these bankruptcy cases.  AGG does not represent First Tennessee Bank, N.A. n/k/a

First Horizon Bank in these bankruptcy cases or, as of the date of this Affidavit, in any other matter.

f.    **First Tennessee Housing Corp. n/k/a First Horizon Community Investment Group, Inc. ("First Horizon").**  AGG represents First Horizon, which is an affiliate of First Tennessee Bank, N.A. n/k/a First Horizon Bank, in real estate matters that are wholly unrelated to these bankruptcy cases.  First Horizon is not a creditor of the Debtors.

g.    **Argonne Capital Group, LLC.**  AGG has, in the past, represented Argonne Capital Group, LLC, which is the ultimate equity holder of the Debtors, in matters that are wholly unrelated to these bankruptcy cases.  AGG does not represent Argonne Capital Group, LLC in these bankruptcy cases or, as of the date of this Affidavit, in any other matter.

8.    The information provided in this Affidavit may have changed without the Firm's knowledge and may change during the pendency of these bankruptcy cases.  I or another attorney of the Firm will update this Affidavit, as necessary, should the Firm become aware of new, material information.

9.    The Firm has extensive experience and knowledge with regard to debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code.  The members of the Firm's Bankruptcy, Creditors' Rights and Workout Practice Group have extensive experience in all aspects of Chapter 11 cases, having represented debtors, secured creditors, unsecured creditors, creditors' committees, Chapter 11 trustees, examiners, plan liquidating trustees, and various other constituencies.  Accordingly, the Firm has the necessary

background and experience to deal effectively with the potential legal issues and problems that may arise in the context of these Chapter 11 cases.

10.    The anticipated duties and responsibilities of the Firm in these Chapter 11 cases, which at the request of the Committee have commenced as of February 12, 2020, include, but are not limited to, the following:

a.    advise the Committee with respect to its rights, powers, and duties in these bankruptcy cases;

b.    assist and advise the Committee in its consultations with the Debtors relative to the administration of these bankruptcy cases;

c.    assist the Committee in analyzing the claims of the Debtors' creditors and in negotiating with such creditors;

d.    assist the Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and of the operations of the Debtors' respective businesses;

e.    advise and represent the Committee in connection with administrative matters arising in these bankruptcy cases, including the obtaining of credit by the Debtors, the reorganization of the Debtors, including the potential sale of the Debtors' assets, and the rejection or assumption of executory contracts and unexpired leases;

f.    assist the Committee in its analysis of, and negotiations with, the Debtors or any third party concerning matters related to, among other things, the terms of a Chapter 11 plan or plans for the Debtors;

g.   assist and advise the Committee with respect to its communications with the general creditor body regarding significant matters in these bankruptcy cases;

h.   review and analyze all applications, orders, statements of operations, and schedules and statements of financial affairs filed with the Court, and advise the Committee as to their propriety;

i.   assist the Committee in evaluating, and pursuing, if necessary, claims and causes of action against the Debtors' secured lenders or other third parties;

j.   assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

k.   represent the Committee at all hearings and other proceedings; and

l.   perform such other legal services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

11.   It is the intention of the Firm to seek compensation for its services to the Committee in accordance with the normal hourly rates that it charges to its other clients. At the current time, the Firm's standard hourly billing rates for those professionals most likely to be involved in these bankruptcy cases are as follows:

| | |
|---|---|
| Darryl S. Laddin: | $670/hour |
| Sean C. Kulka | $625/hour |

In addition, the Firm may also utilize other professionals in connection with its representation of the Committee. The Firm's rates for its professionals range as follows:

| | |
|---|---|
| Partners: | $515-$725 |
| Of Counsel | $425-$695 |
| Associates | $290-$495 |
| Paralegals | $180-$300 |

14665228v1

These rates are adjusted by the Firm from time to time. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to compensate the Firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

12.    It is the Firm's policy to charge its clients in all areas of practice for additional expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the bankruptcy estates for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

13.    The Firm has stated its desire and willingness to act in these bankruptcy cases and render the necessary professional services as co-counsel to the Committee. The Firm will bill for services rendered and out-of-pocket expenses incurred and seek compensation pursuant to Sections 330 and 331 of the Bankruptcy Code, the Federal Rule of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Northern District of Georgia, the Complex Case Procedures, and any applicable procedures and orders of this Court.

14.    No agreement exists between the Firm and anyone else regarding the sharing of payments to be received by the Firm in connection with the representation of the Committee in the Debtors' Chapter 11 cases.

15.    I am a member in good standing of the State Bar of Georgia, and the other members of the Firm's Bankruptcy, Creditors' Rights and Workout Practice Group are also

members in good standing of the State Bar of Georgia.  The Firm has had substantial experience and practice before bankruptcy courts throughout the nation.

FURTHER AFFIANT SAYETH NOT.

_____
Darryl S. Laddin

Sworn to and subscribed before
me this 28th day of February 2020

_____
Notary Public
My Commission expires 12-29-2023

## EXHIBIT 1

Official Committee of Unsecured Creditors of The Krystal Company, *et al.*
The Krystal Company
Krystal Holdings, Inc.
K-Square Acquisition Co., LLC
Krystal Parent Holdings, LP
Parallel Funds, LPs
Argonne Capital Group LLC
Argonne Capital Partners I, LP
Argonne Capital Partners Parallel I, LP
K-Square Realty, LLC
Charles, Frederic & Co.
GCM Grosvenor Secondary Opportunities Fund II, L.P.
HL Secondary Aggregator I L.P.
HSLF IV Holdings LP
Matisse 402, LP
Picasso 304, LP
Strategic Partners VII Investments, L.P.
Elite Restaurant Blocker, LLC
Elite Restaurant MIL LLC
Elite Restaurant Parent Holdings, LP
K-Square GP, LLC
K-Square Restaurant Partners, LP
K-Square Restaurants, LLC
Elliot, Michael
Hardin, Tony
Klump, Michael
Jaeger, Karl
Jefferson, Catherine
Losacco, Dominic
Christensen, Sherman
Perras, Sloane S.
Root, Michael S.
Vermilyea, Bruce J.
Ward, Tim
Wood, Michael L.
Abelkop, Jason T.
Epley, Berry L.
Janjua, Omar R.
Macaluso, Paul M.
Charles Tombras Advertising, Inc. dba The Tombras Group
US Foods, Inc.
Radiant Systems, Inc.
SLM Waste & Recycling Services, Inc.
VEREIT Real Estate

United Health Care Services, Inc.
Aletheia Marketing & Media LLC
Marriott International, Inc.
Fireeye Inc.
Flowers Banking Company of Opelika
Integrated Graphics, LLC
Quatrro FPO Solutions, LLC
McGuireWoods LLP
Yext, Inc.
Snap Tech IT, LLC
Johnson Controls International PLC
CSI of the Southeast Inc.
Trimark-Strategic Equipment and Supply Corp.
Republic Services National Accounts, LLC
Halo Branded Solutions, Inc.
Ragona Architecture & Design PLLC
DTT Surveillance, Inc.
Horizon River Technologies, LLC
AR Global Investments, LLC
Preferred Premium Properties, LLC
Collins, Wanda
Hobbs, Robin
Realty Income, LP
STORE Capital Corporation
Pension Benefit Guaranty Corporation
Wells Fargo Bank, National Association
Regions Bank
Cadence Bank, N.A.
Citizens Bank, N.A.
First Tennessee Bank National Association
Webster Bank, National Association
KRY, LLC
SGR Asset Management, LLC dba Sawgrass Marriott Resort & Spa
Store Master Funding I, LLC
Flowers Foods, Inc.
NCR Corporation
The Coca-Cola Company
Wendy L. Hagenau
Paul M. Baisier
Paul W. Bonapfel
Jeffery W. Cavender
W. H. Drake, Jr.
Barbara Ellis-Monro
Lisa Ritchey Craig
James R. Sacca
Sage M. Sigler

Nancy J. Gargula
R. Jeneane Treace
Beth Brown
Anne Cabrera
Sherri Carlberg
Alexandria R. Davis
Chevonne Ducille
Thomas Dworschak
Randal D. Ennever
Sheryl L. Ewen
Nathan Garmon
Israel Ham
Deborah R. Jackson
Martin P. Ochs
Julee Rimes
Alisa K. Streete
Michele Stephens-Taylor
David Weidenbaum
Mary Kay Baltzell
Kenny Elwood
Elaine A. Thompson

## EXHIBIT B

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 20-61065-PWB |
| THE KRYSTAL COMPANY, *et al.*[1] | CHAPTER 11 |
| Debtors. | (Jointly Administered) |

**ORDER AUTHORIZING RETENTION OF ARNALL GOLDEN GREGORY LLP**
**AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS OF THE KRYSTAL COMPANY, ET AL.**

**THIS MATTER** is before the Court on the *Application of the Official Committee of Unsecured Creditors of The Krystal Company, et al. to Employ Arnall Golden Gregory LLP as Co-Counsel to the Committee* [Docket No. _____] (the "Application") filed by the Official Committee of Unsecured Creditors of The Krystal Company, *et al.* (the "Committee") pursuant to Section 1103 of Title 11, United States Code (the "Bankruptcy Code"). All Capitalized terms used but not defined in this Order shall have the meaning given to them in the Application.

No hearing is necessary on the Application absent the filing of an objection to it. Pursuant to a certificate of service filed with the Application, the Application has been served on: (a) the Office of the United States Trustee for the Northern District of Georgia, as required by Rule 2014 of the Federal Rule of Bankruptcy Procedure, (b) Debtors' counsel, (c) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis, (d) counsel for the administrative agent of the Debtors' prepetition secured credit facility, (e) the Internal Revenue Service, (f) the Georgia Department of Revenue, (g) the Attorney General for the State of Georgia, (h) the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

United States Attorney for the Northen District of Georgia, (i) the state attorneys general for the states where the Debtors conduct business, and (j) any party in interest that has requested notice pursuant to Rule 2002 of the Federal Rule of Bankruptcy Procedure (collectively, the "Notice Parties"). No further service of the Application is necessary.

The Application and the accompanying affidavit of Darryl S. Laddin in support of the Application (the "Affidavit") demonstrate preliminarily that Arnall Golden Gregory LLP ("AGG") does not hold an interest adverse to The Krystal Company, Krystal Holdings, Inc., and K-Square Acquisition Co., LLC (collectively, the "Debtors") in connection with the above-captioned bankruptcy cases. Accordingly, it is hereby ORDERED as follows:

1.    The Application is GRANTED.

2.    The Committee is authorized to retain AGG as its co-counsel in these Chapter 11 bankruptcy cases, pursuant to Section 1103 of the Bankruptcy Code, *nunc pro tunc* to February 12, 2020, on the terms set forth in the Application and the Affidavit, subject to objection as provided for in this Order.

3.    AGG shall be compensated pursuant to Sections 330 and 331 of the Bankruptcy Code, the Federal Rule of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Northern District of Georgia, the Complex Case Procedures, and any applicable procedures and orders of this Court.

4.    Any party in interest shall have twenty one (21) days from the service of this Order to file an objection to the Application and/or the relief provided in this Order.

5.    If an objection to the Application is timely filed, counsel for the Committee will set the Application and all objections to the Application for hearing pursuant to the Court's Open Calendar Procedures.

14665228v1                                           - 2 -

6.      If no objection to this Order is timely filed, this Order shall constitute a final Order approving the Application.

7.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

8.      Counsel for the Committee is directed to serve a copy of this Order on the Notice Parties within three (3) days of the entry of this Order and to promptly file a certificate of service with the Clerk of the Court.

[END OF DOCUMENT]

**Prepared and Presented by:**

ARNALL GOLDEN GREGORY LLP

*/s/ Darryl S. Laddin*
Darryl S. Laddin, Georgia Bar No. 460793
Sean C. Kulka, Georgia Bar No. 648919
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
(404) 873-8500
(404) 873-8501 (facsimile)
darryl.laddin@agg.com
sean.kulka@agg.com

*Proposed Co-Counsel to the Official Committee of*
*Unsecured Creditors of The Krystal Company, et al.*