## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 20-61065-PWB |
| THE KRYSTAL COMPANY, *et al.*[1] | CHAPTER 11 |
| Debtors. | (Jointly Administered) |

### APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR AN ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO FEBRUARY 13, 2020

The Official Committee of Unsecured Creditors of The Krystal Company, *et al.* (the "Committee") pursuant to 11 U.S.C. § 1103 and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") submits its *Application Pursuant to Fed. R. Bankr. P. 2014(a) for an Order Under Section 1103 of the Bankruptcy Code Authorizing the Employment and Retention pf FTI Consulting, Inc. as financial Advisor to the Official Committee of Unsecured Creditors Nunc Pro Tunc to February 13, 2020* (the "Application"). In support of the Application, the Committee shows this Court as follows:

### Jurisdiction and Venue

1.    This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Application is a core proceedings pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916).  The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

2.      The statutory predicate for the relief requested in this Application is 11 U.S.C. § 1103.

**Background**

**A.  General Background**

3.      On January 19, 2020 (the "Petition Date"), The Krystal Company and its debtor affiliates (collectively, the "Debtors") each filed voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Georgia (Atlanta Division) (the "Court").

4.      Since the Petition Date, the Debtors have remained in possession of their properties and have continued to operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5.      On or about February 11, 2020, pursuant to Section 1102 of the Bankruptcy Code, the United States Trustee for the Northern District of Georgia appointed seven (7) creditors to serve on the Committee in connection with these administratively consolidated Chapter 11 cases. The members of the Committee are: NRC Corporation, Charles Tombras Advertising, Inc., The Coca-Cola Company, Realty Income Corporation, Flowers Foods, Inc., the Pension Benefit Guaranty Corporation, and SLM Waste Recycling Services, Inc. *See* Docket No. 143.

6.      At a meeting of the Committee on February 12, 2020, at which all of the Committee members and/or their counsel were present, the Committee determined, in connection with the exercise of its powers and the performance of the duties conferred upon it pursuant to Section 1103 of the Bankruptcy Code, that it requires legal services and advice. In connection with that meeting, the Committee voted to retain Kelley Drye & Warren LLP as lead counsel to the Committee and Arnall Golden Gregory LLP as local counsel.

14715785v2

7.    At a subsequent meeting on February 13, 2020, the Committee selected FTI Consulting, Inc. ("FTI") as its financial advisor.

**B. FTI's Eligibility for Employment**

8.    FTI has informed the Committee that, except as may be set forth in the Declaration of Clifford A. Zucker (the "Declaration"), it does not hold or represent any interest adverse to the bankruptcy estate, and therefore believes it is eligible to represent the Committee under Section 1103(b) of the Bankruptcy Code.

9.    To the best of the Committee's knowledge and based upon the Declaration, (a) FTI's connections with the Debtors, creditors, any other party in interest, or their respective attorneys are disclosed on Exhibit 2 to the Declaration; and (b) the FTI professionals working on this matter are not relatives of the United States Trustee or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Northern District of Georgia Atlanta Division.

10.    FTI has not provided, and will not provide any professional services to the Debtors, any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these chapter 11 cases.

**C. Scope of Services**

11.    FTI will provide such financial advisory services to the Committee and its legal advisor as they deem appropriate and feasible in order to advise the Committee in the course of these chapter 11 cases, including but not limited to the following:

- Assistance in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

14715785v2

- Assistance in the preparation of analyses required to assess any proposed Debtor-In-Possession ("DIP") financing or use of cash collateral;

- Assistance with the assessment and monitoring of the Debtors' short term cash flow, liquidity, and operating results;

- Assistance with the review of the Debtors' proposed key employee retention and other employee benefit programs;

- Assistance with the review of the Debtors' analysis of core business assets and the potential disposition or liquidation of non-core assets;

- Assistance with the review of the Debtors' cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

- Assistance with the review of the Debtors' identification of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

- Assistance in the review and monitoring of the asset sale process, including, but not limited to an assessment of the adequacy of the marketing process, completeness of any buyer lists, review and quantifications of any bids;

- Assistance with review of any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, refunds due to the Debtors, plans of reorganization, and asset sales;

- Assistance in the review of the claims reconciliation and estimation process;

- Assistance in the review of other financial information prepared by the Debtors, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and

14715785v2

disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

- Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

- Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in these chapter 11 proceedings;

- Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

- Assistance in the prosecution of Committee responses/objections to the Debtors' motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee; and

- Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

12.     FTI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.   If any new material facts or relationships are discovered, FTI will supplement its disclosure to the Court.

13.     FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these Chapter 11 cases.

**D. Terms of Retention**

14.    FTI is not owed any amounts with respect to pre-petition fees and expenses.

15.    The Committee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court and guidelines established by the United States Trustee.

16.    FTI seeks to be compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred by FTI.  FTI will bill for services rendered and out-of-pocket expenses incurred pursuant to Sections 330 and 331 of the Bankruptcy Code, the Federal Rule of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Northern District of Georgia (the "Local Rules"), the *Amended and Restated General Order 26-2019, Procedures for Chapter 11 Cases*, dated November 4, 2019 (the "Complex Case Procedures"), and any applicable procedures and orders of this Court.

17.    The customary hourly rates, subject to periodic adjustments, charged by FTI professionals anticipated to be assigned to these cases are as follows:

**United States**

| | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $920 - 1,295 |
| Directors / Senior Directors / Managing Directors | 690 -   905 |
| Consultants/Senior Consultants | 370 -   660 |
| Administrative / Paraprofessionals | 150 -   280 |

18.    FTI understands that interim and final fee awards are subject to approval by this Court.

**E. Indemnification**

19.    In addition to the foregoing, and as a material part of the consideration for the agreement of FTI to furnish services to the Committee pursuant to the terms of this Application,

FTI believes that the following indemnification terms are customary and reasonable for financial advisors in chapter 11 cases:

a.   subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement under this Application, but not for any claim arising from, related to, or in connection with FTI's post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court;

b.   the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct or fraud unless the Court determines that indemnification would be permissible pursuant to *In re United Artists Theatre company, et al., 315 F.3d 217 (3d Cir. 2003)*, or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Application; and

c.   if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in thes cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation,

the advancement of defense costs, FTI must file an application in this Court, and

the Debtors may not pay any such amounts to FTI before the entry of an order by

this Court approving the payment. This subparagraph (c) is intended only to specify

the period of time under which the Court shall have jurisdiction over any request

for fees and expenses by FTI for indemnification, and not as a provision limiting

the duration of the Debtors' obligation to indemnify FTI

The Committee believes that indemnification is customary and reasonable for financial advisors

in chapter 11 proceedings. *See In re Joan & David Halpern, Inc.*, 248 B.R. 43

(Bankr. S.D.N.Y. 2000).

## Relief Requested

20.     By this Application, the Committee seeks to employ and retain FTI pursuant to

Section 1103 of the Bankruptcy Code to perform financial advisory services for the Committee in

these chapter 11 cases, *nunc pro tunc* to February 13, 2020.

## Basis for Relief

21.     Section 1103(a) of the Bankruptcy Code provides:

At a scheduled meeting of a committee appointed under section 1102 of this title,
at which a majority of the members of such committee are present, and with the
court's approval, such committee may select and authorize the employment by such
committee of one or more attorneys, accountants, or other agents, to represent or
perform services for such committee.

11 U.S.C. § 1103(a).

22.     Section 1103(b) of the Bankruptcy Code further provides:

An attorney or accountant employed to represent a committee appointed under
section 1102 of this title *may not, while employed by such committee, represent any
other entity having an adverse interest in connection with the case*. Representation
of one or more creditors of the same class as represented by the committee shall not
per se constitute the representation of an adverse interest.

14715785v2                                          - 8 -

11 U.S.C. § 1103(b) (emphasis added).

23.     The Committee is familiar with the professional standing and reputation of FTI. The Committee understands and recognizes that FTI has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States.

24.     The services of FTI are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully.  Further, FTI is well qualified and able to represent the Committee in a cost-effective, efficient and timely manner.

25.     As set forth in the Declaration and consistent with Section 1103(b) of the Bankruptcy Code, FTI does *not* represent an entity that has an adverse interest in these Chapter 11 cases.  Accordingly, the Committee respectfully requests that the Court approve FTI's retention as financial advisor, *nunc pro tunc*, to February 13, 2020.

### Notice

26.     Notice of this Application is being provided to: (a) the Office of the United States Trustee for the Northern District of Georgia, as required by Rule 2014 of the Federal Rule of Bankruptcy Procedure, (b) Debtors' counsel, (c) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis, (d) counsel for the administrative agent of the Debtors' prepetition secured credit facility, (e) the Internal Revenue Service, (f) the Georgia Department of Revenue, (g) the Attorney General for the State of Georgia, (h) the United States Attorney for the Northern District of Georgia, (i) the state attorneys general for the states where the Debtors conduct business, and (j) any party in interest that has requested notice pursuant to Rule 2002 of the Federal

Rule of Bankruptcy Procedure. In light of the nature of the relief requested in the Application, the Committee submits that this notice is appropriate, and that no other or further notice need be given.

### No Prior Request

27.    No prior Application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that the Court: (i) enter an order substantially in the same form as the proposed order attached to this Application as **Exhibit B**, authorizing it to retain and employ FTI as its financial advisor to the Committee, *nunc pro tunc*, to February 13, 2020, and (ii) grant the Committee such other and further relief as is just and proper.

Dated:  March 3, 2020.

**THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE KRYSTAL COMPANY, *et al.***

**Realty Income Corporation,**
solely in its capacity as Committee Chair and not in its
individual capacity[2]

**Kirk R. Carson**
Committee Chair

---

[2]       Except as otherwise provided in this Application, I have made the statements herein on information and belief and in reliance on statements made to me by the Committee and its professionals.

## EXHIBIT A

### DECLARATION OF CLIFFORD A. ZUCKER

14715785v2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 20-61065-PWB |
| THE KRYSTAL COMPANY, *et al.*[1] | CHAPTER 11 |
| Debtors. | (Jointly Administered) |

### DECLARATION IN SUPPORT OF APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR AN ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO FEBRUARY 13, 2020

Pursuant to 28 U.S.C. §1746, Clifford A. Zucker declares as follows :

1.        I am a Senior Managing Director with FTI Consulting, Inc., together with its wholly owned subsidiaries ("FTI"), an international consulting firm.  I submit this Declaration on behalf of FTI (the "Declaration") in support of the *Application Pursuant to Fed. R. Bankr. P. 2014(a) for an Order Under Section 1103 of the Bankruptcy Code Authorizing the Employment and Retention pf FTI Consulting, Inc. as financial Advisor to the Official Committee of Unsecured Creditors Nunc Pro Tunc to February 13, 2020* (the "Application") of the Official Committee of Unsecured Creditors of The Krystal Company, *et al.* (the "Committee") of The Krystal Company and its debtor affiliates (collectively, the "Debtors"), for an order authorizing the employment and retention of FTI as financial advisor under the terms and conditions set forth in the Application. Except as otherwise noted,[2] I have personal knowledge of the matters set forth in the Application.

---

[1]        Certain of the disclosures in this Declaration relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

**Disinterestedness and Eligibility**

2.      In connection with the preparation of this Declaration, FTI conducted a review of its contacts with the Debtors, their affiliates and certain entities holding large claims against or interests in the Debtors that were made reasonably known to FTI.  A listing of the parties reviewed is reflected on **Exhibit 1** to this Declaration.  FTI's review, completed under my supervision, consisted of a query of the **Exhibit 1** parties within an internal computer database containing names of individuals and entities that are present or recent former clients of FTI.  A listing of such relationships that FTI identified during this process is set forth on **Exhibit 2** to this Declaration.

3.      Based on the results of its review, FTI does not have a relationship with any of the parties on **Exhibit 1** in matters related to these proceedings.  FTI has provided and could reasonably expect to continue to provide services unrelated to the Debtors' cases for the various entities shown on **Exhibit 2**.  FTI's assistance to these parties has been related to providing various financial restructuring, litigation support, technology, strategic communications, and economic consulting services.   To the best of my knowledge, FTI does not hold or represent any interest adverse to the Debtors' bankruptcy estates, nor does FTI's involvement in these cases compromise its ability to continue such consulting services.

4.      Further, as part of its diverse practice, FTI appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' cases.  Also, FTI has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys, law firms and financial institutions, some of whom may be involved in these proceedings.

5.       In addition, FTI has in the past, may currently and will likely in the future be working with or against other professionals involved in these cases in matters unrelated to the Debtors and these cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests adverse to the Debtors' bankruptcy estates, and none are in connection with these cases.

6.       FTI is not a "Creditor" with respect to fees and expenses of any of the Debtors within the meaning of Section 101(10) of the Bankruptcy Code.  Further, neither I nor any other member of the FTI engagement team serving this Committee, to the best of my knowledge, is a holder of any outstanding debt instruments or shares of the Debtors' stock.

7.       As such, to the best of my knowledge, FTI does not hold or represent any interest adverse to the Debtors' bankruptcy estates, and therefore believes it is eligible to represent the Committee under Section 1103(b) of the Bankruptcy Code.

8.       It is FTI's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner.  If any new material relevant facts or relationships are discovered or arise, FTI will promptly file a Bankruptcy Rule 2014(a) Supplemental Declaration.

**<u>Professional Compensation</u>**

9.       Subject to Court approval and in accordance with the applicable provisions of Sections 330 and 331 of the Bankruptcy Code, the Federal Rule of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Northern District of Georgia (the "<u>Local Rules</u>"), the *Amended and Restated General Order 26-2019, Procedures for Chapter 11 Cases*, dated November 4, 2019 (the "<u>Complex Case Procedures</u>"), and any applicable procedures and orders of this Court, FTI will seek payment for compensation on an hourly basis, plus

reimbursement of actual and necessary expenses incurred by FTI, including legal fees related to this retention application and future fee applications as approved by the Court. FTI's customary hourly rates as charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are outlined in the Application for the employment of FTI. These hourly rates are adjusted periodically.

10.    According to FTI's books and records, during the ninety (90) day period prior to the Petition Date, FTI performed no professional services or incurred any reimbursable expenses on behalf of the Debtors.

11.    To the best of my knowledge, (a) no commitments have been made or received by FTI with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and (b) FTI has no agreement with any other entity to share with such entity any compensation received by FTI in connection with these chapter 11 cases.

I declare under penalty of perjury that the foregoing is true and correct

Executed this ___2ᵈ___ day of March 2020

Clifford A. Zucker
Senior Managing Director with FTI Consulting, Inc.

## EXHIBIT 1

### Listing of Parties-in-Interest Reviewed for Current and Recent Former Relationships

**Debtors**
The Krystal Company
Krystal Holdings
K-Square Acquisition Co.

**Affiliates of the Debtors**
Argonne Capital
Argonne Capital Partners I
Argonne Capital Partners Parallel I
Charles, Frederic & Co.
Elite Restaurant Blocker
Elite Restaurant MII
Elite Restaurant Parent Holdings
GCM Grosvenor Secondary Opportunities Fund II
HL Secondary Aggregator I
HSLF IV Holdings
Krystal Parent Holdings
Krystal Parent Holdings
K-Square GP
K-Square Realty
K-Square Restaurant Partners
K-Square Restaurants
Matisse 402
Parallel Funds
Picasso 304
Strategic Partners VII Investments

**Current Officers and Directors**
Sherman Christensen
Michael Elliot
Tony Hardin
Karl Jaeger
Catherine Jefferson
Michael Klump
Dominic Losacco
Sloane Perras
Michael Root
Bruce Vermilyea
Tim Ward
Michael Wood

**Former Officers and Directors (During Past Two Years)**
Jason Abelkop
Berry Epley
Omar Janjua

Paul Macaluso

**Bankruptcy Professionals**
Alvarez & Marsal North America
King & Spalding
Kurtzman Carson Consultants
Piper Sandler & Co.
Scroggins & Williamson
The Phoenix Group

**Depository Banks (Excluding Secured Lenders)**
Ameris Bank
Bank of Dade
BB&T
Citizens State (Peoples Bank)
Crystac Property I
Crystac Property II
First Federal Bank
GE Capital Franchise Finance Corporation
Hancock Bank
Harbor Community Bank
Live Oak Restaurant Services
National Bank of TN
Planters First
Sterling National Bank
Sun Trust Bank
T.B. of Starke
TN State Bank
U.S. Bank
U.S. Bank Equipment Financial
U.S. Realty Advisors

**Equipment Lessors**
Konica Minolta

**Franchisees**
Abblitt Corporation
Anand Patel
B & B Inc. of Garcon Point
B&B Garcoon PT
Big Easy Enterprises
BJKF
Circle K Stores (Flash Foods)
Circle K Stores (The Pantry)
Craddock Oil
DDB&G Enterprises

14715785v2

Doogan Mountain Foods
Double Quick Inc.
Ejay Foods
Faye Foods
Fidelity Foods
Flash Foods
Goldt
GPM Investments
Griggs Foods
GSM
Kalpesh Das
KPG Investments
Lasseter
Sonny Lyon
Walter Lyon
Lyon Management Company
Meridian Squared
MONT J'S
Mike Moses
PAW Foods
Robden Enterprises
Steve Roberson
SLD
The Franville Corporation
WAC Enterprises
What A Combo

**Top Unsecured Creditors**
Aletheia Marketing & Media
AR Global
Collins, Wanda
CSI of The Southeast
DTT Surveillance
Fireeye Inc
Flowers Baking Company of Opelika
Halo Branded Solutions
Hobbs, Robin
Horizon River Technologies
Intergrated Graphics,
Johnson Controls
Marriott International And Sawgrass Marriott Golf
Resort & Spa
Mcguirewoods
Pension Benefit Guaranty Corporation
Preferred Premium Properties
Quatrro FPO Solutions
Radiant Systems
Ragona Architecture & Design
Realty Income

Republic Services National Accounts
SLM Waste & Recycling Services
Snap Tech IT
Store Capital Corp/Store Master Funding I
Strategic Equipment and Supply
The Tombras Group
United Health Care
US Foods
Vereit
Yext.

**Official Creditors' Committee Members**
Realty Income Corporation
Flowers Foods
NCR Corporation
Charles Tombras Advertising
The Coca-Cola Company
Pension Benefit Guaranty Corporation
SLM Waste Recycling
Kilpatrick Townsend & Stockton
Ulmer & Bernie
Bryan Cave Leighton Paisner
Klehr Harrison Harvey Branzburg
Kelley Drye & Warren

**Governmental Agencies**
Agricultural Marketing Service
Fair Trade Practices Program, PACA Division
Florida Department of Environmental Protection
Mississippi Department of Environmental Quality
Orange County (FL) – Environmental Protection
Division
Pension Benefit Guaranty Corporation
Tennessee Department of Environmental and
Conservation
U.S. Department of Agriculture

**Insurers, Insurance Brokers and Insurance
Financers**
AFCO Insurance Premium Finance
Beazley Ins Co
CNA
Constitution States Services
Continental Casualty Co
Everest National Insurance Company
Federal Insurance Company
Fireman's Fund Insurance Company
Indian Harbor Insurance Company
Lloyds of London

Mitsui Sumitomo Insurance Company of America
Selective Insurance Company of the Southeast
Southeast Series of Lockton Companies
The Hartford
The Travelers Indemnity Company of America
Travelers Property Casualty Company of America
Zurich North America

**Landlords**
1 CHIX
1045 Ellis Avenue Owner
182 Emerson
200 South Germantown
4248 South Dale Mabry Highway
522 Highway
747 RUSSELL PARKWAY
747 Russell Parkway
923 6th Street
Airport Properties/Montgomery Mobile
Investments
Alan B. Watts, and successors, Trustee of the Alan
B. Watts Trust dated July 18, 2014
AMIR IBRAHIM
Andrew J. Lineberry Living Trust
Ansonia Properties
Anthony Perricone, Trustee/Linda Renfroe,
Trustee
AR Global
ARC DB5PROP001 (AR Global)
ARC DB5PROP001 (Vereit)
ARC KL VVHALOO 1 (Vereit)
ARC KLABYGA001 (VEREIT)
ARC KLATLGA001 (VEREIT)
ARC KLATLGA002 (VEREIT)
ARC KLATLGA00L (Vereit)
ARC KLAUGGA001 (VEREIT)
ARC KLCBSGA001 (VEREIT)
ARC KLCNTMS001 (VEREIT)
ARC KLCNTNTN001 (VEREIT)
ARC KLCTNTN002 (VEREIT)
ARC KLEPTGA001 (VEREIT)
ARC KLGFPMS001 (VEREIT)
ARC KLGFPMSOOI (Vereit)
ARC KLHVLAL001 (VEREIT)
ARC KLHVLAL002 (VEREIT)
ARC KLHVLAL003 (VEREIT)
ARC KLJACFL001 (VEREIT)
ARC KLKNXTN001 (VEREIT)
ARC KLKNXTN00L (Vereit)

ARC KLLWBTN001 (VEREIT)
ARC KLMCNGA001 (VEREIT)
ARC KLMDGGA001 (VEREIT)
ARC KLMFBTN001 (VEREIT)
ARC KLMGY AL002 (Vereit)
ARC KLMGYAL001 (VEREIT)
ARC KLMGYAL002 (VEREIT)
ARC KLMGYAL003 (VEREIT)
ARC KLMPSTN001 (VEREIT)
ARC KLMPSTN002 (VEREIT)
ARC KLORLFL001 (VEREIT)
ARC KLORLFL002 (VEREIT)
ARC KLPLCFL001 (VEREIT)
ARC KLPRLMS001 (VEREIT)
ARC KLSAGFL00 1 (Vereit)
ARC KLSAGFL001 (VEREIT)
ARC KLSNVGA001 (VEREIT)
ARC KLSNVGA00L (Vereit)
ARC KLTCLAL001 (VEREIT)
ARC KLVLYAL001 (VEREIT)
ARC KLVVHAL001 (VEREIT)
B&M Development Properties
Barker's Village
Batka
Beard Holdings
Best Choice Burger
Bohnebarn
Bonanza Real Estate Holdings
Bourtos Enterprises
Brigham Limited
Edwin Brown
Jessie Brown
Buckhead 14th KB
C&L Properties
Calvin Walker, Sr./The Walker Management Trust
Capview Income & Value Fund IV
Carpello Family Trust dated February 5, 2004
Cirignano Limited Partnership #3
Clara Schmidt 2012 Family Trust
Clark Dothan
Clark/Willmschen Holdings 2
CNL Net Lease Funding 2001 (VEREIT)
Colluro Family Partners
Colvis Investments
Conrad Marietta
Crescent Sunset Properties
Cummings & Associates
Davis M Bohler TR Under Item VII, Synovus
Trust Company, Successor Trustee

14715785v2                                - 3 -

DB Gleghorn Family Revocable Trust Dated
February 16, 2006
DeGiacomo Holdings
William Demetree
Jack Demetree
Desai Holdings
Dixie Thomas Downer
DJ Rash Realty Company
DSS Krystal Conyers
DSS Krystal Jonesboro
DSS Krystal Stockbridge
Duggin Family Limited Partnership
Eden Star Property
Edwin B. Raskin Co.
Mavin Espinola
Fairburn Investments (Gals Real Estate)
Fairburn KB Freestanding
Faith Summerson, Trustee
Fan Properties
FCPT Holdings
GAM Development
Gate Petroleum Company
Maria George
Brian Gleghorn
Diana Denise Gleghorn
Gloria D. McColl Powell, Trustee
Gosh Enterprises
Graham I
Grigory Barshay
Guaranty Loan & Real Estate Co.
Hachmann
Emma Lee Hamilton
Hannah Rocks
Harden Oil Company
Hardy Realty and Development Co
Suzanne Harris
Ava Hedra
Will Hill Newton
Dimitros Hrysikos
Brooks Hubbard
Kathleen Hubbard
IH Krystal Fairburn
Jay Shree Ambe
Jean M Mayer Charitable Remainder Trust
Jefferson Davis Family
Jack Jenkins
JER Ocala
Jerry Hipps
Jet-10 Partnership

JGM Properties
JMT Land Holdings
John Carl Blow
Joseph L. Arrighi/Patricia L. Arrighi
Joseph L. Arrighi/Patricia L. Arrighi
Julie Deal Trust
Julie Deal, as Trustee of The Julie Deal Krystal
Trust
Kalies Properties
KB Ringgold GA
Kenneth W. Valk and Jessica H Stansberry 2002
Revocable Trust
Khan Investments of Jacksonville
William Kiker
Annette Kiker
George Knasi
Susan Knasi
Kry Warner Robins Realty
Krystal - Cleveland, MS
Krystal Columbus DT
Krystal Commerce
Krystal Owned
Krystal V
Kushner White Associates
Ladas Land and Development
Lake Point KB
Laporte
LEENA F&B
Lehigh Gas Wholesale Services
Lewis Commercial Properties
Susan Lile
Mark Lineberry
Loren
Los Balito's Taco Shop
M & M Matrix/M & M Medley
M and C Bohne
Mira Majzoub
Malad Nashville Enterprises
Malloy Fish Holdings
Marrero Land and Improvement Association
James McFadden
Claire McFarland Osborn
McKrystal
Mile High
James Miller
Elaine Miller
Miller Family Trust dated November 5, 2014, a
California trust
Mitchell Management of Florida

Takek Mogharbel
Brian Munn
Jennifer Munn
Nancy Bradford Booth
Sam Nasrallah
Newburger-Andes & Company
Tony Nguyen
Le Thi Nguyen
Nolensville Old Hickory
Nunes California Properties
Oak Creek Family Limited Partnership
OceanSky International
O'Mar
PAD P Partners
Parmenter REIT Fund V
Peach Willow
Adeline Pepper
Dung Pham
Regina Pham
PHSK
Pickwick Plaza
Pickwick Plaza
PPB&D
Praxis
Preferred Premium Properties
Rachel Pruett
Realty Income (Pool 1)
Realty Income (Pool 2)
RI CK2 - Pool 1 (Realty Income)
RI CK2 - Pool 2 (Realty Income)
Robert Laing
Rock Solid
Mary Ann Sage
Sai Shakti, LC
SAKI LIN
Sam's Seafood
Sanford Sage Trust
Maureen Scully McFadden
Shake's of Orange Park
Brice Shannon
Pope Shenouda
Sherri Miceli-Hurley Revocable Trust
Shiv Investment of Panama City
Shiva Meladi
Shropshire Properties
William Smith
Smith & Lee
Smokey Mountains
SPP Investments

Star Stores
Ben Steens
Store Capital
Store Master Funding I (Store Capital)
Sunshine Car Care
Susan J. Vose Trust of 2002
Robert Sykes
T.B. of Starke
Tabka
Paul Taylor
Taylor 2017 Trust Under Declaration of Trust
Dated March 14, 2017
Tenn Partners
The DB Gleghorn Family Revocable Trust
The Estate of Sidney Steinberg
The Friedrich Family Trust
The Paladini Family Trust-Archille G. Paladini,
Trustee
The Sheik
The Thang P. Bui Revocable Living Trust
Tindell Properties
Tony Nguyen Family Trust
Town and Tennis
Troismange (C. Robert Clark/Bright Interests)
Trustee of the Andrew J, Linberry Living Trust
under Trust Agreement Dated April 2, 2001
Trustees of The Paul D. Fulwood IV, Trust II
Phyllis Uyemura
VEREIT
Vision Real Estate
VVDT Investments
William Wanagaitis
Willard Scarbro Family
Willis N Harden, Jr Family Partnership
Wright National
WTD Investments II
Yardbirds of Northwest Florida II
John Young
Peggy Young
Zeavy

**Material Contract Counter-Parties**
Diversified Commercial Builders
Ecova
Exopsol
Horizon River Technologies
Kool-Aid Licensing
Kraft Heinz (Kool-Aid Licensing)
Kraft Heinz Foods Company

14715785v2

Marvin F. Poer and Company
Medcor
Mittauer & Associates
Netsurion
PepsiCo Sales
Pham, Jenifer
Quatrro FPO Solutions
Rentokil North America
Republic Services
Scholarship America
ServSafe
SLM Waste & Recycling Services
SMG
Smith & Howard
Spartan
Steritech Brand Standards
Techknow
The Fidelity and Deposit Company of Maryland
Travelers Companies
Travis Meats
UberEATS (Portier)
University of Alabama
US Foods
Worldpay
XL Catlin
Zeavy Jacksonville

**Ordinary Course Professionals**
Baker, Donelson, Bearman, Caldwell & Berkowitz
Bodker, Ramsey, Andrews, Winograd & Wildstein
Evershed Sutherland (US)
Gray Plant Mooty & Bennett
Jones, McKnight and Edmonson
Marvin F. Poer and Company
McGuireWoods
PricewaterhouseCoopers
Quatrro FPO Solutions
Seyfarth Shaw
Smith & Howard
Taylor English Duma

**Secured Lenders**
Cadence Bank
Citizens Bank
First Tennessee Bank
KRY
Regions Bank
Webster Bank
Wells Fargo Bank

**Bankruptcy Judges for the Northern District of Georgia**
Paul Bonapfel
Wendy Hagenau

**The Office of the U.S. Trustee for the Northern District of Georgia**
Mary Baltzell
Beth Brown
Anne Cabrera
Sherri Carlberg
Alexandria Davis
Chevonne Ducille
Thomas Dworschak
Kenny Elwood
Randal Ennever
Sheryl Ewen
Nancy Gargula
Nathan Garmon
Israel Ham
Deborah Jackson
Lindsay Kolba
Adrian Lee
Lisa Maness
Martin Ochs
Julee Rimes
Alisa Streete
Michele Taylor
Elaine Thompson
Jeneane Treace
David Weidenbaum

<u>**EXHIBIT 2**</u>

**Listing of Parties-in-Interest Noted for Court Disclosure**

<u>**Relationships in Matters Related to These Proceedings**</u>

**None**

<u>**Relationships in Unrelated Matters**</u>

**Bankruptcy Professionals**
Alvarez & Marsal North America
King & Spalding

**Depository Banks (Excluding Secured Lenders)**
BB&T
Sun Trust Bank
U.S. Bank

**Equipment Lessors**
Konica Minolta

**Franchisees**
GSM

**Top Unsecured Creditors**
Fireeye Inc
Johnson Controls
Mcguirewoods
Pension Benefit Guaranty Corporation
Realty Income
United Health Care
US Foods
Vereit

**Official Creditors' Committee Members**
Flowers Foods
The Coca-Cola Company
Pension Benefit Guaranty Corporation

**Official Creditors' Committee Members' Attorneys**
Kilpatrick Townsend & Stockton
Bryan Cave Leighton Paisner
Klehr Harrison Harvey Branzburg

**Official Creditors' Committee Attorneys**
Kelley Drye & Warren

**Governmental Agencies**
Pension Benefit Guaranty Corporation

**Insurers, Insurance Brokers and Insurance Financers**
CNA
Federal Insurance Company
Indian Harbor Insurance Company
Lloyds of London
Zurich North America

**Material Contract Counter-Parties**
Kraft Heinz Foods Company
Republic Services
The Fidelity and Deposit Company of Maryland
US Foods
XL Catlin

**Ordinary Course Professionals**
Baker, Donelson, Bearman, Caldwell & Berkowitz
Evershed Sutherland (US)
Gray Plant Mooty Mooty & Bennett
McGuireWoods
PricewaterhouseCoopers
Seyfarth Shaw
Taylor English Duma

**Secured Lenders**
Citizens Bank
First Tennessee Bank
Regions Bank
Wells Fargo Bank

**Official Creditors' Committee Members**
Realty Income Corpora

14715785v2

## EXHIBIT B

## PROPOSED ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 20-61065-PWB |
| THE KRYSTAL COMPANY, *et al.*[1] | CHAPTER 11 |
| Debtors. | (Jointly Administered) |

### ORDER AUTHORIZING RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

**THIS MATTER** is before the Court on the *Application Pursuant to Fed. R. Bankr. P. 2014(a) for an Order Under Section 1103 of the Bankruptcy Code Authorizing the Employment and Retention pf FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Nunc Pro Tunc to February 13, 2020* [Docket No. _____] (the "Application") filed by the Official Committee of Unsecured Creditors of The Krystal Company, *et al.* (the "Committee") pursuant to Section 1103 of Title 11, United States Code (the "Bankruptcy Code"). All Capitalized terms used but not defined in this Order shall have the meaning given to them in the Application.

No hearing is necessary on the Application absent the filing of an objection to it. Pursuant to a certificate of service filed with the Application, the Application has been served on: (a) the Office of the United States Trustee for the Northern District of Georgia, as required by Rule 2014 of the Federal Rule of Bankruptcy Procedure, (b) Debtors' counsel, (c) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis, (d) counsel for the administrative agent of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

Debtors' prepetition secured credit facility, (e) the Internal Revenue Service, (f) the Georgia Department of Revenue, (g) the Attorney General for the State of Georgia, (h) the United States Attorney for the Northen District of Georgia, (i) the state attorneys general for the states where the Debtors conduct business, and (j) any party in interest that has requested notice pursuant to Rule 2002 of the Federal Rule of Bankruptcy Procedure (collectively, the "Notice Parties"). No further service of the Application is necessary.

The Application and the accompanying declaration of Clifford A. Zucker in support of the Application (the "Declaration") demonstrate preliminarily that FTI Consulting, Inc. ("FTI") does not hold an interest adverse to The Krystal Company, Krystal Holdings, Inc., and K-Square Acquisition Co., LLC (collectively, the "Debtors") in connection with the above-captioned bankruptcy cases.  Accordingly, it is hereby ORDERED as follows:

1.      The Application is GRANTED.

2.      The Committee is authorized to retain FTI as its financial advisor in these Chapter 11 bankruptcy cases, pursuant to Section 1103 of the Bankruptcy Code, *nunc pro tunc* to February 13, 2020, on the terms set forth in the Application and the Affidavit, subject to objection as provided for in this Order.

3.      FTI shall be compensated pursuant to Sections 330 and 331 of the Bankruptcy Code, the Federal Rule of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Northern District of Georgia, the Complex Case Procedures, and any applicable procedures and orders of this Court.

4.      Any party in interest shall have twenty one (21) days from the service of this Order to file an objection to the Application and/or the relief provided in this Order.

5.      If an objection to the Application is timely filed, counsel for the Committee will set the Application and all objections to the Application for hearing pursuant to the Court's Open Calendar Procedures.

6.      If no objection to this Order is timely filed, this Order shall constitute a final Order approving the Application.

7.      The following indemnification provisions are approved:

a.  subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with the services to be provided by FTI as specified in the Application, but not for any claim arising from, related to, or in connection with FTI's post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court;

b.  the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct or fraud unless the Court determines that indemnification would be permissible pursuant to *In re United Artists Theatre company, et al., 315 F.3d 217 (3d Cir. 2003)*, or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Application; and

c.  if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the

entry of an order closing this chapter 11 case, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

8.    The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

9.    Counsel for the Committee is directed to serve a copy of this Order on the Notice Parties within three (3) days of the entry of this Order and to promptly file a certificate of service with the Clerk of the Court.

[END OF DOCUMENT]

**Prepared and Presented by:**

ARNALL GOLDEN GREGORY LLP


*/s/ Darryl S. Laddin*
Darryl S. Laddin, Georgia Bar No. 460793
Sean C. Kulka, Georgia Bar No. 648919
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
(404) 873-8500
(404) 873-8501 (facsimile)
darryl.laddin@agg.com
sean.kulka@agg.com

*Proposed Co-Counsel to the Official Committee of*
*Unsecured Creditors of The Krystal Company, et al.*

14715785v2                                        - 5 -