## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 (PWB) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF FILING OF MODIFIED PROPOSED ORDER
## (I) SETTING A BAR DATE FOR FILING PROOFS OF CLAIM, (II) SETTING AN AMENDED SCHEDULES BAR DATE, (III) SETTING A REJECTION DAMAGES BAR DATE, (IV) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, (V) APPROVING NOTICE OF THE BAR DATES, AND (VI) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that on February 21, 2020, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the proposed *Order (I) Setting a Bar Date for Filing Proofs of Claim, (II) Setting an Amended Schedules Bar Date, (III) Setting a Rejection Damages Bar Date, (IV) Approving the Form of and Manner for Filing Proofs of Claim, (V) Approving Notice of the Bar Dates, and (IV) Granting Related Relief* (the "Initial Proposed Order"). [Docket No. 180, Exhibit A].

**PLEASE TAKE FURTHER NOTICE** that a redline reflecting modifications to the Initial Proposed Order is attached hereto as **Exhibit A**.

*[Remainder of page intentionally left blank]*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916).  The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

Date:   March 16, 2020
        Atlanta, Georgia

Respectfully submitted,

KING & SPALDING LLP


*/s/ Sarah R. Borders*
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Counsel for the Debtors in Possession*

**<u>EXHIBIT A</u>**

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 (PWB) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |

**ORDER (I) SETTING A BAR DATE FOR FILING**
**PROOFS OF CLAIM, (II) SETTING AN AMENDED SCHEDULES BAR DATE,**
**(III) SETTING A REJECTION DAMAGES BAR DATE, (IV) APPROVING THE**
**FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, (V) APPROVING**
**NOTICE OF THE BAR DATES, AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion[2]") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) establishing the bar dates for filing proofs of claim in these chapter 11 cases; (b) establishing the bar date for

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916).  The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

36462432

filing proofs of claim following the Debtors' amendment of their Schedules; (c) establishing the

bar date for filing proofs of claim for damages arising from the Debtors' rejection of executory

contracts or unexpired leases; (d) approving the form of and manner for filing proofs of claim;

(e) approving notice of the Bar Dates; and (f) granting related relief; all as more fully set forth in

the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §

157(b)(2), and that this Court may enter a final order consistent with Article III of the United

States Constitution; and this Court having found that venue of this proceeding and the Motion in

this district is proper pursuant to 28 U.S.C.  §§ 1408 and 1409; and this Court having found that

the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors,

and other parties in interest; and this Court having found that the Debtors' notice of the Motion

and opportunity for a hearing on the Motion were appropriate under the circumstances and no

other notice need be provided; and this Court having reviewed the Motion and having heard the

statements in support of the relief requested therein at the hearing before this Court (the

"Hearing"); and this Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the

proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

      1.      The Motion is granted as set forth herein.

**I.**      **The Bar Dates and Procedures for Filing Proofs of Claim**

      2.      Each entity that asserts a claim against the Debtors that arose before the Petition

Date is required to file an original, written Proof of Claim, substantially in the form attached

hereto as **Exhibit 1** or Official Form 410.  Except in the cases of governmental units and certain other exceptions explicitly set forth herein, all Proofs of Claim must be filed so that they are received on or before **April 30, 2020, at 5:00 p.m., prevailing Eastern Time** (the "Claims Bar Date"), at the addresses and in the form set forth herein.  The Claims Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims arising under section 503(b)(9) of the Bankruptcy Code for goods received by the Debtors within the 20 day period prior to the Petition Date and claims specifically exempt from complying with the Claims Bar Date as set forth in this Order.

3.      If the Debtors file a previously unfiled Schedule or amend or supplement the Schedules after having given notice of the Bar Dates, the Debtors shall give notice by first-class mail of any filing, amendment, or supplement to holders of claims affected thereby, and the deadline for those holders to file Proofs of Claim, if necessary, shall as the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m. prevailing Eastern Time on the date that is 2130 days from the date the notice of the filing, amendment or supplement is given (or another time period as may be fixed by the Court) (the "Amended Schedules Bar Date").

4.      Unless otherwise ordered, all entities asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall file a Proof of Claim on account of such rejection by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable; or (b) 5:00 p.m. prevailing Eastern Time on the date that is 2130 days following entry of an order approving the rejection of any such executory contract or unexpired lease (the "Rejection Damages Bar Date").

- 3-

5.    All Proofs of Claim must be filed so as to be received by the Claims and Noticing Agent on or before the applicable Bar Date.  If Proofs of Claim are not received by the Claims and Noticing Agent on or before the applicable Bar Date, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any chapter 11 plans filed in these chapter 11 cases and/or receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

## II.    Parties Required to Submit a Proof of Claim

6.    The following categories of claimants shall be required to file a Proof of Claim by the applicable Bar Date:

(a)    any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed" and if such entity desires to ~~participate in any of these chapter 11 cases or~~ share in any distribution in any of these chapter 11 cases;

(b)    entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

(c)    any entity that believes that any claim listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a different Debtor.

## III.    Parties Not Required to File Proofs of Claim

7.    The following categories of claimants shall not be required to file a Proof of Claim by the applicable Bar Date:

(a)    any entity that already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court or with the Claims and Noticing Agent in a form substantially similar to Official Form 410;

(b)    any entity whose claim is listed on the Schedules if: (i) the claim is **not** scheduled as "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii)

such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)     any entity whose claim previously has been allowed by order of the Court;

(d)     any entity whose claim has been paid in full by the Debtors in accordance with an order of the Court;

(e)     any Debtor or non-Debtor subsidiary having a claim against another Debtor;

(f)     any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

(g)     any holder of an equity interest in a Debtor need not file a proof of interest with respect to the ownership of such equity interest at this time; *provided*, *however*, that any holder of an equity interest who wishes to assert a claim against a Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

(h)     an employee of any Debtor holding a claim for wages, commissions, or benefits if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business; *provided*, *however*, that a current or former employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation, as applicable;

(i)     any entity holding a claim for which a separate deadline is fixed by the Court;

(j)     any entity that is exempt from filing a Proof of Claim by order of the Court;

(k)     administrative expense claims for post-petition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code; and

(l)     claims asserting administrative priority and arising in the ordinary course of business (but not, for the avoidance of doubt, claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code for goods received by the Debtors within the 20 day period prior to the Petition Date ).

## IV.    Substantive Requirements of Proofs of Claim

8.     The following requirements shall apply with respect to filing and preparing each

Proof of Claim:

- 5-

(a) <u>Contents</u>.  Each Proof of Claim must:  (i) be legible and written in English; (ii) include a claim amount denominated in United States dollars (using the Petition Date rate of conversion, if applicable); (iii) conform substantially with the Proof of Claim Form or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(b) <u>Original Signatures Required</u>.  Each Proof of Claim other than an electronically submitted Proof of Claim must contain an original signature of the claimant or the claimant's authorized agent or legal representative.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

(c) <u>Identification of the Debtor Entity</u>.  Each Proof of Claim must clearly identify the Debtor against which the claim is being asserted, including such Debtor's individual case number.  A Proof of Claim filed under the joint administration case number (No. 20-61065) or otherwise without identifying a specific Debtor, will be deemed filed only against Debtor The Krystal Company.

(d) <u>Claim Against Multiple Debtors</u>.  Each Proof of Claim must state a claim against *only one* Debtor.  If a creditor has a claim against multiple Debtors, it must file a separate Proof of Claim against each such Debtor.  If more than one Debtor is listed on a single Proof of Claim, the asserted claim will be deemed filed only against the first-listed Debtor.  If the claimant asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim must be filed with respect to each Debtor.

(e) <u>Supporting Documentation</u>.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).

(f) <u>Timely Filing</u>.  Each Proof of Claim (including supporting documentation) must be filed so as to be *received*, on or before the applicable Bar Date by either: (i) electronically using the interface available on the Notice and Claims Agent's website at https://epoc.kccllc.net/Krystal; or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an *original* signature, at the following address:

> The Krystal Company Claims Processing Center
> c/o KCC
> 222 N. Pacific Coast Hwy, Suite 300
> El Segundo, CA 90245
> T: (888) 249-2792

Proofs of claim submitted by facsimile or electronic mail will *not* be accepted and will *not* be deemed timely **FILED**.

(g)    Receipt of Service.  Claimants wishing to receive acknowledgment that their Proofs of Claim were timely received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim (in addition to the original Proof of Claim) and (ii) a self-addressed, stamped envelope.

## V.    Identification of Known Creditors

9.    The Debtors shall mail notice of the Bar Dates only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

## VI.    Procedures for Providing Notice of Bar Date

### A.    Mailing of Bar Date Notice

10.    ~~On or about five~~Within three business days after entry of this Order, the Debtors shall cause written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice") and a Proof of Claim Form (together, the "Bar Date Package") to be mailed via first-class U.S. mail to the following entities:

(a)    the Office of the U.S. Trustee;

(b)    the Office of the United States Attorney for the Northern District of Georgia and for the other federal districts in which the Debtors conduct business;

(c)    counsel to the Committee;

(d)    all creditors and holders of potential claims against the Debtors, in each case, known as of the date of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have addresses;

(e)    each of the parties on the Limited Service List;

(f)    all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

(g)    all persons or entities that, upon reasonable inquiry, are believed to have conducted business with the Debtors;

(h)    all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date the Bar Date Order is entered;

(i)     all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of the Bar Date Order;

(j)     all known non-Debtor holders of equity interests in the Debtors as of the date the Bar Date Order is entered;

(k)     all entities who are party to executory contracts and unexpired leases with the Debtors;

(l)     all entities who are party to litigation with the Debtors;

(m)    all current and former employees (to the extent that contact information  for former employees is available in the Debtors' records);

(n)     all regulatory authorities that regulate the Debtors' businesses;

(o)     all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

(p)     the state attorneys general for states in which the Debtors conduct business;

(q)     the Pension Benefit Guaranty Corporation;

(r)     the United States Internal Revenue Service; and

(s)     the United States Securities and Exchange Commission.

11.     The Debtors shall provide all known creditors listed in the Schedules with a Proof of Claim Form.  Additionally, any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

12.     After the initial mailing of the Bar Date Packages the Debtors may, in their discretion, make supplemental mailings of notices or  packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtors may

make supplemental mailings of the Bar Date Packages in these and similar circumstances at any time up to ~~21~~30 days in advance of the Bar Date, with any such mailings being deemed timely and the appropriate Bar Date being applicable to the recipient creditors.

**B.    Publication of Bar Date Notice**

13.    The Debtors shall cause notice of the Bar Dates to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.  Specifically, the Debtors shall cause the Publication Notice, in substantially the form annexed hereto as **Exhibit 3**, to be published on one occasion in the *New York Times* (National Edition)*.*

**VII.    Consequences of Failure to File a Proof of Claim**

14.    Any entity who is required, but fails, to file a Proof of Claim in accordance with this Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.

**VIII.    Miscellaneous**

15.    The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16.    The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

17.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

[END OF DOCUMENT]

**Prepared and presented by:**

*/s/ Sarah R. Borders*
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com

*Counsel for the Debtors in Possession*

**<u>Exhibit 1</u>**

**Proof of Claim Form**

United States Bankruptcy Court for the Northern District of Georgia

Indicate Debtor against which you assert a claim by checking the appropriate box below. **(Check only one Debtor per claim form.)**

☐ The Krystal Company (Case No. 20-61065)     ☐ Krystal Holdings, Inc. (Case No. 20-61067)     ☐ K-Square Acquisition  Co., LLC (Case No. 20-61068)

## Official Form 410
# Proof of Claim
04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. ~~Other than a claim under 11 U.S.C. § 503(b)(9),~~ Do not use this form ~~should not be used~~ to make a ~~claim~~request for payment of an administrative expense ~~arising after the commencement of the case~~.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.**

| **Part 1:** | **Identify the Claim** |
|---|---|

1. **Who is the current  creditor?**

   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor

2. **Has this claim been acquired from someone else?**

   ☐ No

   ☐ Yes.    From whom?

3. **Where should notices and payments to the creditor be sent?**

   Where should notices to the creditor be sent?

   Where should payments to the creditor be sent? (if different)

4.

5. Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Name         Name

   Number     Street         Number     Street

   City   State   ZIP Code         City   State   ZIP Code

   Country         Country

   Contact phone         Contact phone

   Contact email         Contact email

   Uniform claim identifier for electronic payments in chapter 13 (if you use one):

   __ __ __ __ __ — __ __ __ __ __ — __ __ __ __ __ — __ __ __ __ __

6. **Does this claim amend one already filed?**

   ☐ No

   ☐ Yes.    Claim number on court claims registry (if known)         Filed on

| | MM / DD / YYYY |
|---|---|

| 7. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No |
| | | ☐ Yes. Who made the earlier filing? _____ |

| 8. | **Do you have any number you use to identify the debtor?** | ☐ No |
| | | ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

| 9. | **How much is the claim?** | $ _____ . **Does this amount include interest or other charges?** |
| | | ☐ No |
| | | ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| 10. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. |
| | | Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). |
| | | Limit disclosing information that is entitled to privacy, such as health care information. |
| | | _____ |

| 11. | **Is all or part of the claim secured?** | ☐ No |
| | | ☐ Yes. The claim is secured by a lien on property. |
| | | **Nature of property:** |
| | | ☐ Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*. |
| | | ☐ Motor vehicle |
| | | ☐ Other. Describe: _____ |
| | | **Basis for perfection:** _____ |
| | | Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) |
| | | **Value of property:** $_____ |
| | | **Amount of the claim that is secured:** $_____ |
| | | **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amount should match the amount in line 7.) |
| | | **Amount necessary to cure any default as of the date of the petition:** $_____ |

**Annual Interest Rate** (when case was filed)%

☐      Fixed

☐      Variable

---

12. **Is this claim based on a lease?**

☐   No

☐   Yes. **Amount necessary to cure any default as of the date of the petition.**

$_____

---

13. **Is this claim subject to a right of setoff?**

☐   No

☐   Yes**.** Identify the property: _____

_____

---

14. ~~Is all or part of the claim~~
Is all or part of the claim
entitled to priority under
11 U.S.C. § 507(a)?

☐   No

☐   Yes. *Check all that apply:*

**Proof of Claim**
page 2

**Amount entitled to priority**

15.

16. A claim may be partly
priority and partly
nonpriority. For example,
in some categories, the
law limits the amount
entitled to priority.

or

ends,

☐   Domestic support obligations (including alimony and child support) under
11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐   Up to $3,025* of deposits toward purchase, lease, or rental of property
services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐   Wages, salaries, or commissions (up to $13,650*) earned within 180
days before the bankruptcy petition is filed or the debtor's business
whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐   Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐   Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐   Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$_____

\*   Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

~~13. Is all or part of the claim~~
~~pursuant to 11 U.S.C.~~
~~§ 503(b)(9)?~~

~~No~~

~~Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20~~
~~days before the date of commencement of the above case, in which the goods have been sold to the Debtor~~
~~in~~   ~~the ordinary course of such Debtor's business. Attach documentation supporting such claim.~~

~~$_____~~

---

**Part 3:**   **Sign Below**

**The person completing this proof of claim must sign
and date it.**

**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2)
authorizes courts to establish local rules specifying what a
signature is.

**A person who files a fraudulent claim could be fined up
to $500,000, imprisoned for up to 5 years, or both.**

**18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐   I am the creditor.

☐   I am the creditor's attorney or authorized agent.

☐   I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐   I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an
acknowledgement that when calculating the amount of the claim, the creditor gave the
debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the

information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    _____

                        MM  /  DD  /  YYYY

_____

Signature

**Print the name of the person who is completing and signing this claim:**

Name        _____

            First name                Middle name

Title        _____

Company    _____

            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    _____

            Number                Street

            _____

            City                State            ZIP Code

Contact phone    __    Email    _____

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                                04/19

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

---

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**

18 U.S.C. §§ 152, 157 and 3571

---

## How to fill out this form

■ **Fill in all of the information about the claim as of the date the case was filed.**

■ **Fill in the caption at the top of the form**

■ **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

■ **Attach any supporting documents to this form.**

Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

■ **Do not attach original documents because attachments may be destroyed after scanning.**

■ **If the claim is based on delivery health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

### PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:

The Krystal Company Claims Processing Center

c/o KCC

222 N. Pacific Coast Hwy., Ste. 300

El Segundo, CA 90245

■ **A *Proof of Claim* form and any attached documents    must show only the last 4 digits of any social security    number, individual's tax identification number, or  financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

■ **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123  Main St., City, State).* See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may view a list of filed claims in this case by visiting the Claims and Noticing and Agent's website at http://www.kccllc.net/krystal.

### Understand the terms used in this form

~~Administrative expense:~~ ~~Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing that bankruptcy estate.~~

~~11 U.S.C. § 503~~

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

~~Claim Pursuant to 11 U.S.C. §503(b)(9):~~ ~~A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business.~~ ~~Attach documentation supporting such claim.~~

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity to who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received.

11 U.S.C. §101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

**<u>Exhibit 2</u>**

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 (PWB) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |

**NOTICE OF DEADLINES FOR THE FILING OF
(I) PROOFS OF CLAIM, AND (II) REJECTION DAMAGES CLAIMS**

**TO ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF
THE FOLLOWING DEBTOR ENTITIES:**

| Debtor Name | Case Number | Federal Tax Identification Number |
|---|---|---|
| The Krystal Company | Case No. 20-61065 (PWB) | 62-0264140 |
| Krystal Holdings Inc. | Case No. 20-61067 (PWB) | 58-2325381 |
| K-Square Acquisition Co., LLC | Case No. 20-61068 (PWB) | 45-4698916 |

**PLEASE TAKE NOTICE THAT:**

On January 19, 2020 (the "Petition Date"), The Krystal Company and certain of its affiliates and subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia (the "Court").

On [●], 2020, the Court entered an order [Docket. No. [●]] the ("Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim ("Proofs of Claim"), and claims for damages stemming from rejection of executory contracts or unexpired leases.  For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, and governmental units.  The terms

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916).  The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Bar Date Order.

"persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.    The Bar Dates

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (the "Bar Dates").

(a)    The Claims Bar Date.  Pursuant to the Bar Date Order, except as described below, all entities holding claims against any Debtor that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, ***are required to file Proofs of Claim so that such Proofs of Claim are received by the Claims and Noticing Agent by the Claims Bar Date (i.e., on or before April 30, 2020 at 5:00 p.m., prevailing Eastern Time).***  The Claims Bar Date applies to all types of claims against any Debtor that arose prior to the Petition Date, including, without limitation, secured claims, unsecured priority claims, and unsecured non-priority claims, except for claims arising under section 503(b)(9) of the Bankruptcy Code for goods received by the Debtors within the 20 day period prior to the Petition Date.

(b)    The Governmental Bar Date. All governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date ***are required to file proofs of claim so that such Proofs of Claim are received by the Claims and Noticing Agent by July 20, 2020 at 5:00 p.m., prevailing Eastern Time*** (the "Governmental Bar Date"). The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

(c)    The Amended Schedules Bar Date.  Pursuant to the Bar Date Order, all parties asserting claims against the Debtors' estates that are affected by a previously unfiled Schedule or amendment or supplement to the Schedules ***are required to file Proofs of Claim so that such Proofs of Claim are received by the Claims and Noticing Agent by the Amended Schedules Bar Date (i.e., by the later of (a)***

*the Claims Bar Date or the Governmental Bar Date, as applicable depending on the claimant, or (b) 5:00 p.m., prevailing Eastern Time, on the date that is ~~21~~30 days from the date on which the Debtors provide notice of such filing, amendment or supplement)*.

(d) <u>The Rejection Damages Bar Date</u>.  Pursuant to the Bar Date Order, all parties asserting claims against the Debtors' estates arising from the Debtors' rejection of an executory contract or unexpired lease *are required to file Proofs of Claim with respect to such rejection so that such Proofs of Claim are received by the Claims and Noticing Agent by the Rejection Damages Bar Date (i.e., by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or*
*(b) 5:00 p.m., prevailing Eastern Time, on the date that is ~~21~~30 days following entry of an order approving such rejection)*.

## II.    Who Must File a Proof of Claim

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date *must* file Proofs of Claim on or before the applicable Bar Date:

(a)    any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed" and if such entity desires to ~~participate in any of these chapter 11 cases or~~ share in any distribution in any of these chapter 11 cases;

(b)    any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

(c)    any entity that believes that any claim listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a different Debtor.

## III.    Parties Who Do Not Need to File Proofs of Claim

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates need *not* file Proofs of Claims:

(a)    any entity that already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court or with the Claims and Noticing Agent in a form substantially similar to Official Form 410;

(b)     any entity whose claim is listed on the Schedules if: (i) the claim is **not** scheduled as "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)     any entity whose claim previously has been allowed by order of the Court;

(d)     any entity whose claim has been paid in full by the Debtors in accordance with an order of the Court;

(e)     any Debtor or non-Debtor subsidiary having a claim against another Debtor;

(f)     any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

(g)     any holder of an equity interest in a Debtor need not file a proof of interest with respect to the ownership of such equity interest at this time; *provided*, *however*, that any holder of an equity interest who wishes to assert a claim against a Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

(h)     an employee of any Debtor holding a claim for wages, commissions, or benefits if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business; *provided*, *however*, that a current or former employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation, as applicable;

(i)     any entity holding a claim for which a separate deadline is fixed by the Court;

(j)     any entity that is exempt from filing a Proof of Claim by order of the Court;

(k)     administrative expense claims for post-petition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code; and

(l)     claims asserting administrative priority and arising in the ordinary course of business (but not, for the avoidance of doubt, claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code for goods received by the Debtors within the 20 day period prior to the Petition Date).

**IV.**  **Instructions for Filing Proof of Claim**

The following requirements shall apply with respect to filing and preparing each Proof of Claim against the first-listed Debtor.

(a)  <u>Contents</u>.  Each Proof of Claim must:  (i) be legible and written in English; (ii) include a claim amount denominated in United States dollars (using the Petition Date rate of conversion, if applicable); (iii) conform substantially with the Proof of Claim Form or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(b)  <u>Original Signatures Required</u>.  Each Proof of Claim other than an electronically submitted Proof of Claim must contain an original signature of the claimant or the claimant's authorized agent or legal representative.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

(c)  <u>Identification of the Debtor Entity</u>.  Each Proof of Claim must clearly identify the Debtor against which the claim is being asserted, including such Debtor's individual case number.  A Proof of Claim filed under the joint administration case number (No. 20-61065) or otherwise without identifying a specific Debtor, will be deemed filed only against Debtor The Krystal Company.

(d)  <u>Claim Against Multiple Debtors</u>.  Each Proof of Claim must state a claim against *only one* Debtor.  If a creditor has a claim against multiple Debtors, it must file a separate Proof of Claim against each such Debtor.  If more than one Debtor is listed on a single Proof of Claim, the asserted claim will be deemed filed only against the first-listed Debtor.  If the claimant asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim must be filed with respect to each Debtor.

(e)  <u>Supporting Documentation</u>.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).

(f)  <u>Timely Filing</u>.  Each Proof of Claim (including supporting documentation) must be filed so as to be ***received***, on or before the applicable Bar Date by (i) electronically using the interface available on the Notice and Claims Agent's website at https://epoc.kccllc.net/Krystal; or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an ***original*** signature, at the following address:

> The Krystal Company Claims Processing Center
> c/o KCC
> 222 N. Pacific Coast Hwy, Suite 300
> El Segundo, CA 90245
> T: (888) 249-2792

Proofs of claim submitted by facsimile or electronic mail will *not* be accepted and will *not* be deemed timely **FILED**.

(g)    <u>Receipt of Service</u>.   Claimants wishing to receive acknowledgment that their Proofs of Claim were timely received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim (in addition to the original Proof of Claim) and (ii) a self-addressed, stamped envelope.

## V.    Consequences of Failing to Timely File Your Proof of Claim

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you are required, but fail, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

(a)    YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO IN THESE CHAPTER 11 CASES);

(b)    THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

(c)    YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

(d)    YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN FOR THE DEBTORS ON ACCOUNT OF THAT CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.    Amendment to the Debtors' Schedules

If, subsequent to the date of this Notice, the Debtors file a previously unfiled Schedule or amend or supplement their Schedules to reduce the amount of your claim previously listed in the Schedules as undisputed, noncontingent, and liquidated, or to change the nature or classification of your claim reflected in the Schedules, you are required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the additional or amended scheduled claim on or before the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable to such claim, or (b) 5:00 p.m. prevailing Eastern Time on the date that is ~~21~~30 days after the date that on which the Debtors provide notice of the filing, amendment, or supplement to the Schedules (or another time period as may be fixed by the Court) (the "<u>Amended Schedules Bar Date</u>").

## VII.    The Rejection Damages Bar Date

If you have a claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m., prevailing Eastern Time, on the date that is 21 30 days following entry of an order approving such rejection (the "Rejection Damages Bar Date").  The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject such executory contract or unexpired lease.

## VIII.    The Debtors' Schedules and Access Thereto

You may be listed as the holder of a claim against one or more of the Debtors on the Debtors' Schedules.  It is your responsibility to determine that your claim is accurately listed in the Schedules.

If you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need **not** file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## IX.    Additional Information

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the Claims and Noticing Agent's website at https://www.kccllc.net/krystal.  The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at https://ecf.ganb.uscourts.gov/https://ecf.ganb.uscourts.gov/.  A login identification and password to the Court's Public Access to Court Electronic Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.http://www.pacer.psc.uscourts.gov.

If you require additional information regarding the filing of a proof of claim, you may contact the Claims and Noticing Agent directly by writing to: The Krystal Company Claims Processing Center, c/o KCC, 222 N. Pacific Coast Hwy, Suite 300, El Segundo, CA 90245. **Please note** that the Claims and Noticing Agent **cannot** offer legal advice or advise whether you should file a proof of claim.

**THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES _NOT_ MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THIS COURT BELIEVE THAT YOU HAVE ANY CLAIM.  A HOLDER OF A POSSIBLE CLAIM AGAINST THE**

**DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

<u>**Reservation of Rights**</u>

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the rights of the Debtors or any party in interest to: (a) dispute, or assert offsets or defenses against, any claim asserted by a Proof of Claim or listed on the Schedules, (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and otherwise amend or supplement the Schedules.

*[Remainder of page intentionally left blank.]*

**<u>Exhibit 3</u>**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 (PWB) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF DEADLINE FOR FILING OF PROOFS OF CLAIM

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    **Deadlines for Filing Proofs of Claim**.  On [●], 2020 the Court entered an order [Dkt. No. __] the ("Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors (listed below) must file proofs of claim ("Proofs of Claim"), including Rejection Damages Claims.

| Debtor Name | Case Number | Federal Tax Identification Number |
|---|---|---|
| The Krystal Company | Case No. 20-61065 (PWB) | 62-0264140 |
| Krystal Holdings, Inc. | Case No. 20-61067 (PWB) | 58-2325381 |
| K-Square Acquisition Co., LLC | Case No. 20-61068 (PWB) | 45-4698916 |

## The Bar Dates

    Claims Bar Date.  Pursuant to the Bar Date Order, <u>all</u> entities, including individuals, partnerships, estates, and trusts who have a claim or potential claim against the Debtors, that arose prior to the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **April 30, 2020 at 5:00 p.m., prevailing Eastern Time** (the "Claims Bar Date").

    Governmental Bar Date. Governmental entities who have a claim or potential claim against the Debtors that arose prior to the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **July 20, 2020 at 5:00 p.m., prevailing Eastern Time** (the "Governmental Bar Date").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916).  The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

Amended Schedules Bar Date.  All parties asserting claims against the Debtors' estates that are affected by a previously unfiled Schedule or an amendment or supplement to the Schedules are required to file Proofs of Claim by **the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m., prevailing Eastern Time, on the date that is ~~21~~30 days from the date on which the Debtors provide notice of a previously unfiled Schedule or amendment or supplement to the Schedules** (the "Amended Schedules Bar Date").

Rejection Damages Bar Date.  All parties asserting claims against the Debtors' estates arising from the Debtors' rejection of an executory contract or unexpired lease must file a Proof of Claim by the **later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m. prevailing Eastern Time on the date that is ~~21~~30 days following entry of an order approving such rejection** (the "Rejection Damages Bar Date").

ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM OR WHO FAILS TO FILE AN ADMINISTRATIVE CLAIM WITH THE COURT, IN EACH CASE ON OR BEFORE THE APPLICABLE BAR DATE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.

**Filing a Proof of Claim**.  Each Proof of Claim must be filed, including supporting documentation, by (i) electronically using the interface available on the Notice and Claims Agent's website at https://epoc.kccllc.net/Krystal; or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an *original* signature, so as to be *received* by KCC (the "Claims and Noticing Agent") on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein) at the following address:

The Krystal Company Claims Processing Center
c/o KCC
222 N. Pacific Coast Hwy, Suite 300
El Segundo, CA 90245
T: (888) 249-2792

**Contents of Proofs of Claim**.  Each proof of claim must (i) be legible and written in English; (ii) include a claim amount denominated in United States dollars (using the Petition Date rate of conversion, if applicable); (iii) conform substantially with the Proof of Claim Form; (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (v) include as attachments any and all supporting documentation on which the claim is based.  ***Please note*** that each proof of claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, a proof of claim is treated as if filed only against the first-listed Debtor, or if a proof of claim is otherwise filed without identifying a specific Debtor, the proof of claim may be deemed as filed only against The Krystal Company.

**ADDITIONAL INFORMATION**.  If you have any questions regarding the claims process and/or you wish to obtain a copy of the Bar Date Notice, a Proof of Claim Form or related documents you may do so by: (i) calling the Debtors' restructuring hotline at (888) 249-2792 (U.S./Canada) or (310) 751-2607 (International); (ii) visiting the Debtors' restructuring website at:  https://www.kccllc.net/krystal; and/or (iii) The Krystal Company Claims Processing Center, c/o KCC, 222 N. Pacific Coast Hwy, Suite 300, El Segundo, CA 90245. ***Please note*** that the Claims and Noticing Agent ***cannot*** offer legal advice or advise whether you should file a proof of claim.

*[Remainder of page intentionally left blank.]*