UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 (PWB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER
SHORTENING NOTICE AND SCHEDULING EXPEDITED HEARING ON
DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER
(I) APPROVING ENTRY INTO STALKING HORSE AGREEMENT AND
AUTHORIZING BREAK-UP FEE AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this *Emergency Motion for Entry of an Order Shortening Notice and Scheduling Expedited Hearing on Debtors' Emergency Motion for Entry of an Order (I) Approving Entry Into Stalking Horse Agreement and Authorizing Break-Up Fee and (II) Granting Related Relief* (the "Motion"). In support of this Motion, the Debtors respectfully state as follows:

**REQUESTED RELIEF**

1. By this Motion, the Debtors respectfully request the entry of an order shortening the applicable notice period for the *Emergency Motion for Entry of an Order (I) Approving Entry Into Stalking Horse Agreement and Authorizing Break-Up Fee and (II) Granting Related Relief*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

DMSLIBRARY01\36794548.v1

(the "Stalking Horse Motion")[2] [Docket No. 340] so that it can be heard, considered, and ruled upon by this Court on an expedited basis.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief requested herein are Sections 102(1) and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Rule 9013-4 of the Bankruptcy Court Rules for the Northern District of Georgia (the "Local Rules"), and Complex Case Procedure E(4) of the *Amended and Restated General Order 26-2019, Procedures for Complex Chapter 11 Cases*, dated November 4, 2019 (the "Complex Case Procedures").

## BACKGROUND

4.  On January 19, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court. The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 22, 2020, the Court entered an order [Docket No. 33] authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Rule 1015(b) of

---

[2] Capitalized terms used but not defined herein shall have them meanings ascribed to them in the Stalking Horse Motion.

2

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). No request has been made for the appointment of a trustee or examiner in these cases.

4. On February 11, 2020, the United States Trustee for the Northern District of Georgia (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee"). *See Appointment and Notice of Appointment of Committee of Creditors Holding Unsecured Claims* [Docket No. 143].

5. The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Jonathan M. Tibus in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 17] (the "First Day Declaration") filed on the Petition Date and incorporated herein by reference.

5. On April 21, 2020, contemporaneously with this Motion, the Debtors filed the Stalking Horse Motion. The Stalking Horse Agreement is attached to the Stalking Horse Motion as Exhibit B. The Stalking Horse Motion is incorporated herein by reference.

## BASIS FOR RELIEF

6. Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1).

7. Further, Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." "The basic purpose of Section 105(a) is to assure the bankruptcy court's power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 *Collier on Bankruptcy* ¶ 105.01 (16th ed. 2015). Thus, Section 105(a) essentially codifies the bankruptcy court's inherent equitable powers. *See Mgmt. Tech. Corp. v. Pardo (In re Mgmt. Tech. Corp.)*, 56 B.R.

337, 339 (Bankr. D.N.J. 1985) (holding that a court's equitable power is derived from Section 105).

8. Under Bankruptcy Rule 9006(c)(1), the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bank. P. 9006.

9. Local Rule 9013-4 and Complex Case Procedure E(4) permit shortened notice and hearing with regard to an emergency matter requiring immediate attention or a matter requiring expedited consideration.

10. Pursuant to the *Order (I) Approving Bidding Procedures for the Sale of the Debtors' Assets, (II) Scheduling Hearings and Objection Deadlines with Respect to the Sale, (III) Scheduling Bid Deadlines and an Auction, (IV) Approving the Form and Manner of Notice Thereof, (V) Approving Contract Assumption and Assignment Procedures, and (VI) Granting Related Relief* (the "Bidding Procedures Order") [Docket No. 227], the Debtors may seek expedited approval of the Stalking Horse Agreement and authorization of any Break-Up Fee.

11. Pursuant to the terms of the Stalking Horse Agreement, such Agreement (including the Break-Up Fee) must be approved by this Court on or before April 30, 2020. Further, the date and time of the Auction, if needed, is May 7, 2020 at 10:00 a.m. (prevailing Eastern Time) and a hearing to consider approval of the Sale (the "Sale Hearing") will take place on May 13, 2020 at 11:00 a.m. (prevailing Eastern time) pursuant to the Bidding Procedures Order. Because (i) the Stalking Horse Agreement must be approved on or before April 30, 2020 and (ii) the approval of the Stalking Horse Agreement and the authorization of the Break-Up Fee prior to the Auction and Sale Hearing is integral to the sale transaction contemplated by the Bidding Procedures Order, expedited consideration by the Court of the Stalking Horse Motion is required.

4

12. In light of the foregoing, cause exists to shorten the notice period and schedule a hearing on the Stalking Horse Motion on an expedited basis.

## NOTICE

13. The Debtors have provided notice of this motion to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the administrative agent for the Debtors' prepetition credit facilities; (d) the Internal Revenue Service; (e) the Georgia Department of Revenue; (f) the Attorney General for the State of Georgia; (g) the United States Attorney for the Northern District of Georgia; (h) the state attorneys general for states in which the Debtors conduct business; (i) the Stalking Horse Purchaser; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court: (i) enter an order in the form attached hereto as Exhibit A scheduling a hearing on the Stalking Horse Motion on an expedited basis; and (ii) grant the Debtors such other and further relief as is just and proper.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| Date: April 21, 2020<br>Atlanta, GA | Respectfully submitted,<br><br>KING & SPALDING LLP<br><br>*/s/ Sarah R. Borders*<br>Sarah R. Borders<br>Georgia Bar No. 610649<br>Jeffrey R. Dutson<br>Georgia Bar No. 637106<br>Leia Clement Shermohammed<br>Georgia Bar No. 972711<br>**KING & SPALDING LLP**<br>1180 Peachtree Street NE<br>Atlanta, Georgia 30309<br>Telephone: (404) 572-4600<br>Email: sborders@kslaw.com<br>Email: jdutson@kslaw.com<br>Email: lshermohammed@kslaw.com<br><br>*Counsel for the Debtors in Possession* |

2

## **EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 (PWB) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER SHORTENING NOTICE AND SCHEDULING HEARING
ON DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER
(I) APPROVING ENTRY INTO STALKING HORSE AGREEMENT AND
AUTHORIZING BREAK-UP FEE AND (II) GRANTING RELATED RELIEF**

This matter is before the Court on the *Emergency Motion for Entry of an Order Shortening Notice and Scheduling Expedited Hearing on Debtors' Emergency Motion for Entry of an Order (I) Approving Entry Into Stalking Horse Agreement and Authorizing Break-Up Fee and (II) Granting Related Relief* (this "Motion") of the above-captioned debtors and debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

in possession (collectively, the "Debtors"). All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

The Court has considered the Motion, the Stalking Horse Motion, and the other matters reflected in the record. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; that the relief sought in the Motion is in the best interests of the Debtors, their estates, and their creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1. The Motion is GRANTED as set forth herein.

2. **A hearing will be held on the Stalking Horse Motion on April 27, 2020 at 10:00 a.m. in Courtroom 1401, United States Bankruptcy Court for the Northern District of Georgia, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303. Given the current public health crisis, the hearing may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB website prior to the hearing for instructions on whether to appear in person or by phone.**

3. The Debtors' claims and noticing agent is directed to serve copies of this order and the notice attached to the Motion as Exhibit 1 on the following parties: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the administrative agent for the Debtors' prepetition credit facilities; (d) the Internal Revenue Service; (e) the Georgia Department of Revenue; (f) the Attorney General for the State of Georgia; (g) the United States Attorney for the Northern

District of Georgia; (h) the state attorneys general for states in which the Debtors conduct business; (i) the Stalking Horse Purchaser; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.

4. The Debtors' claims and noticing agent shall file a certificate of service with the Clerk of the Court certifying the above-outlined service.

5. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

END OF DOCUMENT

**Prepared and presented by:**

/s/  Sarah R. Borders
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Counsel for the Debtors in Possession*

**Exhibit 1**

**Form of Notice**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*[1] | ) | Case No. 20-61065 (PWB) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) APPROVING ENTRY INTO STALKING HORSE AGREEMENT AND AUTHORIZING BREAK-UP FEE AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On April 21, 2020, the Debtors filed the *Emergency Motion for Entry of an Order (I) Approving Entry Into Stalking Horse Agreement and Authorizing Break-Up Fee and (II) Granting Related Relief* [Docket No. 340] (the "Motion"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2. **A hearing on the Motion will be held on April 27, 2020, at 10:00 a.m. (prevailing Eastern time) in Courtroom 1401, United States Bankruptcy Court for the Northern District of Georgia, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303. Given the current public health crisis, the hearing may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB website prior to the hearing for instructions on whether to appear in person or by phone.**

3. **Any party objecting to the request for relief sought in the Motion must file an objection with the Court no later than 5:00 p.m. (prevailing Eastern Time) on April 24, 2020. If you file a written response to the Motion, you must attach a certificate stating when, how, and on whom (including addresses) you served the response. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

4. Copies of the Motion can be viewed and/or obtained by: (i) upon written request to the Debtors' counsel of record; (ii) at the website of the Debtors' proposed claims and noticing agent Kurtzman Carson Consultants LLC, at http://www.kccllc.net/krystal; (iii) by request via telephone at (888) 249-2792 (toll free for U.S. or Canadian-based parties) or (310) 751- 2607 (for International parties); and/or (iv) in the Office of the Clerk, U.S. Bankruptcy Court between 8:00 a.m. and 4:00 p.m. or online anytime at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.psc.uscourts.gov (unregistered users).

Date: April 21, 2020
Atlanta, GA

Respectfully submitted,

KING & SPALDING LLP

*/s/ Sarah R. Borders*
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Counsel for the Debtors in Possession*