**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*, | ) | CASE NO. 20-61065 |
| | ) | |
| Debtors | ) | (Jointly Administered) |

**ALAN B. WATTS TRUST'S OBJECTION TO**
**DEBTORS' NOTICE OF POSSIBLE ASSUMPTION**
**AND ASSIGMENT OF CONTRACT AND CURE COST CLAIM**

Comes Now the ALAN B. WATTS TRUST (herein the "**Landlord**") and hereby objects to the Debtors' "*Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases*" (Dkt. 310, the "**Sale Notice**") and states as follows:

1.  The Lease.  Landlord and debtor The Krystal Company are parties to that certain commercial "Lease Agreement" dated November 29, 2018 (the "**Lease**") pursuant to which the Debtor leases certain real property located at 415 Moreland Avenue, Atlanta, Georgia 30316 (the "**Property**").

2.  Objection and Reservation to Debtor's Cure Costs claim.  In the Sale Notice, the Debtors contend that $18,694.26 is the amount of unpaid monetary defaults under the Lease (the "**Cure Costs**") which the Debtor is required to cure in order to assume and/or assign the Lease pursuant to 11 U.S.C. § 365.

3.  Landlord objects to the cure amount listed by the Debtors, and Landlord contends the correct amount of Cure Costs totals **$23,118.62** as of April 1, 2020 ***plus*** any future rent, late charges, legal fees and other sums which accrue after that date and are not paid.  Attached hereto as Exhibit "A" is the Landlord's itemization of the Cure Costs as of April 1, 2020, with Landlord

reserving its right to alter or amend the Cure Costs amount in the future as may be required by accruing charges or other circumstances.

4. The legal fees noted in the itemization are recoverable as cure costs under the Bankruptcy Code. *In re Crown Books Corp.*, 269 B.R. 12 (Bankr. D. Del. 2001) (landlords' legal fees and costs are recoverable as a component of cure under 11 U.S.C. § 365(b)(1)); *In re Child World, Inc.*, 161 B.R. 349 (S.D.N.Y. 1993). Moreover, the Lease requires the reimbursement of such legal expenses, including Lease section 19 (indemnity) and section 11(f) (enforcement litigation upon default), and such legal fees are also recoverable under Georgia law which governs the Lease. *Hardwick, Cook & Co. v. 3379 Peachtree, Ltd.*, 184 Ga.App. 822, 363 S.E. 2d 31 (1987) (landlord was entitled to recover attorney's fees in an eviction proceeding pursuant to the terms of the lease); *In re Cunningham*, 79 B.R. 97 (Bankr. N.D.Ga. 1987)(J. Drake) (allowing claim for attorney's fees under indemnity provision and Georgia law); *United Rentals Systems v. Safeco Ins. Co.*, 156 Ga. App. 63, 273 S.E. 2d 868 (1980) (affirming trial court's award of attorney's fees under indemnity provision).

5. <u>Objection / Reservations Re: Adequate Assurance of Future Performance</u>. Curiously, the Sale Notice requires contract parties to specify any objection "to the ability of the Successful Bidder to provide adequate assurance of future performance with respect to any Assigned Contract . . ." [Sale Notice, pg. 2]. However, the Debtors have not yet identified a "Successful Bidder," and consequently they have not provided "*any*" information regarding adequate assurance of future performance as it pertains to any proposed assumption or assignment of the Lease. It is not the Landlord's obligation to "guess" about a potential buyer's ability to

perform.  Instead, the Debtors' have the burden of proving adequate assurance of future performance.[1]

6. Accordingly, it is premature to require objections at the present time on the issue of adequate assurance of future performance.  As a protective measure, Landlord formally objects to the Sale Notice on grounds that the Debtors have failed to meet their burden of proving adequate assurance of future performance, and Landlord reserves the right to amend or supplement this response as required once a Successful Bidder is identified and such party actually provides the Landlord with financial information pertaining to its ability to perform under the Lease.

WHEREFORE, Landlord respectfully requests that (a) any order entered by the Court respecting Cure Costs provide that the amount of the Cure Costs for the Lease is the amount asserted by the Landlord herein, as such amount may be amended or supplemented by Landlord, and (b) the Court grant Landlord  such other and further relief as may be just and proper.

---

[1] *See, In re FKA FC, LLC*, 545 B.R. 567, 573-74 (Bankr. W.D.Mich. 2016) ("As the party moving to assume an executory contract or unexpired lease, **the trustee has the ultimate burden of proving** that (i) the agreement is subject to assumption, and (ii) all requirements for assumption have been satisfied. . . . If the non-debtor counterparty proves the existence of a default, the burden then shifts back to the trustee as the party seeking to assume the agreement to demonstrate that such default has been cured or will be cured, and that adequate assurance of future performance has been provided."); *citing In re Rachels Indus., Inc.*, 109 B.R. 797, 802 (Bankr.W.D.Tenn.1990) ("In a proceeding under § 365, the party moving to assume a lease has the ultimate burden of persuasion that the lease is one subject to assumption and that all requirements for assumption have been met."); *In re Diamond Mfg. Co., Inc.*, 164 B.R. 189, 199 (Bankr.S.D.Ga.1994)

Dated: April 23, 2020

                                                                                                                       HECHT WALKER, P.C

                                                                                                                       /s/ Brad Baldwin
                                                                                                     Brad Baldwin (Ga Bar No. 034220)
                                                                                                     205 Corporate Drive, Suite B
                                                                                                     Stockbridge, Georgia 30281
                                                                                                     (404) 348-4881
                                                                                                     brad@hmhwlaw.com
                                                                                   *Attorneys for the Alan B. Watts Trust*

# EXHIBIT "A"

## CURE COST ITEMIZATION

Landlord:   Alan B. Watts Trust
Location:   415 Moreland Avenue, Atlanta, Georgia 30316

|  |  |
|---|---|
| $ 9,347.13 | Rent: 1-1-2020 |
| $ 467.36 | Late fee (5%) |
| $ 29.03 | waste disposal |
| $ 9,347.13 | Rent: 4-1-2020 |
| $ 467.36 | Late fee (5%) |
| $ 595.50 | legal fees [1] |
| $ 2,865.61 | legal fees (thru 4-1-20) [2] |
| **$ 23,118.62** | As of 4-1-20 (subject to accruing charges thereafter) |

Notes:

[1] Legal fees / expenses from Landlord's local counsel, the Law Office of Kevin McCann, in connection with pre-petition rent default and assisting Landlord in engaging bankruptcy counsel in Georgia. Invoices available upon request.

[2] Legal fees / expenses from Landlord's bankruptcy counsel, Hecht Walker PC, in connection with the bankruptcy proceeding. Invoices available upon request.

5

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that I have this date served the foregoing pleading by causing true and correct copies of the same (i) to be filed electronically using the Court's ECF filing system, which will result in electronic notice to the Debtors and all parties filing appearances in the bankruptcy cases, and (ii) delivered by email where indicated below:

| | |
|---|---|
| Sarah R. Borders<br>KING & SPALDING LLP<br>1180 Peachtree Street NE<br>Atlanta, Georgia 30309<br>*Debtor's counsel* | Darry Laddin<br>ARNALL GOLDEN GREGORY LLP<br>171 17th Street NW, Suite 2100<br>Atlanta, GA 30363<br><br>Eric Wilson<br>KELLEY DRYE & WARREN LLP<br>101 Park Avenue<br>New York, New York 10178<br>*Counsel to Creditors Committee* |
| Thomas Dworschak<br>U.S. Trustee's Office<br>Suite 362, Richard B. Russell Bldg.<br>75 Ted Turner Drive, SW<br>Atlanta, Georgia  30303 | |

Dated:  April 23, 2020

   /s/ Brad Baldwin
Brad Baldwin
Hecht Walker, P.C.
205 Corporate Drive, Suite B
Stockbridge, Georgia 30281
(404) 348-4881