**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | CHAPTER 11 |
|  | ) |  |
| THE KRYSTAL COMPANY, *et al.*, | ) | CASE NO. 20-61065 |
|  | ) |  |
| Debtors | ) | (Jointly Administered) |

**COLLURO FAMILY PARTNERS LLLP'S OBJECTION TO**
**DEBTORS' NOTICE OF POSSIBLE ASSUMPTION**
**AND ASSIGMENT OF CONTRACT AND CURE COST CLAIM**

Comes Now COLLURO FAMILY PARTNERS L.L.L.P. (herein the "**Landlord"**) and hereby objects to the Debtors' "*Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases*" (Dkt. 310, the "**Sale Notice**") and states as follows:

1.  <u>The Lease</u>.  Landlord and debtor The Krystal Company are parties to that certain commercial "Lease Agreement" dated October 4, 2016 (the "**Lease**") pursuant to which the Debtor leases certain real property located at 6209 Mobile Highway, Pensacola, Florida 32526 (the "**Property**").

2.  <u>Objection and Reservation to Debtor's Cure Costs claim</u>.  In the Sale Notice, the Debtors contend that $37,517.38 is the amount of unpaid monetary defaults under the Lease (the "**Cure Costs**") which the Debtor is required to cure in order to assume and/or assign the Lease pursuant to 11 U.S.C. § 365.

3.  Landlord objects to the cure amount listed by the Debtors, and Landlord contends the correct amount of Cure Costs totals **$53,662.55** as of April 2, 2020 ***plus*** (a) accruing penalties and interest on outstanding real estate taxes which the Debtor has failed to pay, *and* (b) any future rent, late charges, legal fees and other sums which accrue after that date and are not paid.  Attached

hereto as Exhibit "A" is the Landlord's itemization of the Cure Costs as of April 1, 2020, with Landlord reserving its right to alter or amend the Cure Costs amount in the future as may be required by accruing charges or other circumstances.

4. The legal fees noted in the itemization are recoverable as cure costs under the Bankruptcy Code. *In re Crown Books Corp.*, 269 B.R. 12 (Bankr. D. Del. 2001) (landlords' legal fees and costs are recoverable as a component of cure under 11 U.S.C. § 365(b)(1)); *In re Child World, Inc.*, 161 B.R. 349 (S.D.N.Y. 1993). Moreover, the Lease requires the reimbursement of such legal expenses, including Lease section 19 (indemnity) and section 11(f) (enforcement litigation upon default), and such legal fees are also recoverable under Florida law which governs the Lease. *Brown v. Gardens by the Sea S. Condo Ass'n.*, 424 So.2d 181 (Fla. 4th DCA 1983)(landlord was entitled to recover attorney's fees as part of its award); *see also, Sholkoff v. Boca Raton Cmty. Hosp., Inc.*, 693 So.2d 1114, 1118 (Fla. 4th DCA 1997) ("We note that in indemnity actions an indemnitee is generally entitled to recover as part of general damages the reasonable cost of an attorney for the matter.").

5. <u>Objection / Reservations Re: Adequate Assurance of Future Performance</u>. Curiously, the Sale Notice requires contract parties to specify any objection "to the ability of the Successful Bidder to provide adequate assurance of future performance with respect to any Assigned Contract . . ." [Sale Notice, pg. 2]. However, the Debtors have not yet identified a "Successful Bidder," and consequently they have not provided "*any*" information regarding adequate assurance of future performance as it pertains to any proposed assumption or assignment of the Lease. It is not the Landlord's obligation to "guess" about a potential buyer's ability to

perform.  Instead, the Debtors' have the burden of proving adequate assurance of future performance.[1]

6. Accordingly, it is premature to require objections at the present time as to the issue of adequate assurance of future performance.  As a protective measure, Landlord formally objects to the Sale Notice on grounds the Debtors have failed to meet their burden of proving adequate assurance of future performance, and Landlord reserves the right to amend or supplement this response as required once a Successful Bidder is identified and such party actually provides the Landlord with financial information pertaining to its ability to perform under the Lease.

WHEREFORE, Landlord respectfully requests that (a) any order entered by the Court respecting Cure Costs provide that the amount of the Cure Costs for the Lease is the amount asserted by the Landlord herein, as such amount may be amended or supplemented by Landlord, and (b) the Court grant Landlord  such other and further relief as may be just and proper.

---

[1] *See, In re FKA FC, LLC*, 545 B.R. 567, 573-74 (Bankr. W.D.Mich. 2016) ("As the party moving to assume an executory contract or unexpired lease, **the trustee has the ultimate burden of proving** that (i) the agreement is subject to assumption, and (ii) all requirements for assumption have been satisfied. . . . If the non-debtor counterparty proves the existence of a default, the burden then shifts back to the trustee as the party seeking to assume the agreement to demonstrate that such default has been cured or will be cured, and that adequate assurance of future performance has been provided."); *citing In re Rachels Indus., Inc.*, 109 B.R. 797, 802 (Bankr.W.D.Tenn.1990) ("In a proceeding under § 365, the party moving to assume a lease has the ultimate burden of persuasion that the lease is one subject to assumption and that all requirements for assumption have been met."); *In re Diamond Mfg. Co., Inc.*, 164 B.R. 189, 199 (Bankr.S.D.Ga.1994)

Dated: April 23, 2020

                                              HECHT WALKER, P.C

                                              /s/ Brad Baldwin
                                            Brad Baldwin (Ga Bar No. 034220)
                                            205 Corporate Drive, Suite B
                                            Stockbridge, Georgia 30281
                                            (404) 348-4881
                                            brad@hmhwlaw.com
                                            *Attorneys for Colluro Family Partners, L.L.L.P.*

# EXHIBIT "A"

## CURE COST ITEMIZATION

Landlord:   Colluro Family Partners, LLLP
Location:   6209 Mobile Hwy, Pensacola, Florida 32526

| | |
|---|---|
| $ 8,757.56 | Rent: 11-1-2019 |
| $ 630.54 | Rent sales tax |
| $ 8,757.56 | Rent: 12-1-2019 |
| $ 630.54 | Rent sales tax |
| $ 8,757.56 | Rent: 1-1-2020 |
| $ 613.03 | Rent sales tax |
| $ 8,757.56 | Rent: 4-1-2020 |
| $ 613.03 | Rent sales tax |
| $ 275.00 | craig site sign expense |
| $ 5,026.72 | 2019 Real Estate Taxes (due 3-31-20: penalties, interest accrue thereafter) |
| $ 9,378.45 | pre-petition legal fees [1] |
| $ 1,465.00 | post-petition legal fees (thru 4-1-20) [2] |
| **$ 53,662.55** | Thru 4-1-20 (subject to accruing charges thereafter) [3] |

Notes:

[1] Legal fees / expenses from the Moorhead Real Estate Law Group in connection with legal proceedings filed for Lease enforcement actions, including rent collection and/or eviction. Invoices available upon request.

[2] Legal fees / expenses from Hecht Walker PC in connection with the bankruptcy proceeding. Amount listed does not include unbilled legal expenses after 4-1-20. Invoices available upon request.

[3] The total sum does not include accruing interest / penalties on real estate taxes and late charges or interest on the delinquent rents which are otherwise recoverable under the Lease, and Landlord reserves the right to recover such sums in the event of any dispute over Cure Costs.

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that I have this date served the foregoing pleading by causing true and correct copies of the same (i) to be filed electronically using the Court's ECF filing system, which will result in electronic notice to the Debtors and all parties filing appearances in the bankruptcy cases, and (ii) delivered by email where indicated below:

| | |
|---|---|
| Sarah R. Borders<br>KING & SPALDING LLP<br>1180 Peachtree Street NE<br>Atlanta, Georgia 30309<br>*Debtor's counsel* | Darry Laddin<br>ARNALL GOLDEN GREGORY LLP<br>171 17th Street NW, Suite 2100<br>Atlanta, GA 30363<br><br>Eric Wilson<br>KELLEY DRYE & WARREN LLP<br>101 Park Avenue<br>New York, New York 10178<br>*Counsel to Creditors Committee* |
| Thomas Dworschak<br>U.S. Trustee's Office<br>Suite 362, Richard B. Russell Bldg.<br>75 Ted Turner Drive, SW<br>Atlanta, Georgia  30303 | |

Dated:  April 23, 2020

                                                                 /s/ Brad Baldwin
                                                                 Brad Baldwin
                                                                 Hecht Walker, P.C.
                                                                 205 Corporate Drive, Suite B
                                                                 Stockbridge, Georgia 30281
                                                                 (404) 348-4881