# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: | CASE NO. 20-61065 |
| THE KRYSTAL COMPANY, *et al.,* | CHAPTER 11 |
| Debtors. | (Jointly Administered) |

### OBJECTION OF EDEN STAR PROPERTIES, LLC
### TO DEBTORS' NOTICE TO CONTRACT PARTIES TO POTENTIALLY
### ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

COMES NOW Eden Star Properties, LLC (the "**Landlord**") and files this objection to the Debtors' Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Doc. 310] (the "**Cure Notice**"), respectfully showing the Court as follows:

1. The Landlord and Debtor The Krystal Company (the "**Debtor**") are parties to that certain Lease Agreement dated February 13, 2019 (the "**Lease**") with respect to real property located at 2815 & 2817 N. Broadway, Knoxville, Tennessee, which houses a restaurant known as Krystal #KNX 004 (the "**Property**").

2. In the Cure Notice, the Debtors contend that $21,791.00 is the amount of unpaid monetary defaults under the Lease which the Debtor is required to cure in order to assume and/or assign the Lease pursuant to 11 U.S.C. § 365.

3. The Landlord objects to the cure amount listed by the Debtors, and the Landlord asserts the correct amount of cure costs totals **$26,523.49** as of April 1, 2020, plus all future rent, late charges, legal fees and other sums which accrue after that date and are not paid (the "**Cure Amount**").[1] The amount specified above includes post-petition rent for April 2020, which has not

---

[1] The Cure Amount specified above includes unpaid rent of $9,166.67 for January 2020 and $9,258.34 for April 2020, unpaid taxes of $4,541.00 and related interest of $921.25, attorneys' fees of $2,500.00, and late fees of $921.25.

been paid, and the Landlord reserves the right to amend the Cure Amount for future unpaid amounts under the Lease, if any.

4. In addition, the Debtor is responsible for maintaining insurance on the Property, and the current policy is set to expire on May 1, 2020. If the Debtor fails to renew the policy or obtain a replacement policy, the Landlord will have no choice other than to obtain replacement insurance and increase the Cure Amount accordingly.

5. Further, the Debtor has not disclosed any information about the proposed purchaser and assignee of the Lease. Accordingly, the Landlord reserves all rights with respect to adequate assurances of the assignee's performance.

WHEREFORE, the Landlord respectfully requests that any order entered by the Court respecting cure costs provide that the amount of the cure costs related to the Lease is the Cure Amount asserted by the Landlord herein, as such amount may be amended or supplemented by the Landlord, if necessary.

Dated: April 24, 2020

Respectfully submitted,

**ROUNTREE LEITMAN & KLEIN, LLC**

*/s/ Benjamin R. Keck*
William A. Rountree, Ga. Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
2987 Clairmont Road, Suite 175
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
*Attorneys for the Landlord*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2020, I filed the foregoing pleading using the Court's CM/ECF system, which generates an electronic notice of filing to all parties registered to receive notices thereby.

**ROUNTREE LEITMAN & KLEIN, LLC**

*/s/ Benjamin R. Keck*
William A. Rountree, Ga. Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
2987 Clairmont Road, Suite 175
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
*Attorneys for the Landlord*