**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| In re:<br><br>THE KRYSTAL COMPANY., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 20-61065 (PWB)<br><br>(Jointly Administered) |

**OBJECTION OF (I) VEREIT REAL ESTATE, L.P. AND (II) CNL NET
LEASE FUNDING 2001, LP TO NOTICE TO CONTRACT PARTIES TO
POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

COMES NOW, VEREIT Real Estate, L.P. ("VEREIT"), CNL Net Lease Funding 2001, LP ("CNL"), by and through its undersigned counsel, and hereby files this Objection (the "Objection") to the Debtors' *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* for each of the respective Properties (as hereinafter defined) (the "Notice"). As more fully set forth in this Objection, each of VEREIT and CNL (together, "Landlords") objects to (a) the cure amount relating to its respective Leases (as hereinafter defined), as stated in the related Notice, and (b) any potential assumption or assumption and assignment of any of its respective Leases without providing for both (i) a full and complete cure; and (ii) adequate assurance of future performance. In support of this Objection, Landlords respectfully states the following:

///

///

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

## <u>BACKGROUND</u>

**I.      Procedural History.**

1.      On or about January 19, 2020, The Krystal Company ("<u>Debtor</u>") and two of its affiliates, each filed their respective voluntary petitions for relief under chapter 11 of 11 U.S.C. § 101 *et seq.*  Each of the Debtors have continued to operate their respective businesses and manage their respective properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

**II.     The Properties and Leases.**

2.      VEREIT owns the following nonresidential real properties, including the respective buildings and improvements located thereon (each, a "<u>VEREIT Property</u>" and, collectively, the "<u>VEREIT Properties</u>"):

A.      3916 Norman Bridge Road, Montgomery, Alabama 36104 (the "<u>Norman Bridge Property</u>"), which VEREIT leases to Debtor pursuant to that certain Lease Agreement dated as of September 21, 2012 and that certain Rent Addendum thereto (collectively with all other amendments, addenda, attachments and exhibits thereto, the "<u>Norman Bridge Lease</u>") by and between ARC KLMGYAL001, LLC, as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. MNT003;

B.      3710 McFarland Boulevard, Tuscaloosa, Alabama 35405 (the "<u>Tuscaloosa Property</u>"), which VEREIT leases to Debtor pursuant to that certain Lease Agreement dated as of September 21, 2012 and that certain Rent Addendum thereto, as amended pursuant to that certain First Amendment to Lease Agreement dated as of June 26, 2018 (as amended and collectively with all other amendments, addenda, attachments and exhibits thereto, the "<u>Tuscaloosa Lease</u>") by and between ARC KLTCLAL001, LLC, as

2

predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. TUS002;

C.    2023 North Main Street, Jacksonville, Florida 32206 (the "Jacksonville Property"), which VEREIT leases to Debtor pursuant to that certain Lease Agreement dated as of September 21, 2012 and that certain Rent Addendum thereto (collectively with all other amendments, addenda, attachments and exhibits thereto, the "Jacksonville Lease") by and between ARC KLJACFL001, LLC, as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. JAX004;

D.    6201 West Colonial Drive, Orlando, Florida 32808 (the "Orlando Property"), which VEREIT leases to Debtor pursuant to that certain Lease Agreement dated as of September 21, 2012 and that certain Rent Addendum thereto, as amended pursuant to (i) that certain First Amendment to Lease Agreement dated as of January 10, 2017 and (ii) that certain Second Amendment to Lease Agreement dated as of February 24, 2017 (as amended and collectively with all other amendments, addenda, attachments and exhibits thereto, the "Orlando Lease") by and between ARC KLORLFL001, LLC as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. ORL009;

E.    713 West Oglethorpe Boulevard, Albany, Georgia 31701 (the "Albany Property"), which VEREIT leases to Debtor pursuant to that certain Lease Agreement dated as of September 21, 2012 and that certain Rent Addendum thereto (collectively with all other amendments, addenda, attachments and exhibits thereto, the "Albany Lease") by and between ARC KLABYGA001, LLC as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. ALB001;

4821-4561-6059.2

F.    2537 Peach Orchard Road, Augusta, Georgia 30906 (the "Augusta Property"), which VEREIT leases to Debtor pursuant to that certain Lease Agreement dated as of September 21, 2012 and that certain Rent Addendum thereto (collectively with all other amendments, addenda, attachments and exhibits thereto, the "Augusta Lease") by and between ARC KLAUGGA001, LLC as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. AUG005;

G.    3029 Manchester Expressway, Columbus, Georgia 31909 (the "Columbus Property"), which VEREIT leases to Debtor pursuant to that certain Lease Agreement dated as of September 21, 2012 and that certain Rent Addendum thereto (collectively with all other amendments, addenda, attachments and exhibits thereto, the "Columbus Lease") by and between ARC KLCBSGA001, LLC as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. COL007;

H.    1855 Candler Road, Decatur, Georgia 30032 (the "Decatur Property"), which VEREIT leases to Debtor pursuant to that certain Lease Agreement dated as of September 21, 2012 and that certain Rent Addendum thereto, as amended pursuant to (i) that certain First Amendment to Lease Agreement dated as of January 10, 2017 and (ii) that certain Second Amendment to Lease Agreement dated as of February 24, 2017 (as amended and collectively with all other amendments, addenda, attachments and exhibits thereto, the "Decatur Lease") by and between ARC KLATLGA001, LLC as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. ATL0021;

I.    2863 Pio Nono Avenue, Macon, Georgia 31206 (the "Macon Property"), which VEREIT leases to Debtor pursuant to that certain Lease Agreement dated as of

4

September 21, 2012 and that certain Rent Addendum thereto (collectively with all other amendments, addenda, attachments and exhibits thereto, the "Macon Lease") by and between ARC KLMCNGA001, LLC as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. MAC004;

J.      1884 North Columbia Street, Milledgeville, Georgia 31061 (the "Milledgeville Property"), which VEREIT leases to Debtor pursuant to that certain Lease Agreement dated as of September 21, 2012 and that certain Rent Addendum thereto, as amended pursuant to that certain First Amendment to Lease Agreement dated as of January 10, 2017 (as amended and collectively with all other amendments, addenda, attachments and exhibits thereto, the "Milledgeville Lease") by and between ARC KLMDGGA001, LLC as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. MAC011;

K.      3502 Highway 80, Pearl, Mississippi 39208 (the "Pearl Property"), which VEREIT leases to Debtor pursuant to that certain Lease Agreement dated as of September 21, 2012 and that certain Rent Addendum thereto (collectively with all other amendments, addenda, attachments and exhibits thereto, the "Pearl Lease") by and between ARC KLPRLMS001, LLC as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. PMS001;

L.      3150 Broad Street, Chattanooga, Tennessee 37408 (the "Broad Property"), which VEREIT leases to Debtor pursuant to that certain Lease Agreement dated as of September 21, 2012 and that certain Rent Addendum thereto (collectively with all other amendments, addenda, attachments and exhibits thereto, the "Broad Lease") by and

between ARC KLCTNTN001, LLC as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. CHN026;

M.      2509 North Main Street, East Point, Georgia 30344 (the "East Point Property"), which VEREIT leases to Debtor pursuant to that certain Lease Agreement dated as of October 26, 2012 and that certain Rent Addendum thereto, as amended pursuant to (i) that certain First Amendment to Lease Agreement dated as of January 10, 2017 and (ii) that certain Second Amendment to Lease Agreement dated as of February 24, 2017 (as amended and collectively with all other amendments, addenda, attachments and exhibits thereto, the "East Point Lease") by and between ARC KLEPTGA001, LLC as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. ATL008;

N.      1024 North Memorial Parkway, Huntsville, Alabama 38501 (the "Memorial Property"), which VEREIT leases to Debtor pursuant to that certain Land and Building Lease dated as of April 23, 2013 (collectively with all amendments, addenda, attachments and exhibits thereto, the "Memorial Lease") by and between ARC KLHVLAL001, LLC, as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. HTV002;

O.      2346 Whitesburg Drive, Huntsville, Alabama 35801 (the "Whitesburg Property"), which VEREIT leases to Debtor pursuant to that certain Land and Building Lease dated as of April 23, 2013, as amended pursuant to (i) that certain First Amendment to Land and Building Lease dated as of January 10, 2017, (ii) that certain Second Amendment to Land and Building Lease dated as of February 24, 2017, and (iii) TI Allowance and Annual Rent Adjustment Agreement dated as of August 3, 2017 (as

amended and collectively with all other amendments, addenda, attachments and exhibits thereto, the "Whitesburg Lease") by and between ARC KLHVLAL002, LLC, as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. HTV004;

P.     5650 Atlanta Highway, Montgomery, Alabama 36117 (the "Atlanta Highway Property"), which VEREIT leases to Debtor pursuant to that certain Land and Building Lease dated as of April 23, 2013 (collectively with all amendments, addenda, attachments and exhibits thereto, the "Atlanta Highway Lease") by and between ARC KLMGYAL003, LLC, as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. MNT005;

Q.     2918 20th Avenue, Valley, Alabama 36854 (the "Valley Property"), which VEREIT leases to Debtor pursuant to that certain Land and Building Lease dated as of April 23, 2013, as amended pursuant to (i) that certain First Amendment to Land and Building Lease dated as of January 10, 2017, (ii) that certain Second Amendment to Land and Building Lease dated as of February 24, 2017, and (iii) TI Allowance and Annual Rent Adjustment Agreement dated as of September 26, 2017 (as amended and collectively with all other amendments, addenda, attachments and exhibits thereto, the "Valley Lease") by and between ARC KLVLYAL001, LLC, as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. AUB003;

R.     1820 Highway 72 East, Corinth, Mississippi 38834 (the "Corinth Property"), which VEREIT leases to Debtor pursuant to that certain Land and Building Lease dated as of April 23, 2013, as amended pursuant to (i) that certain First Amendment to Land and Building Lease dated as of January 10, 2017, (ii) that certain Second

7

Amendment to Land and Building Lease dated as of February 24, 2017, and (iii) TI Allowance and Annual Rent Adjustment Agreement dated as of September 26, 2017 (as amended and collectively with all other amendments, addenda, attachments and exhibits thereto, the "Corinth Lease") by and between ARC KLCNTMS001, LLC, as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. MFS020;

S.      2298 East 23rd Street, Chattanooga, Tennessee 37407 (the "East 23rd Property"), which VEREIT leases to Debtor pursuant to that certain Land and Building Lease dated as of April 23, 2013 (collectively with all amendments, addenda, attachments and exhibits thereto, the "East 23rd Lease") by and between ARC KLCTNTN002, LLC, as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. CHN006;

T.      1824 North Locust Avenue, Lawrence, Tennessee 38464 (the "Lawrence Property"), which VEREIT leases to Debtor pursuant to that certain Land and Building Lease dated as of April 23, 2013 (collectively with all amendments, addenda, attachments and exhibits thereto, the "Lawrence Lease") by and between ARC KLLWBTN001, LLC, as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. LWG001;

U.      2663 Mount Moriah Road, Memphis, Tennessee 38115 (the "Memphis Property"), which VEREIT leases to Debtor pursuant to that certain Land and Building Lease dated as of April 23, 2013 (collectively with all amendments, addenda, attachments and exhibits thereto, the "Memphis Lease") by and between ARC KLMPSTN001, LLC,

8

as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. MFS009;

V.    1858 South Church Street, Murfreesboro, Tennessee 37130 (the "Murfreesboro Property"), which VEREIT leases to Debtor pursuant to that certain Land and Building Lease dated as of April 23, 2013 (collectively with all amendments, addenda, attachments and exhibits thereto, the "Murfreesboro Lease") by and between ARC KLMFBTN001, LLC, as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. NSH026; and

W.    970 Old Monrovia Road NW, Huntsville, Alabama 35806 (the "Monrovia Property") which VEREIT leases to Debtor pursuant to that certain Land and Building Lease dated as of June 5, 2013, as amended pursuant to (i) that certain First Amendment to Land and Building Lease dated as of January 10, 2017, (ii) that certain Second Amendment to Land and Building Lease dated as of February 24, 2017, and (iii) TI Allowance and Annual Rent Adjustment Agreement dated as of August 3, 2017 (as amended and collectively with all other amendments, addenda, attachments and exhibits thereto, the "Monrovia Lease") by and between ARC KLHVLAL002, LLC, as predecessor-in-interest by merger into VEREIT, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. HTV005.

3.    CNL owns the following nonresidential real properties, including the respective buildings and improvements located thereon (each, a "CNL Property" and, collectively, the "CNL Properties"):

A.    1020 Fort Dale Road, Greenville, Alabama 36037 (the "Greenville Property"), which CNL leases to Debtor pursuant to that certain Amended and Restated

4821-4561-6059.2

Lease Agreement dated as of February 1, 2014, as amended by (i) that certain First Amendment to Amended and Restated Lease Agreement dated as of August 23, 2016, and (ii) TI Allowance and Annual Rent Adjustment Agreement dated as of June 5, 2017 (as amended and collectively with all other amendments, addenda, attachments and exhibits thereto, the "Greenville Lease") by and between CNL, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. GVL001;

B.      2678 Zelda Road, Montgomery, Alabama 36107 (the "Zelda Property"), which CNL leases to Debtor pursuant to that certain Amended and Restated Lease Agreement dated as of February 1, 2014, as amended by (i) that certain First Amendment to Amended and Restated Lease Agreement dated as of August 23, 2016, and (ii) TI Allowance and Annual Rent Adjustment Agreement dated as of June 5, 2017 (as amended and collectively with all other amendments, addenda, attachments and exhibits thereto, the "Zelda Lease") by and between CNL, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. MNT006;

C.      24787 John T. Reid Parkway, Scottsboro, Alabama 35769 (the "Scottsboro Property"), which CNL leases to Debtor pursuant to that certain Amended and Restated Lease Agreement dated as of February 1, 2014, as amended by (i) that certain First Amendment to Amended and Restated Lease Agreement dated as of August 23, 2016, and (ii) TI Allowance and Annual Rent Adjustment Agreement dated as of June 5, 2017 (as amended and collectively with all other amendments, addenda, attachments and exhibits thereto, the "Scottsboro Lease") by and between CNL, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. SCA002; and

10

D.      6119 Lee Highway, Chattanooga, Tennessee 37421 (the "Lee Property"), which CNL leases to Debtor pursuant to that certain Amended and Restated Lease Agreement dated as of February 1, 2014, as amended by that certain First Amendment to Amended and Restated Lease Agreement dated as of August 23, 2016 (as amended and collectively with all other amendments, addenda, attachments and exhibits thereto, the "Lee Lease") by and between CNL, as landlord, and Debtor, as tenant, and Debtor identifies as Store No. CHN017.

4.      The VEREIT Properties and the CNL Properties are, each, a "Property" and, collectively, the "Properties".

5.      The Norman Bridge Lease, the Tuscaloosa Lease, the Jacksonville Lease, the Orlando Lease, the Albany Lease, the Augusta Lease, the Columbus Lease, Decatur Lease, Macon Lease, Milledgeville Lease, the Pearl Lease, the Broad Lease, the East Point Lease, the Memorial Lease, the Whitesburg Lease, the Atlanta Highway Lease, the Valley Lease, the Corinth Lease, the East 23rd Lease, Lawrence Lease, the Memphis Lease, the Murfreesboro Lease, the Monrovia Lease, Greenville Lease, the Zelda Lease, the Scottsboro Lease, and the Lee Lease are, each, a "Lease" and, collectively, the "Leases".

## III.    The Notice.

6.      Pursuant to the Notice, the Debtors seek permission to, among other actions, fix the cure amounts due with respect to certain executory contracts and unexpired leases, including the Leases.  The Notice states that according to the Debtors' books and records, the cure amount for the unpaid monetary obligations under each of the Leases is as follows:

///

///

11

| Landlord | Lease | Debtor Store Number | Debtor Asserted Cure Amount |
|---|---|---|---|
| VEREIT | Norman Bridge Lease | MNT003 | $21,635.22 |
| VEREIT | Tuscaloosa Lease | TUS002 | $22,907.86 |
| VEREIT | Jacksonville Lease | JAX004 | $20,524.34 |
| VEREIT | Orlando Lease | ORL009 | $19,751.94 |
| VEREIT | Albany Lease | ALB001 | $17,271.80 |
| VEREIT | Augusta Lease | AUG005 | $20,362.54 |
| VEREIT | Columbus Lease | COL007 | $25,998.62 |
| VEREIT | Decatur Lease | ATL021 | $10,492.88 |
| VEREIT | Macon Lease | MAC004 | $18,180.84 |
| VEREIT | Milledgeville Lease | MAC011 | $14,187.78 |
| VEREIT | Pearl Lease | PMS001 | $24,358.85 |
| VEREIT | Broad Lease | CHN026 | $32,343.80 |
| VEREIT | East Point Lease | ATL008 | $14,834.74 |
| VEREIT | Memorial Lease | HTV002 | $18,182.16 |
| VEREIT | Whitesburg Lease | HTV004 | $17,745.22 |
| VEREIT | Atlanta Highway Lease | MNT005 | $17,506.18 |
| VEREIT | Valley Lease | AUB003 | $17,517.08 |
| VEREIT | Corinth Lease | MFS020 | $24,428.34 |
| VEREIT | East 23rd Lease | CHN006 | $26,006.37 |
| VEREIT | Lawrence Lease | LWG001 | $22,548.38 |
| VEREIT | Memphis Lease | MFS009 | $25,701.98 |
| VEREIT | Murfreesboro Lease | NSH026 | $25,884.76 |
| VEREIT | Monrovia Lease | HTV005 | $26,775.26 |
| CNL | Greenville Lease | GVL001 | $16,598.04 |
| CNL | Zelda Lease | MNT006 | $18,473.36 |
| CNL | Scottsboro Lease | SCA002 | $20,033.80 |
| CNL | Lee Lease | CHN017 | $23,656.78 |

///

///

///

///

///

///

4821-4561-6059.2

## OBJECTION

**I.      Cure Amounts.**

7.      Contrary to the Notice, according to the respective Landlord's books and records, as of April 30, 2020 (the "Reference Date"), the accrued monetary amounts due under each of the Leases is as follows[2]:

| Landlord | Lease | Debtor Store Number | Landlord Cure Amount |
|----------|-------|---------------------|----------------------|
| VEREIT | Norman Bridge Lease | MNT003 | $30,942.87[3] |
| VEREIT | Tuscaloosa Lease | TUS002 | $22,907.86 |
| VEREIT | Jacksonville Lease | JAX004 | $21,438.56[4] |
| VEREIT | Orlando Lease | ORL009 | $22,464.42[5] |
| VEREIT | Albany Lease | ALB001 | $17,271.80 |
| VEREIT | Augusta Lease | AUG005 | $20,362.54 |
| VEREIT | Columbus Lease | COL007 | $25,998.62 |
| VEREIT | Decatur Lease | ATL021 | $11,580.96[6] |
| VEREIT | Macon Lease | MAC004 | $18,180.84 |
| VEREIT | Milledgeville Lease | MAC011 | $14,187.78 |
| VEREIT | Pearl Lease | PMS001 | $24,555.09[7] |

[2]  For Leases whose cure amounts differ between the amounts asserted by Debtor in the Notice and the amounts reflected on the affected Landlord's books and records, information regarding such discrepancy is set forth in the accompanying footnotes.

[3]  This amount includes $9,307.67 on account of a mechanic's lien claim by IHS Services, Inc. ("IHS") that has been wrongfully asserted against VEREIT in that certain action pending in the Circuit Court of Montgomery County, Alabama as Court Case No. 03-CV-2020-900483.00.  Debtor's failure to pay amounts that may be owing to IHS and the resulting assertion of a mechanic's lien by IHS on the Norman Bridge Property constitute defaults under the Norman Bridge Lease that Debtor must cure, along with all other defaults thereunder (as required by and subject to 11 U.S.C. § 365).  Without limiting (a) any of the objections raised herein and (b) additional cure amounts that may have accrued or are accruing, as set forth in this Objection, and without admitting or accepting liability for the amounts asserted by IHS in the foregoing action (which liability is expressly denied by VEREIT), the cure amount due by Debtor to VER under the Norman Bridge Lease is subject to change based on any liability ultimately asserted against VEREIT by IHS and any costs and expenses incurred by VEREIT in connection with defending the foregoing action.

[4]  This amount includes $914.22 on account of outstanding sales taxes assessed on certain 2019 real estate taxes with respect to the Jacksonville Property.

[5]  This amount includes (i) $587.24 on account of outstanding sales taxes assessed on certain 2019 real estate taxes with respect to the Orlando Property; and (ii) unpaid base rent amounts attributable to a contractual rent increase under the Orlando Lease in the amount of $74.13 per month that Debtor has not remitted—the aggregate portion of the cure amount attributable to such unpaid rent increases is $2,125.24.

[6]  This amount includes unpaid base rent amounts attributable to a contractual rent increase under the Decatur Lease in the amount of $39.38 per month that Debtor has not remitted.  The aggregate portion of the cure amount attributable to such unpaid rent increases is $1,088.08.

[7]  This amount includes interest and penalties on the outstanding county and city property taxes as of April 30, 2020. Additional interest and penalties are continuing to accrue on such amounts.  Without limiting any of the objections

4821-4561-6059.2

| Landlord | Lease | Debtor Store Number | Landlord Cure Amount |
|---|---|---|---|
| VEREIT | Broad Lease | CHN026 | $32,741.22[8] |
| VEREIT | East Point Lease | ATL008 | $16,376.48[9] |
| VEREIT | Memorial Lease | HTV002 | $18,182.16 |
| VEREIT | Whitesburg Lease | HTV004 | $17,734.76[10] |
| VEREIT | Atlanta Highway Lease | MNT005 | $17,506.18 |
| VEREIT | Valley Lease | AUB003 | $17,517.08 |
| VEREIT | Corinth Lease | MFS020 | $24,664.55[11] |
| VEREIT | East 23rd Lease | CHN006 | $26,245.25[12] |
| VEREIT | Lawrence Lease | LWG001 | $22,748.38[13] |
| VEREIT | Memphis Lease | MFS009 | $25,865.52[14] |
| VEREIT | Murfreesboro Lease | NSH026 | $26,113.76[15] |

raised herein and without limiting additional cure amounts that may have accrued or are accruing, as set forth in this Objection, the cure amount due by Debtor to VER under the Pearl Lease is subject to change based on the ongoing accrual of such interest and penalties until paid by Debtor.

[8] This amount includes interest and penalties on the outstanding county and city property taxes as of April 30, 2020. Additional interest and penalties are continuing to accrue on such amounts. Without limiting any of the objections raised herein and without limiting additional cure amounts that may have accrued or are accruing, as set forth in this Objection, the cure amount due by Debtor to VER under the Broad Lease is subject to change based on the ongoing accrual of such interest and penalties until paid by Debtor.

[9] This amount includes unpaid base rent amounts attributable to a contractual rent increase under the East Point Lease in the amount of $55.68 per month that Debtor has not remitted. The aggregate portion of the cure amount attributable to such unpaid rent increases is $1,541.74.

[10] This amount includes an overpayment of tenant improvement obligations under the Whitesburg Lease in the aggregate amount of $8.70.

[11] This amount includes interest and penalties on the outstanding county and city property taxes as of April 30, 2020. Additional interest and penalties are continuing to accrue on such amounts. Without limiting any of the objections raised herein and without limiting additional cure amounts that may have accrued or are accruing, as set forth in this Objection, the cure amount due by Debtor to VER under the Corinth Lease is subject to change based on the ongoing accrual of such interest and penalties until paid by Debtor.

[12] This amount includes interest and penalties on the outstanding county and city property taxes as of April 30, 2020. Additional interest and penalties are continuing to accrue on such amounts. Without limiting any of the objections raised herein and without limiting additional cure amounts that may have accrued or are accruing, as set forth in this Objection, the cure amount due by Debtor to VER under the East 23rd Lease is subject to change based on the ongoing accrual of such interest and penalties until paid by Debtor.

[13] This amount includes interest and penalties on the outstanding county and city property taxes as of April 30, 2020. Additional interest and penalties are continuing to accrue on such amounts. Without limiting any of the objections raised herein and without limiting additional cure amounts that may have accrued or are accruing, as set forth in this Objection, the cure amount due by Debtor to VER under the Lawrence Lease is subject to change based on the ongoing accrual of such interest and penalties until paid by Debtor.

[14] This amount includes interest and penalties on the outstanding county and city property taxes as of April 30, 2020. Additional interest and penalties are continuing to accrue on such amounts. Without limiting any of the objections raised herein and without limiting additional cure amounts that may have accrued or are accruing, as set forth in this Objection, the cure amount due by Debtor to VER under the Memphis Lease is subject to change based on the ongoing accrual of such interest and penalties until paid by Debtor.

[15] This amount includes interest and penalties on the outstanding county and city property taxes as of April 30, 2020. Additional interest and penalties are continuing to accrue on such amounts. Without limiting any of the objections raised herein and without limiting additional cure amounts that may have accrued or are accruing, as set forth in this

| Landlord | Lease | Debtor Store Number | Landlord Cure Amount |
|----------|-------|---------------------|----------------------|
| VEREIT | Monrovia Lease | HTV005 | $27,218.56[16] |
| CNL | Greenville Lease | GVL001 | $16,731.97[17] |
| CNL | Zelda Lease | MNT006 | $18,530.93[18] |
| CNL | Scottsboro Lease | SCA002 | $20,447.33[19] |
| CNL | Lee Lease | CHN017 | $24,130.92[20] |

8.    The foregoing amounts represent only known base rent, real estate taxes, late fees and sales tax amounts due thereon, as applicable, that were not paid when due by Debtor, as required under the respective Leases under which Debtor is obligated, and remain outstanding as of the Reference Date (collectively, the "Outstanding Monetary Obligations"), all as more particularly set forth on the applicable exhibits hereto.

9.    Under the terms of the Leases, Debtor is responsible for the payment of all rent, insurance, utilities, real estate tax, common area maintenance, association dues, late fee, sales tax and other amounts attributable or related to the respective Properties leased thereunder, as applicable.

10.    In addition to the Outstanding Monetary Obligations, base rent, real estate taxes, late fee, other amounts denominated as additional rent, and sales tax amounts due on all of the

---

Objection, the cure amount due by Debtor to VER under the Murfreesboro Lease is subject to change based on the ongoing accrual of such interest and penalties until paid by Debtor.

[16] This amount includes December 2019 late fees under the Monrovia Lease in the amount of $443.40.

[17] This amount includes outstanding tenant improvement obligations under the Greenville Lease in the aggregate amount of $133.93.

[18] This amount includes outstanding tenant improvement obligations under the Zelda Lease in the aggregate amount of $57.57.

[19] This amount includes outstanding tenant improvement obligations under the Scottsboro Lease in the aggregate amount of $413.53.

[20] This amount includes interest and penalties on the outstanding county and city property taxes as of April 30, 2020. Additional interest and penalties are continuing to accrue on such amounts. Without limiting any of the objections raised herein and without limiting additional cure amounts that may have accrued or are accruing, as set forth in this Objection, the cure amount due by Debtor to VER under the Lee Lease is subject to change based on the ongoing accrual of such interest and penalties until paid by Debtor. There is also an unknown discrepancy in base rent due in the amount of $474.14.

foregoing, as applicable, will become due and owing pursuant to each of the Leases from and after the Reference Date[21] and must similarly be paid by Debtor, or any assignee when due or paid in connection with any assumption or assumption and assignment (as the case may be) of any of the Leases. Each Landlord objects to any assumption or assumption and assignment of its respective Lease(s) unless all rent, insurance, utility, real estate tax, common area maintenance, association dues, late fee and other monetary obligations (including reconciliations thereof, adjustments thereto and sales tax thereon, as applicable) that become due pursuant to the terms of the such Lease(s) from and after the Reference Date (a) are paid as and when due or (b) are paid in full in connection with an assumption or assumption and assignment of any of its Lease(s), as the case may be.

11.     Further monetary obligations may have accrued pursuant to Leases but have not yet become the subject of an invoice or statement and may not become due prior to the entry of an order approving the assumption or assumption and assignment of the respective Leases. Non-exclusive examples of these accrued, but not yet due, obligations are association dues, real property taxes and insurance obligations, as applicable, all of which must be paid by Debtor, pursuant to the terms of the respective Leases. Debtor and any proposed assignee must acknowledge, and any order approving cure amounts and the assumption or assumption and assignment of any of the Leases must provide, (a) that Debtor or any proposed assignee shall be liable for all amounts that have accrued but have not become the subject of a statement or other invoice without regard to whether such amounts are attributable to a pre-petition or post-petition period, and (b) that payment of year-end reconciliations and adjustments, if any, will be made by Debtor or any assignee as and when due pursuant to the terms of the respective Leases. Each Landlord objects

---

[21] Including, without limitation, all regular monthly amounts due under the Leases on May 1, 2020.

4821-4561-6059.2

to any assumption or assumption and assignment of its respective Lease(s) to the extent that the order approving any assumption or assumption and assignment of any such Lease(s) does not obligate Debtor or any assignee to pay all obligations that have accrued under the such Lease(s) but have not yet become due and payable prior to the date an order is entered approving the assumption or assumption and assignment thereof.

12.     As set forth in the respective Leases, each Landlord additionally asserts its right to be reimbursed as part of the cure payment for all of its actual pecuniary losses including, but not limited to, attorneys' fees and costs expended with regard to enforcing its rights under the Leases in connection with the Debtor's bankruptcy proceedings.  Each Landlord further objects to the extent that all cure amounts are not immediately paid in full upon any assumption or assumption and assignment of its respective Lease(s), including all of its actual pecuniary losses including, but not limited to, attorneys' fees and costs expended with regard to enforcing its rights under such Lease(s) as part of these proceedings.

13.     Lastly, each of the Leases also provide that Debtor must indemnify and hold the applicable Landlord harmless with regard to any and all claims suffered by such Landlord and arising from Debtor's use or occupancy of the related Property.  Debtor and any assignee of any of the Leases must assume all indemnification liabilities set forth in such Lease(s) or Debtor must be required to evidence, or obtain, adequate insurance in order to guaranty that its indemnity responsibilities will be met.  Claims for indemnity may include, but are not limited to, (a) claims for personal injuries which occur at the affected Property where Debtor or the related Landlord is joined as a party defendant, (b) damage and destruction to the property by Debtor or its agents, (c) claims for mechanic's, materialmen's or similar liens with respect to any of the Properties (including actions brought in connection therewith where Debtor or the related Landlord is joined

4821-4561-6059.2

as a party defendant), or (d) claims for environmental damage or environmental cleanup.  Each Landlord objects to any assumption or assumption and assignment of its respective Lease(s) to the extent that it does not obligate Debtor or any assignee of any such Lease to be responsible for all indemnification liabilities or obligate Debtor to otherwise provide assurance that such indemnification obligations will be satisfied.

## II.     Adequate Assurances of Future Performance.

14.     Neither Debtor nor Krystal Acquisition, LLC ("Stalking Horse Bidder"), the proposed stalking horse bidder identified in *Debtors' Emergency Motion for Entry of an Order (I) Approving Entry Into Stalking Horse Agreement and Authorizing Break-Up Fee and (II) Granting Related Relief* [Docket No. 340], have provided either Landlord with any information regarding Stalking Horse Bidder's adequate assurances of future performance, as required by this Court's *Order (I) Approving Bidding Procedures for the Sale of the Debtors' Assets, (II) Scheduling Hearings and Objection Deadlines with Respect to the Sale, (III) Scheduling Bid Deadlines and an Auction, (IV) Approving the Form and Manner of Notice Thereof, (V) Approving Contract Assumption and Assignment Procedures, and (VI) Granting Related Relief* [Docket No. 227] (the "Bidding Procedures Order").  Accordingly, each Landlord objects to any assumption or assumption and assignment of its respective Lease(s) unless and until Debtor and Stalking Horse Bidder provide to each Landlord information sufficient to satisfy the requirements under the Bidding Procedures Order and 11 U.S.C. § 365(b) with respect to Stalking Horse Bidder's adequate assurances of future performance.

## RESERVATION OF RIGHTS

15.     Each Landlord reserves all rights to object to any assumption and assignment of any of its respective Lease(s) on the basis of adequate assurance of future performance with respect

to Debtor, in the event Debtor seeks to assume any of the Leases, or any assignee, in the event Debtor seeks to assume and assign any of the Leases, as required by 11 U.S.C. § 365, including any heightened adequate assurance information required by 11 U.S.C. § 365(b)(3). Each Landlord further reserves its respective right to amend, supplement and modify this Objection at any time and in any manner.

**<u>CONCLUSION</u>**

16.     Debtor has failed to demonstrate that any assumption or assumption and assignment of the Leases will fully comply with all of the requirements of 11 U.S.C. § 365(b) including, but not limited to, (i) a cure of all defaults; and (ii) adequate assurance of future performance. Each Landlord objects to any assumption or assumption and assignment of any of its respective Lease(s) until such time as full compliance with 11 U.S.C. § 365(b) has been demonstrated.

**WHEREFORE**, each Landlord (a) objects to the Notice related to its respective properties, as set forth herein and requests that the cure amounts for its respective Lease(s) be set at the applicable amounts identified above as the Outstanding Monetary Obligations for such Lease, together with attorneys' fees, any additional actual pecuniary losses and such additional amounts as may become due prior to any assumption or assumption and assignment of the affected Lease (collectively, the "<u>Lease Cure Amounts</u>"), including, without limitation accrued and accruing base rent, insurance, utility charges, real estate taxes, common area maintenance, association dues, late fees, sales tax amounts due on all of the foregoing, each as applicable, and other monetary obligations and amounts denominated as additional rent under such Lease; (b) objects to any assumption or assumption and assignment of its respective Lease(s) unless a complete and immediate payment of all Lease Cure Amounts with respect to such Lease(s) is made prior to the assumption or assumption and assignment of such Lease(s) and such assumption or assumption and assignment otherwise adequately resolves the objections set forth above; (c) reserves the right

19

to further object to any assumption and assignment of its respective Lease(s) on the grounds of

adequate assurances of future performance in the event Debtor seeks to assume or assume and

assign such Lease(s); and (d) requests such other and further relief as may be just and required

under all of the circumstances.

Dated this 27th day of April, 2020.

KUTAK ROCK LLP

/s/ *Lisa M. Peters*
Lisa M. Peters
lisa.peters@kutakrock.com
Admitted *pro hac vice*
1650 Farnam Street
Omaha, NE 68102
(402) 346-6000 (Telephone)
(402) 346-1148 (Facsimile)

*Counsel for* VEREIT Real Estate, L.P. and
CNL Net Lease Funding, 2001, LP

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

In re:

THE KRYSTAL COMPANY., *et al.*,[1]

      Debtors.

Chapter 11

Case No. 20-61065 (PWB)

(Jointly Administered)

## CERTIFICATE OF SERVICE

I, Lisa M. Peters, hereby certify that on April 27, 2020, I electronically filed the foregoing ***OBJECTION OF (I) VEREIT REAL ESTATE, L.P. AND (II) CNL NET LEASE FUNDING 2001, LP TO NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES*** with the Clerk of the Bankruptcy Court which sent notification of such filing to all CM/ECF system participants.

      Dated this 27th day of April, 2020.

               /s/ *Lisa M. Peters*
               Lisa M. Peters

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

4821-4561-6059.2