UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re: | Chapter 11 |
| THE KRYSTAL COMPANY, *et al.*,[1] | Case No. 20-61065 (PWB) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF SLM WASTE & RECYCLING
SERVICES, INC. TO CURE AMOUNT**

SLM Waste & Recycling Services, Inc. d/b/a SLM—Facility Solutions Nationwide ("SLM"), by and through its undersigned counsel, hereby objects to the proposed cure amount set forth in the Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Doc. 310] (the "Cure Notice") with respect to the executory contract identified below, and in support thereof, respectfully states as follows:

**BACKGROUND**

1. On January 19, 2020 (the "Petition Date"), each of the above-captioned debtors commenced their respective cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of Georgia (the "Court").

2. SLM is a party to an unexpired Master Services Agreement dated January 1, 2020 (the "Services Agreement") with The Krystal Company (the "Debtor"). Under the Services Agreement, SLM agreed to provide certain services to the Debtor, including, but not limited to,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916). The location of the Debtors' corporate headquarters and service address is 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

PHIL1 8832995v.3

trash & recycling removal, hood cleaning, landscaping and facility maintenance (including HVAC) services.

3. The term of the Services Agreement is three years, absent the proper exercise of any extension rights under the Services Agreement.

4. On April 7, 2020, the Debtor filed the Cure Notice and mailed a version of the Cure Notice to SLM. The Cure Notice provided to SLM indicates a proposed cure amount under the Services Agreement of $617,304.86 (the "Proposed Cure").

## OBJECTION

### I.    The Debtor's Proposed Cure Amount is Incorrect

5. Contrary to Debtor's assertion that the cure amount for the Lease is $617,303.86, the actual current cure amount due to SLM as of the Petition Date, is **$661,005.54**, as set forth on the invoice list attached hereto as **Exhibit A**.

6. Bankruptcy Code § 365(a) provides that a trustee or a debtor-in-possession may, subject to bankruptcy court approval, assume or reject any executory contract or unexpired lease. *See* 11 U.S.C. § 365(a). This provision allows a debtor's estate to keep beneficial contracts and leases while ridding itself of burdensome ones. *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993); *In re Univ. Med. Ctr.*, 973 F.2d 1065, 1075 (3d Cir. 1992); *In re Whitcomb & Keller Mortg. Co., Inc.*, 715 F.2d 375, 379 (7th Cir. 1983). To assume an executory contract under § 365, the trustee or debtor-in-possession must, at the time of assumption, (1) "cure[] or provide[] adequate assurance that the trustee will promptly cure" any default under the contract, (2) compensate the counterparty (or provide adequate assurance of prompt compensation) for any "actual pecuniary loss" resulting from the debtor's default, and (3) provide "adequate assurance of future performance" under the contract. 11 U.S.C. § 365(b)(1); *see also In re Nat'l Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000); *In re Network Access Solutions, Corp.*, 330 B.R. 67,

76 (Bankr. D. Del. 2005) ("[W]hen a contract is assumed under section 365, all unpaid amounts due under the agreement must be paid.").

7. In short, the debtor-in-possession must make the other party to the executory contract whole by curing ***all*** material defaults in past performance and by showing that the debtor (or its proposed assignee) can perform under the contract following assumption. *In re Liljeberg Enters., Inc.*, 304 F.3d 410, 438–39 (5th Cir. 2002); *In re Kemeta, LLC*, 470 B.R. 304, 324–25 (Bankr. D. Del. 2012). A debtor must ordinarily cure both monetary and non-monetary defaults in an executory contract.[2] *In re Patriot Place, Ltd.*, 486 B.R. 773, 795 (Bankr. W.D. Tex. 2013). Thus, if a past default cannot be cured for some reason, then that contract cannot ordinarily be assumed under § 365. *Id.* at 797 n.7.

8. The Debtor cannot, therefore, assume the Services Agreement by only paying the Proposed Cure Amount. Rather, the Debtor must fully cure all pre-petition defaults in the total amount of $661,005.54, along with any other defaults that may exist as of the assumption. (*See* Ex. A.).

## II. The Debtor Must Provide Adequate Assurance of Future Performance

9. The Debtor must provide adequate assurance of future performance under the Services Agreement pursuant to section 365(b)(1)(C) of the Bankruptcy Code. *See, e.g., In re Res. Tech. Corp.*, 624 F.3d 376, 383 (7th Cir. 2010) (explaining that "the financial ability to perform the contract; the general economic climate; the existence of a guarantee; the reputation of the party seeking to assume responsibility for the contract; and past dealings between the parties" are

---

[2] Bankruptcy Code § 365(b)(1)(A) includes an exception for certain incurable non-monetary obligations that arise under an unexpired lease of real property, such as a continuing operation provision, that, by their very nature, cannot be cured. 11 U.S.C. § 365(b)(1)(A). Typically, a debtor does not need to cure such nonmonetary defaults but must still compensate the contract counterparty financially for any losses that resulted from the debtor's failure to comply with the non-monetary obligation. Id.

relevant to the adequate assurance of future performance determination); *see also In re Rickel Home Centers, Inc.*, 209 F.3d 291, 299 (3d Cir. 2000) (adequate assurance is "necessary to protect the rights of the non-debtor party to the contract or lease, because assignment relieves the trustee and the estate from liability arising from a post-assignment breach").  SLM requires that the Debtor and/or any potential assignee of the Services Agreement provide evidence of the proposed assignees' ability to perform under the Services Agreement.

WHEREFORE, SLM respectfully requests the entry of an order conditioning the relief requested in the Cure Notice (as it relates to the Services Agreement) (a) on the payment of a cure amount of $661,005.54, along with any post-petition amounts owed to SLM as of the date of assumption and (b) evidence of the assignee's ability to perform, together with such other and further relief as is just and proper.

Dated: April 27, 2020

Respectfully submitted,

**ROUNTREE LEITMAN & KLEIN, LLC**

*/s/ Benjamin R. Keck*
William A. Rountree, Ga. Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
2987 Clairmont Road, Suite 175
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com

-AND-

Raymond H. Lemisch
Christopher J. Leavell
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street
Philadelphia, PA  19103
Telephone: (215) 569-2700

*Attorneys for SLM Waste & Recycling Services, Inc.*

# EXHIBIT A

## SLM Waste & Recycling Services, Inc. - d/b/a SLM Facility Solutions Nationwide
## Service Invoices - The Krystal Company

| Invoice No. | Invoice Date | Amount | Pre or Post | Service | Comments |
|---|---|---|---|---|---|
| J190822 | 10/16/2019 | $344.00 | Pre-Petition | Preventative Maintenance | Recurring HVAC Service |
| J191644 | 10/28/2019 | 1,768.70 | Pre-Petition | On Demand | |
| K190008 | 11/4/2019 | 11,373.28 | Pre-Petition | Preventative Maintenance | Recurring HVAC & Landscaping On Same Invoice |
| K190008 | 11/4/2019 | 970.00 | Pre-Petition | Landscaping | Recurring HVAC & Landscaping On Same Invoice |
| K190009 | 11/4/2019 | 39,542.74 | Pre-Petition | On Demand | |
| K190888 | 11/10/2019 | 543.75 | Pre-Petition | On Demand | |
| K190372 | 11/11/2019 | 11,415.75 | Pre-Petition | Preventative Maintenance | Recurring HVAC & Landscaping On Same Invoice |
| K190372 | 11/11/2019 | 8,990.00 | Pre-Petition | Landscaping | Recurring HVAC & Landscaping On Same Invoice |
| K190373 | 11/11/2019 | 44,533.03 | Pre-Petition | On Demand | |
| K190928 | 11/18/2019 | 57,901.20 | Pre-Petition | On Demand | |
| K191436 | 11/26/2019 | 6,536.00 | Pre-Petition | Preventative Maintenance | Recurring HVAC & Landscaping On Same Invoice |
| K191436 | 11/26/2019 | 650.00 | Pre-Petition | Landscaping | Recurring HVAC & Landscaping On Same Invoice |
| K191437 | 11/26/2019 | 55,188.45 | Pre-Petition | On Demand | |
| L190753 | 12/1/2019 | 62,512.38 | Pre-Petition | Trash & Recycling | December Trash & Recycling Services |
| L190001 | 12/2/2019 | 1,376.00 | Pre-Petition | Preventative Maintenance | Recurring HVAC & Landscaping On Same Invoice |
| L190001 | 12/2/2019 | 970.00 | Pre-Petition | Landscaping | Recurring HVAC & Landscaping On Same Invoice |
| L190002 | 12/2/2019 | 49,125.43 | Pre-Petition | On Demand | |
| L190359 | 12/9/2019 | 2,064.00 | Pre-Petition | Preventative Maintenance | Recurring HVAC & Landscaping On Same Invoice |
| L190359 | 12/9/2019 | 9,950.00 | Pre-Petition | Landscaping | Recurring HVAC & Landscaping On Same Invoice |
| L190360 | 12/9/2019 | 41,318.38 | Pre-Petition | On Demand | |

PHIL1 8832995v.3

| Invoice No. | Invoice Date | Amount | Pre or Post | Service | Comments |
|---|---|---|---|---|---|
| L191013 | 12/16/2019 | 1,741.28 | Pre-Petition | Preventative Maintenance | Recurring HVAC Service |
| L191014 | 12/16/2019 | 18,708.07 | Pre-Petition | On Demand | |
| L191354 | 12/23/2019 | 6,880.00 | Pre-Petition | Preventative Maintenance | Recurring HVAC & Landscaping On Same Invoice |
| L191354 | 12/23/2019 | 155.00 | Pre-Petition | Landscaping | Recurring HVAC & Landscaping On Same Invoice |
| L191355 | 12/23/2019 | 31,423.42 | Pre-Petition | On Demand | |
| L191670 | 12/25/2019 | 6,470.80 | Pre-Petition | Hood Cleaning | Recurring Hood Cleaning |
| L191674 | 12/30/2019 | 14,585.68 | Pre-Petition | On Demand | |
| A200212 | 1/1/2020 | 36,182.72 | Pre-Petition | Trash & Recycling | 1/1-1/19/20 Trash & Recycling Services |
| A200218 | 1/6/2020 | 485.00 | Pre-Petition | Landscaping | Recurring Landscaping Services Week of 1/6/20 & 1/13/20 |
| A200219 | 1/6/2020 | 12,511.80 | Pre-Petition | On Demand | |
| A200856 | 1/10/2020 | 2,000.40 | Pre-Petition | Hood Cleaning | Recurring Hood Cleaning |
| A200857 | 1/10/2020 | 1,296.57 | Pre-Petition | On Demand | |
| A200724 | 1/13/2020 | 17,069.00 | Pre-Petition | Landscaping | Recurring Landscaping Services Week of 1/6/20 & 1/13/20 |
| A200725 | 1/13/2020 | 11,178.00 | Pre-Petition | On Demand | |
| A200726 | 1/13/2020 | 17,943.57 | Pre-Petition | On Demand | |
| A201457 | 1/20/2020 | 12,061.28 | Post-Petition | Preventative Maintenance | Recurring HVAC Service |
| A201458 | 1/20/2020 | 7,976.78 | Post-Petition | On Demand | |
| A202086 | 1/25/2020 | 2,333.80 | Post-Petition | Hood Cleaning | Recurring Hood Cleaning |
| A202087 | 1/25/2020 | 5,141.40 | Post-Petition | On Demand | |
| A202082 | 1/30/2020 | 6,925.26 | Post-Petition | On Demand | |
| B200054 | 2/4/2020 | 2,049.75 | Post-Petition | On Demand | |
| B200826 | 2/10/2020 | 3,000.60 | Post-Petition | Hood Cleaning | Recurring Hood Cleaning |
| B200827 | 2/10/2020 | 550.00 | Post-Petition | On Demand | |
| B200768 | 2/11/2020 | 1,613.82 | Post-Petition | On Demand | |
| B201507 | 2/24/2020 | 9,770.69 | Post-Petition | On Demand | |
| B201960 | 2/25/2020 | 666.80 | Post-Petition | Hood Cleaning | Recurring Hood Cleaning |
| C200004 | 3/2/2020 | 9007.75 | Post-Petition | Preventative Maintenance | Recurring HVAC Service |
| C200007 | 3/2/2020 | 5353.23 | Post-Petition | On Demand | |
| C200137 | 3/1/2020 | 346.35 | Post-Petition | Trash & Recycling | |

PHIL1 8832995v.3                                    2

| Invoice No. | Invoice Date | Amount | Pre or Post | Service | Comments |
|---|---|---|---|---|---|
| C200422 | 3/9/2020 | 2742.25 | Post-Petition | On Demand | |
| C201945 | 3/31/2020 | 5761.38 | Post-Petition | On Demand | |

**Total:**     **$661,005.54**

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2020 I filed the foregoing pleading using the Court's CM/ECF system, which generates an electronic notice of filing to all parties registered to receive notices thereby.

                                         **ROUNTREE LEITMAN & KLEIN, LLC**

                                         */s/ Benjamin R. Keck*
William A. Rountree, Ga. Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
2987 Clairmont Road, Suite 175
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
*Attorneys for SLM Waste & Recycling Services, Inc.*