UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| The Krystal Company, *et al.,* | ) | Case No. 20-61065 (PWB) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**OBJECTION OF MISSISSIPPI POWER COMPANY TO PROPOSED CURE COSTS IN DEBTOR'S NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Mississippi Power Company ("MPC"), by and through its undersigned counsel, objects to the proposed cure amounts as stated in the Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Lease [Dkt. No. 310] ("Cure Notice") filed by the Debtors. MPC files this objection in accordance with the Order (I) Approving Bidding Procedures for the Sale of the Debtors' Assets, (II) Scheduling Hearings and Objection Deadlines with Respect to the Sale, (III) Scheduling Bid Deadlines and an Auction, (IV) Approving the Form and Manner of Notice Thereof, (V) Approving Contract Assumption and Assignment Procedures, and (VI) Granting Related Relief [Dkt. No. 227] ("Procedures Order"). In support of its objection, MPC states as follows:

### BACKGROUND

1. On January 19, 2020, Debtors The Krystal Company, Krystal Holding, Inc., and K-Square Acquisition Co., LLC (collectively, "Debtors") filed voluntary petitions for Chapter 11 bankruptcy relief in this Court.

2. The Debtors' cases are being jointly administered. Dkt. No. 33.

3. MPC provides electric service to the Debtors under several accounts at multiple locations in the State of Mississippi.

8706601.2

4. In accordance with the Final Order (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service on Account of Prepetition Invoices; (II) Deeming Utilities Adequately Assured of Future Performance; (III) Establishing Procedures for Determining Adequate Assurance of Payment; and (IV) Granting Related Relief [Dkt. No. 159] ("Utilities Order"), MPC has continued to provide electric service to Debtors.

5. In addition, MPC and Debtors have entered into 11 prepetition lighting services lease agreements ("Lighting Leases") whereby MPC retains ownership in certain lighting equipment located at Debtors' restaurant locations, such as parking lot lighting equipment. True and correct copies of the Lighting Leases are attached hereto as composite **Exhibit A**.

6. The Lighting Leases are unexpired.

7. On February 12, 2020, the Debtors filed the Debtors' Motion for Entry of an Order (I) Approving Bidding Procedures for the Sale of the Debtors' Assets; (II) Scheduling Hearings and Objection Deadlines with Respect to the Sale; (III) Scheduling Bid Deadlines and an Auction; (IV) Approving the Form and Manner of Notice Thereof; (V) Approving Contract Assumption and Assignment Procedures; and (VI) Granting Related Relief [Dkt. No. 148] ("Procedures Motion").

8. On March 4, 2020, the Court granted the Procedures Motion and entered the Procedures Order.

9. On April 7, 2020, and in accordance with the Procedures Order, the Debtors filed the Cure Notice.

10. As stated in the Cure Notice, the amount necessary to cure any default in the Lighting Leases is $0 ("Proposed Cure Costs"). *See* Dkt. No. 310 at 21.

8706601.2

11.     In accordance with the Procedures Order, MPC's objection to the Cure Notice must:

> (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules, the Complex Case Procedures, the Bankruptcy Local Rules for the Northern District of Georgia, and any order governing the administration of these chapter 11 cases; (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Costs, state the cure amount alleged to be owed to the objecting Contract Counterparty, together with any applicable and appropriate documentation in support thereof; and (iv) be [timely] filed with the Court. . . .

Dkt. No. 227 at 8.

12.     MPC objects to the Proposed Cure Costs as incorrect.

13.     As of April 13, 2020, the Debtors were in default under the Lighting Leases in the total amount of $13,433.51, including both prepetition and postpetition defaults, with costs continuing to accrue monthly ("Actual Cure Costs"). The Actual Cure Costs are more fully described in the spreadsheet attached hereto as **Exhibit B**.

14.     MPC has submitted regular invoices to Debtors for payments due under the Lighting Leases. True and correct copies of those invoices are attached hereto as composite **Exhibit C**.

## ARGUMENT

15.     Section 365 of the Bankruptcy Code permits a debtor in possession,[1] "subject to the court's approval, [to] assume or reject any executory contract or unexpired lease. . . ." 11 U.S.C. § 365(a).

16.     The debtor in possession may assign any assumed contract. 11 U.S.C. § 365(f).

---

[1] Subject to certain limitations, "a debtor in possession shall have all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a [Chapter 11] case. . . ." 11 U.S.C. § 1107(a).

8706601.2

17. But prior to assumption, the debtor in possession must cure any defaults. 11 U.S.C. § 365(b)(1).

18. Whether there has been a default under the lease is a question of state law. *See In re A.R. Dameron & Assocs., Inc.*, 3 B.R. 450, 451-52 (Bankr. N.D. Ga. 1980) (holding "that in order to cure the default in this lease the trustee must pay all amounts due under the lease").

19. Under the terms of the Lighting Leases, the Debtors are required to make monthly payments to MPC.

20. Under the terms of the Lighting Leases, the Debtors did not make at least one prepetition payment for every lease and have not made any postpetition payments under the Lighting Leases.

21. Therefore, the Debtors are in default under the terms of the Lighting Leases in the total amount of $13,443.51, the Actual Cure Costs.

### RELIEF REQUESTED

22. Based upon the foregoing, MPC requests that the Court enter an order

(i) requiring the Debtors to pay the Actual Cure Costs of $13,443.51 plus additional monthly payments that become due prior to any assumption or assignment of the Lighting Leases; and

(ii) granting to MPC such other, further and additional relief as the Court deems proper.

Respectfully submitted, this 27th day of April, 2020.

/s/ Austin B. Alexander
Austin B. Alexander
Georgia Bar Number 926059
Paul J. Delcambre, Jr.
Admitted Pro Hac Vice

**BALCH & BINGHAM LLP**
30 Ivan Allen Jr. Boulevard, N.W.
Suite 700
Atlanta, GA 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656
aalexander@balch.com

**BALCH & BINGHAM LLP**
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
pdelcambre@balch.com

*Attorneys for Mississippi Power Company*

8706601.2

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that I have on April 27, 2020, filed a copy of the foregoing with the Court's electronic filing system, which will serve a true and correct copy of the above and foregoing pleading to all counsel of record.

*/s/ Austin B. Alexander*
Austin Alexander
Georgia Bar Number 926059

8706601.2