# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| The Krystal Company, *et al.*, | ) | Case No. 20-61065 (PWB) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## OBJECTION OF ALABAMA POWER COMPANY TO THE DEBTORS' NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Comes now Alabama Power Company ("Alabama Power"), by and through its undersigned counsel, and hereby files this Objection to the Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Doc. 310] (the "Cure Notice"). As grounds for this Objection, Alabama Power states as follows:

1. On January 19, 2020 (the "Petition Date"), The Krystal Company and its affiliated debtors in this jointly-administered bankruptcy case (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code").

2. Alabama Power and one or more of the Debtors are parties to certain lighting service lease agreements pursuant to which Alabama Power provides outdoor lighting equipment to the Debtors primarily in the form of parking lot lighting equipment (collectively, the "Agreements").

3. On April 7, 2020 Alabama Power filed its proof of claim [Claim No. 385] (the "Proof of Claim') in the amount of $63,261.70, attached hereto as **Exhibit A**. Of that amount, the sum of $13,720.74 is comprised of pre-petition amounts owing under the Agreements.

1640429.1

4. The relationships governed by the Agreements is ongoing and as such, amounts currently are due and will continue to become due in the future that arose after the Petition Date that are not included in the Proof of Claim.

5. The Debtors filed the Cure Notice on April 7, 2020 which indicates the potential for the Agreements to be assumed and assigned.

6. The cure amount listed in the Cure Notice for the Agreements is $0.00. Alabama Power disputes this amount as it does not include all amounts required by Section 365(b)(1)(A) of the Bankruptcy Code to satisfy the cure requirement.

7. The correct cure amounts under the Agreements are the amounts owed as of the Petition Date ($13,720.74) plus any additional amounts that may come due under the Agreements after the Petition Date, but prior to the effective date of any assumption of the Agreements. As a result, Alabama Power files this objection to the Cure Notice due to the incorrect cure amount listed in the Cure Notice.

8. The Cure Notice indicates the Agreements are to be assumed and assigned to a third party. Alabama Power has been provided with no information pertaining to any such third parties who may be proposed as the assignee of the Agreements including no adequate assurance of future performance of the Agreements as required by Section 365(b)(1)(C) of the Bankruptcy Code. As a result, Alabama Power files this objection due to it not being provided adequate assurance of future performance after assumption and assignment of the Agreements.

9. Alabama Power does not release or waive any claim, right, or remedy arising under the Agreements, the Bankruptcy Code, or other applicable law. Nothing in this Objection is, or should be construed as, a release or waiver of any claim, right, or remedy.

1640429.1

10. Alabama Power reserves the right to amend or supplement this Objection including, but not limited to, the right to assert additional cure claims. Alabama Power further reserves the right to join in the objection of other interested parties.

WHEREFORE, PREMISES CONSIDERED, Alabama Power requests that any approval of the assumption and assignment of the Agreements be conditioned (a) upon the payment of all amounts due Alabama Power under the Agreements as of the date of the assumption and assignment and (b) Alabama Power being provided adequate assurance of future performance under the Agreements. Alabama Power seeks such other and different relief that the Court deems proper and just.

Respectfully submitted this 27th day of April, 2020.

/s/ Walter E. Jones
 Walter E. Jones
 Georgia Bar Number 163287
 Austin Alexander
 Georgia Bar Number 926056

**BALCH & BINGHAM LLP**
30 Ivan Allen Jr. Boulevard, N.W.
Suite 700
Atlanta, GA 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656
wjones@balch.com
aalexander@balch.com

*Attorneys for Alabama Power Company*

1640429.1

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been filed on the Court's CM/ECF system on the 27th day of April, 2020, to all parties receiving electronic notices in this bankruptcy case and via email to the parties below:

Sarah Robinson Borders
King & Spalding LLP
1180 Peachtree Street NE
Atlanta, GA 30309
sborders@kslaw.com

Leia Ashlin Clement Shermohammed
King & Spalding LLP
1180 Peachtree Street NE
Atlanta, GA 30309
LShermohammed@kslaw.com

Matthew W. Levin
Scroggins & Williamson, P.C.
One Riverside, Suite 450
4401 Northside Parkway
Atlanta, GA 30327
mlevin@swlawfirm.com

J. Robert Williamson
Scroggins & Williamson, P.C.
One Riverside, Suite 450
4401 Northside Parkway
Atlanta, GA 30327
rwilliamson@swlawfirm.com

Office of the United States Trustee
Region 21
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
ustpregion21.at.ecf@usdoj.gov

Jason R. Adams
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
jadams@kelleydrye.com


*/s/ Walter E. Jones*
Of Counsel

1640429.1