## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 (PWB) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER REGARDING DISMISSAL OF THE DEBTORS' CHAPTER 11 CASES AND GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

hereby submit this motion (the "Motion")[2] for entry of an order, substantially in the form attached

hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a), 305(a), 349, 363, 365,

554, and 1112(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1017(a)

and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), dismissing the

Debtors' chapter 11 cases (the "Chapter 11 Cases") and granting related relief.  The Debtors

respectfully state as follows in support of this Motion:

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916).  The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

[2]  Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Sale Order (as defined herein).

## PRELIMINARY STATEMENT

1.      The Debtors commenced these Chapter 11 Cases with the objective of maximizing value for all of the Debtors' stakeholders by selling substantially all of their assets on a going concern basis.  In furtherance thereof, on February 12, 2020, the Debtors filed the Sale Motion and continued marketing their assets in an effort to preserve the Debtors' business as a going concern, save thousands of jobs, and maintain a business upon which vendors could continue to depend.

2.      The sale (the "Sale") of substantially all of the Debtors' assets to the Purchaser (as defined below) was approved by this Court on May 13, 2020 and closed on May 18, 2020 (the "Closing Date").

3.      Consequently, no meaningful assets remain in the Debtors' estates for the Debtors to monetize or distribute to creditors.  Accordingly, the Debtors have determined that dismissal is the most effective way to conclude these Chapter 11 Cases.  The Debtors believe that dismissal is warranted because it will (a) allow for a prompt and orderly conclusion to these Chapter 11 Cases, (b) avoid the unnecessary accrual of additional administrative expenses, including any expenses associated with a conversion of these Chapter 11 Cases to chapter 7, (c) provide for a limited wind-down framework, and (d) otherwise be in the best interests of the Debtors, their estates, and their creditors.

4.      Accordingly, by this Motion, the Debtors seek the dismissal of these Chapter 11 Cases and certain related relief.

## JURISDICTION

5.      The United States Bankruptcy Court for the Northern District of Georgia has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6.      Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The statutory predicates for the relief sought herein are sections 105(a), 305(a), 349, 363, 365, 554, and 1112(b) of the Bankruptcy Code and Bankruptcy Rules 1017(a) and 6007.

## BACKGROUND

### A.      General Background

8.      On January 19, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court.  On January 22, 2020, the Court entered an order [Docket No. 33] authorizing the joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  No request has been made for the appointment of a trustee or examiner in these Chapter 11 Cases.

9.      On February 11, 2020, the United States Trustee for the Northern District of Georgia (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Creditors' Committee").  *See Appointment and Notice of Appointment of Committee of Creditors Holding Unsecured Claims* [Docket No. 143].

10.      The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in detail in the *Declaration of Jonathan M. Tibus in Support of Chapter 11*

*Petitions and First Day Pleadings* [Docket No. 17] (the "<u>First Day Declaration</u>") filed on the Petition Date and incorporated herein by reference.

**B.    <u>The Sale Process</u>**

11.    On May 6, 2020, the Debtors filed that certain Asset Purchase Agreement by and among The Krystal Company and DB KRST Investors LLC (the "<u>Purchaser</u>") [Docket No. 425, Exhibit A] (as amended, the "<u>Agreement</u>").

12.    By order dated May 13, 2020 [Docket No. 468] (the "<u>Sale Order</u>"), the Court approved the Sale to the Purchaser of substantially all of the Debtors' assets pursuant to the Agreement.  The Sale closed on May 18, 2020.

13.    The assets acquired by the Purchaser included any and all causes of action belonging to the Debtors and their estates, including Purchased Avoidance Actions (as defined in the Agreement).  On the Closing Date, the Purchaser released and waived the Purchased Avoidance Actions and other causes of action that may exist against various third parties.  As a result, there are no estate claims to investigate and/or prosecute, and the Debtors have no remaining material assets.

14.    Pursuant to the Sale Order and the Agreement, the Debtors have assumed and assigned the Assigned Contracts to the Purchaser, and the Purchaser had rights to designate certain other executory contracts and unexpired leases to be assumed and assigned to it as Assigned Contracts through and including July 2, 2020.  Pursuant to the *Amended Order Establishing Procedures for the Assumption or Rejection of Certain Executory Contracts and Unexpired Leases* [Docket No. 535] and the *Notice of Rejection of Remaining Executory Contracts and Unexpired Leases* [Docket No. 581], all executory contracts or unexpired leases that (i) were not Rejected

Contracts or Assigned Contracts or (ii) had not been rejected or assumed pursuant to a prior order of the Court or a prior notice were rejected effective as of July 2, 2020.

## C.   **Management Agreement**

15.   On the Closing Date, The Krystal Company and Krystal Restaurants LLC, an affiliate of Purchaser (the "Owner"), executed that certain Master Interim Management Agreement (the "Management Agreement").[3]   The Management Agreement allows the operations of certain restaurants to continue without interruption until the Owner obtains the relevant permits from state and/or local government regulatory authorities.   Following the termination of the Management Agreement, the Debtors will cease all operations.   A copy of the form of Management Agreement is attached as Exhibit A to the Agreement. *See* Docket No. 425.

## D.   **Settlement Agreement and Wind Down Budget**

16.   On April 29, 2020, the Debtors, the Creditors' Committee, and the Purchaser, in its capacity as sub-agent on behalf of all lenders under the Third Amended and Restated Credit Agreement, dated as of April 26, 2018, entered into a Settlement Agreement (the "Settlement"). The Settlement, which the Court approved by entry of an order on May 13, 2020 [Docket No. 467], represents a global agreement among the Debtors' key stakeholders, including the Creditors' Committee, regarding the critical issues in these Chapter 11 Cases.

17.   Further, under the Settlement, the Purchaser agreed to permit the Debtors to retain and use the Retained Cash (as defined in the Agreement) to satisfy the fees, expenses, and liabilities

---

[3]   The summaries set forth herein are qualified in their entirety by reference to the applicable definitive document(s).   For the avoidance of doubt, to the extent there is a conflict or any inconsistency between any summary set forth herein and the terms of a definitive document, the terms of the definitive document shall control in all respects.

set forth in the Wind Down Budget in an aggregate amount of $4,696,300.  *See* Settlement, § 3.  A copy of the Wind Down Budget is attached as Exhibit B to the Settlement.

**E.**     **U.S. Trustee Fees**

18.     The Debtors will use funds allocated under the Wind Down Budget to pay any unpaid fees required to be paid to the U.S. Trustee under section 1930 of title 28 of the United States Code (the "U.S. Trustee Fees"), as and when due after the Closing Date.

**F.**     **Professional Fees**

19.     The Debtors will use funds allocated under the Wind Down Budget to pay accrued and unpaid fees and expenses incurred by any professional retained by the Debtors and the Creditors' Committee.  The Debtors and the Creditors' Committee are entitled to $840,000 and $160,000, respectively, for professional fees under the Wind Down Budget.

20.     The Debtors, on behalf of each of the Debtors' professionals and the Creditors' Committee, will file a consolidated final request for allowance and payment of all fees and expenses incurred during these Chapter 11 Cases through July 31, 2020 (the "Final Fee Application") in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Complex Case Procedures of the United States Bankruptcy Court for the Northern District of Georgia.

**G.**     **Effective Dismissal Date**

21.     Subject to Court approval of this Motion, the Debtors shall file a request upon disposition of the Final Fee Application that an order to dismiss and close these Chapter 11 Cases without further notice or hearing be entered (the "Dismissal Order").  The date that the Dismissal Order is entered is referred to herein as the "Dismissal Effective Date".

22.     Effective immediately upon the Dismissal Effective Date, the Creditors' Committee will dissolve and the members thereof will be released and discharged from all rights and duties arising from or related to the Chapter 11 Cases.

## RELIEF REQUESTED

23.     By this Motion, the Debtors request entry of the Proposed Order, pursuant to sections 105(a), 305(a), 349, 363, 365, 554 and 1112(b) of the Bankruptcy Code and Rule 1017(a) and 6007 of the Bankruptcy Rules, dismissing the Debtors' Chapter 11 Cases and granting related relief.

## BASIS FOR RELIEF

**A.**     **This Court Should Dismiss These Cases if the Elements for "Cause" Are Shown Under Section 1112(b)(4) of the Bankruptcy Code.**

24.     Pursuant to section 1112(b)(1) of the Bankruptcy Code, absent unusual circumstances, a court shall dismiss a bankruptcy case "for cause." Section 1112(b)(1) states, in pertinent part:

> on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . .

11 U.S.C. § 1112(b)(1). The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 changed the statutory language with respect to conversion and dismissal from permissive to mandatory.[4]  *See* H.R. Rep. 109-31 (I), 2005 U.S.C.C.A.N. 88, 94 (stating that the Act "mandate[s]

---

[4]   Prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, a bankruptcy court had wide discretion to use its equitable powers to dispose of a debtor's case but was not mandated to dismiss a case if cause were shown.  H.R.Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 117 (1978), *reprinted in* 1978 U.S.C.C.A.N.

that the court convert or dismiss a chapter 11 case, whichever is in the best interests of creditors and the estate, if the movant establishes cause, absent unusual circumstances."); *see also In re Gateway Access Solutions, Inc.*, 374 B.R. 556 (Bankr. M.D. Pa. 2007) (stating that the amendments to section 1112 limit the court's discretion to refuse to dismiss or convert a chapter 11 case upon a finding of cause); *accord In re TCR of Denver, LLC*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006) ("Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal such that this Court has no choice, and no discretion in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown under 11 U.S.C. § 1112(b)(4).") (emphasis added).

25.     The amendments to section 1112 thus limit the Court's discretion to refuse to dismiss or convert a chapter 11 case upon a finding of cause. *In re 3 Ram, Inc.*, 343 B.R. 113, 119 (Bankr. E.D.Pa. 2006) ("Under new § 1112 when cause is found, the court shall dismiss or convert unless special circumstances exist that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate."); *see also In re Broad Creek Edgewater, LP*, 371 B.R. 752, 759 (Bankr. D. S.C. 2007).

26.     For reasons more fully explained below, the Debtors submit that this Court should dismiss these Chapter 11 Cases because cause exists, and dismissal is in the best interests of the Debtors, their estates, and their creditors.

---

5787; *see also Small Business Admin. v. Preferred Door Co. (In re Preferred Door Co.)*, 990 F.2d 547, 549 (10th Cir. 1993) (a court has broad discretion to dismiss a bankruptcy case); *In re Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723, 728 (5th Cir. 1991) (determination of whether cause exists under § 1112(b) "rests in the sound discretion" of the bankruptcy court); *In re Koerner*, 800 F.2d 1358, 1367 & n.7 (5th Cir. 1986) (bankruptcy court is afforded "wide discretion" under section 1112(b)).

**B.**    **Cause Exists to Dismiss the Debtors' Bankruptcy Cases Because the Debtors Will Cease Business Operations, Have No Remaining Assets Available for Distribution to Creditors, and Are Unable to Confirm a Chapter 11 Plan.**

27.    Section 1112(b)(4) of the Bankruptcy Code provides a non-exhaustive list of 16 grounds for dismissal.  11 U.S.C. § 1112(b)(4)(A)-(P).  *See In re Gateway Access Solutions*, 374 B.R. at 561 ("Generally, such lists are viewed as illustrative rather than exhaustive, and the Court should 'consider other factors as they arise.'") (quoting *In re Brown*, 951 F.2d 564, 572 (3d Cir. 1991)); *In re 3 Ram, Inc.*, 343 B.R. at 117 ("While the enumerated examples of 'cause' to convert or dismiss a chapter 11 case now listed in § 1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive has not."); *accord In re Frieouf*, 938 F.2d 1099, 1102 (10th Cir. 1991) (stating that section 1112(b)'s list is nonexhaustive).[5]  One such ground is where a party-in-interest shows that there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."  11 U.S.C. § 1112(b)(4)(A).

28.    To satisfy this standard, a debtor must establish that: (i) there has been a diminution of value of the estate; and (ii) the debtor does not have a "reasonable likelihood of rehabilitation." *See, e.g., In re Citi-Toledo Partner*s, 170 B.R. 602, 606 (Bankr. N.D. Ohio 1994) ("Section 1112(b)(1) contemplates a 'two-fold' inquiry into whether there has been a 'continuing diminution of the estate and absence of a reasonable likelihood of rehabilitation,'") (citing *In re Photo Promotion Associates, Inc.*, 47 B.R. 454, 458 (Bankr. S.D.N.Y. 1985); *Clarkson v. Cooke Sales*

---

[5]    In *In re TCR of Denver*, the court recognized the apparent typographical error in § 1112(b)(4) of the Bankruptcy Code.  The sixteen illustrative examples of "cause" set forth in that section are linked by the word "and" after subsection (O).  Accordingly, strict construction of the statute would require that a debtor establish all of the items constituting "cause" before a case can be dismissed by the court.  The TCR court held that Congress could not have intended to require a "perfect storm" of all sixteen circumstances listed before a case be converted or dismissed.  *See In re TCR of Denver*, 338 B.R. at 498.

*And Service Co. (In re Clarkson)*, 767 F.2d 417, 420 (8th Cir. 1985) (dismissal warranted where "the absence of financial data and certain sources of income for the [debtors] indicate[d] the absence of a reasonable likelihood of rehabilitation"); *A. Illum Hansen, Inc. v. Tiana Queen Motel, Inc. (In re Tiana Queen Motel, Inc.)*, 749 F.2d 146 (2d Cir. 1984) (conversion under section 1112(b)(1), (2) and (3) warranted in light of Debtor's "failure . . . to demonstrate that their prospects for prompt rehabilitation were based upon anything more substantial than [their] boundless confidence" in the 15 months after the filing of a chapter 11 petition); *see also In re Wright Air Lines, Inc.*, 51 B.R. 96, 99 (Bankr. N.D. Ohio 1985) (stating that "[r]ehabilitation as used in 11 U.S.C. Section 1112(b)(1) means 'to put back in good condition; re-establish on a firm, sound basis'") (citation omitted).

29.     Here, the Debtors easily satisfy the two-fold inquiry.  First, the Debtors sold virtually all of their assets in connection with the Sale and no longer conduct any business.  At the same time, administrative claims, such as professional fees and U.S. Trustee Fees, continue to accrue each day these Chapter 11 Cases remain open.  Second, it is impossible for the Debtors to rehabilitate their business since there is no business to reorganize.  Pursuant to the Agreement and the Sale Order, the Debtors transferred all of their operating assets, together with the Purchased Avoidance Actions, to the Purchaser on the Closing Date.

30.     Moreover, while no longer an enumerated ground under amended section 1112 of the Bankruptcy Code, dismissal of a chapter 11 case is appropriate where the court finds that a feasible plan is not possible.  *In re 3 Ram*, 343 B.R. at 117-18.  If a chapter 11 debtor cannot achieve a reorganization within the statutory requirements of the Bankruptcy Code, then there is

no point in expending estate assets on administrative expenses. *Id.* at 118 (citing, *inter alia*, *In re Brown*, 951 F.2d at 572).

31.    Here, the Debtors are unable to confirm a chapter 11 plan because the Debtors no longer have any operations and have no funds or assets to make any further distributions to creditors and satisfy the statutory requirements in respect of such a plan. Thus, there is no point in incurring additional administrative expenses when the Debtors are unable to consummate a plan.

32.    In sum, the Debtors have met their burden and these Chapter 11 Cases should be dismissed under section 1112(b)(4) of the Bankruptcy Code due to the substantial or continuing loss to, or diminution of, the Debtors' estates, the absence of a reasonable likelihood of rehabilitation, and the fact that a chapter 11 plan is not feasible under the circumstances of these Chapter 11 Cases.

**C.    Dismissal Is in the Best Interests of the Debtors' Creditors and Estates.**

33.    Once a court determines that cause exists to dismiss a debtor's chapter 11 case, the court must evaluate whether dismissal is in the best interests of the debtor's creditors and of the estate. *See, e.g., Rollex Corp. v. Associated Materials (In re Superior Siding & Window)*, 14 F.3d 240, 242 (4th Cir. 1994) ("Once 'cause' is established, a court is required to consider this second question of whether to dismiss or convert."). A variety of factors demonstrate that it is in the best interest of the Debtors' estates and their creditors to dismiss these Chapter 11 Cases.

34.    First, a dismissal of a chapter 11 bankruptcy case meets the best interests of creditors test where a debtor has nothing to reorganize, and the debtor's assets are fixed and liquidated. *See Camden Ordinance Mfg. Co. of Ark., Inc. v. Unites States Trustee (In re Camden Ordnance Mfg. Co. of Ark., Inc.)*, 245 B.R. 794, 799 (E.D. Pa. 2000) (reorganization to salvage

business which ceased business was infeasible); *In re Brogdon Inv. Co.*, 22 B.R. 546, 549 (Bankr. N.D. Ga. 1982) (court dismissed chapter 11 case in part where there was "simply nothing to reorganize" and no reason to continue the reorganization).

35.    As explained above, the Debtors have nothing left to reorganize.  Virtually all of the operating assets of the Debtors' estates were transferred to the Purchaser in the Sale.  Thus, it is in the best interests of the creditors to dismiss these Chapter 11 Cases because the Debtors' operations no longer exist, no funds are available to finance a chapter 11 plan, and no assets are available for distribution.

36.    Second, the best interests of creditors test is also met where an interested party, other than the debtor, feels that dismissal is a proper disposition of the case.  *See Camden Ordinance*, 245 B.R. at 798; *In re Mazzocone*, 183 B.R. 402, 414 (Bankr. ED. Pa. 1995) (Factors weighed more heavily in favor of dismissal of chapter 11 case rather than conversion to chapter 7, where debtor and United States Trustee both favored dismissal).

37.    Third, the best interests of creditors test is met where a debtor demonstrates the ability to oversee its own liquidation.  *See Camden Ordinance*, 245 B.R. at 798; *Mazzocone,* 183 B.R. at 412 ("Only when a Chapter 11 debtor has no intention or ability to . . . perform its own liquidation ... should a debtor be permitted to remain in bankruptcy.").  Here, the Debtors conducted the sale of substantially all of their assets, which maximized the value of those assets and liquidated them in an orderly fashion.  There is nothing further for the Debtors to pursue in these Chapter 11 Cases

38.    Fourth, and finally, dismissal of these Chapter 11 Cases will maximize the value of the Debtors' estates because the alternative—conversion to a chapter 7 liquidation and appointment

of a trustee—is unnecessary and could impose significant additional administrative costs upon the Debtors' estates.

39.     Thus, in balancing the equities of the Debtors' Chapter 11 Cases, it is clear that it is in the best interest of the Debtors' estates and their creditors to dismiss these Chapter 11 Cases.

40.     Bankruptcy courts have dismissed cases pursuant to section 1112(b) under similar circumstances where the debtor lacks sufficient funds to confirm a chapter 11 plan.  *See, e.g.*, *In re Jack Cooper Ventures, Inc., et.al.*, Case No. 19-62393 (PWB) (Bankr. N.D. Ga. Nov. 20, 2019) [Docket No. 438]; *In re F &H Acquisition Corp., et al.*, Case No 13-13220 (KG) (Bankr. D. Del. Aug. 25, 2016) (dismissing cases pursuant to sections 349 and 1112(b)) [Docket No. 1132]; *In re ICL Holding Company, Inc*., Case No. 12 13319 (KG) (Bankr. D. Del. Jan. 24, 2014) (dismissing case pursuant to sections 1112(b) and 305(a)) [Docket No. 1137]; *In re Coach Am Group Holdings Corp.*, Case No. 12-10010 (KG) (Bankr. D. Del. May 31, 2013) [Docket No. 1568].

41.     Granting the relief requested simply furthers the Bankruptcy Code's goal of efficient administration of the Debtors' bankruptcy estates, eliminates the accrual of administrative expense obligations, and brings closure to these Chapter 11 Cases in a timely manner.

**D.    <u>Dismissal of These Chapter 11 Cases Is Warranted Under Section 305(a) of the Bankruptcy Code</u>.**

42.     Alternatively, cause exists to dismiss these Chapter 11 Cases pursuant to section 305(a) of the Bankruptcy Code, which provides that:

> (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—
>
> (1) the interests of creditors and the debtor would be better served by such dismissal or suspension;

11 U.S.C. § 305(a).

43.    Dismissal under section 305(a) is determined on a case-by-case basis and rests in the sound discretion of the bankruptcy court. *In re Sky Group Intern, Inc*., 108 B.R. 86, 91 (Bankr. W.D. Pa. 1989).  Many factors are considered when determining the best interests of creditors and the debtor, including (i) the economy and efficiency of administration, (ii) whether federal proceedings are necessary to reach a just and equitable solution, (iii) whether there is an alternative means of achieving an equitable distribution of assets, and (iv) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case. *In re AMC Investors*, 406 B.R. 478, 488 (Bankr. D. Del. 2009).

44.    As described above, cause exists for dismissal.  The Debtors sold substantially all of their assets, are unable to confirm a chapter 11 plan, and have no remaining valuable assets or funds available for distribution to general unsecured creditors.  Conversion to chapter 7 would impose additional administrative costs with no corresponding benefit to the Debtors' creditors or their estates. Dismissal of these Chapter 11 Cases as set forth in this Motion, among other things, provides the most efficient, cost-effective method of effectuating the wind-down of the Debtors' estates.

45.    Accordingly, the Debtors submit that the relief requested herein is necessary, prudent and in the best interests of the Debtors' estates and creditors, and should therefore be granted.

## NOTICE

46.    The Debtors have provided notice of this motion to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the administrative agent for the Debtors' prepetition credit facilities; (d) the Internal Revenue Service; (e) the Georgia Department of Revenue; (f) the

Attorney General for the State of Georgia; (g) the United States Attorney for the Northern District of Georgia; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

### **NO PRIOR REQUEST**

47.     No prior request for the relief sought in the Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other relief as is just and proper.

*[Remainder of Page Intentionally Blank]*

15

Date:  August 17, 2020
       Atlanta, Georgia

Respectfully submitted,

KING & SPALDING LLP


*/s/ Sarah R. Borders*
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Counsel for the Debtors in Possession*

**<u>Exhibit A</u>**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KRYSTAL COMPANY, *et al.*,[1] | ) | Case No. 20-61065 (PWB) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER REGARDING THE DISMISSAL OF THE DEBTORS'**
**CHAPTER 11 CASES AND GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an order,

pursuant to sections 105(a), 305(a), 349, 363, 365, 554 and 1112(b) of title 11 of the United States

Code(the "Bankruptcy Code") and Rules 1017(a) and 6007 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), dismissing these Chapter 11 Cases and granting related relief;

and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: The Krystal Company (4140); Krystal Holdings, Inc. (5381); and K-Square Acquisition Co., LLC (8916).  The location of the Debtors' corporate headquarters and service address is: 1455 Lincoln Parkway, Suite 600, Dunwoody, Georgia 30346.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

to 28 U.S.C. §§ 157(a) and (b) and 1334(b); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in which the Court may enter a final order; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient; and the Court having conducted a hearing on the Motion at which time all parties in interest were given an opportunity to be heard; and any objections filed with respect to the Motion having been withdrawn or overruled by the Court or resolved by the terms of this Order; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is granted as set forth herein.

2.    After disposition of the Final Fee Application, the Debtors shall file a request that an order dismissing these Chapter 11 Cases be entered.

3.    Upon the filing of such request, the Court may enter an order dismissing these Chapter 11 Cases without further notice or hearing (the "Dismissal Order"). The date that the Dismissal Order is entered is referred to herein as the (the "Dismissal Effective Date").   The Debtors shall serve a copy of this Order on all creditors and parties in interest but shall not be required to serve the Dismissal Order on any party other than those parties that have requested notice pursuant to Bankruptcy Rule 2002.

4.    Pursuant to paragraph 3 of the Settlement, to the extent any portion of the Retained Cash is not used to satisfy expenses and liabilities identified and scheduled in the Wind Down Budget (the "Excess Retained Cash"), such excess Retained Cash shall be returned to the Purchaser within ten (10) business days of completion of the Winddown Tasks (as defined in the Settlement); provided, to avoid any doubt, that the professional fees and expenses identified and scheduled on

2

Exhibit B to the Settlement shall have been paid in full before Excess Retained Cash is remitted to the Purchaser.

5.       Notwithstanding section 349 of the Bankruptcy Code, all orders of this Court entered in these Chapter 11 Cases on or before the Dismissal Effective Date (including, but not limited to, the Sale Order) shall remain in full force and effect and shall survive the dismissal of these Chapter 11 Cases.

6.       Notwithstanding the dismissal of these Chapter 11 Cases, this Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of this or any other Order of this Court entered in these Chapter 11 Cases.

7.       As soon as reasonably practicable after the Dismissal Effective Date, without the need for further action on the part of this Court and without the need for further corporate action or action of the boards of directors of the Debtors, to the extent not previously dissolved, the Debtors shall be entitled to seek dissolution pursuant to applicable state law, and the Debtors shall not be required to pay any taxes or fees in order to cause such dissolution.  The Debtors are authorized to execute and file on their behalf all documents necessary and proper to effectuate and consummate their dissolution in accordance with the laws of the states in which they are formed.

8.       Effective immediately upon the Dismissal Effective Date, the Creditors' Committee shall dissolve and the members thereof shall be released and discharged from all rights and duties arising from, or related to, the Chapter 11 Cases.

9.       The Debtors are hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

3

10.    To the extent applicable, Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure are waived, and this Order shall be effective and enforceable immediately upon entry.

END OF DOCUMENT

4

Prepared and presented by:

*/s/ Sarah R. Borders*
Sarah R. Borders
Georgia Bar No. 610649
Jeffrey R. Dutson
Georgia Bar No. 637106
Leia Clement Shermohammed
Georgia Bar No. 972711
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: jdutson@kslaw.com
Email: lshermohammed@kslaw.com

*Counsel for the Debtors in Possession*